## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

**U.S. BANK N.A., AS TRUSTEE FOR THE
REGISTERED HOLDERS OF THE
STRUCTURED ASSET SECURITIES
CORPORATION, STRUCTURED ASSET
INVESTMENT LOAN TRUST,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2003-BC11,**

      **Plaintiff**

**v.**                                                   **CASE No.**

**MASOUD SHAKOORI-NAMINY a/k/a
MASOUD SHAKOORI, BRENDA
SHAKOORI-NAMINY, WILMINGTON
TRUST, NATIONAL ASSOCIATION, AS
SUCCESSOR TRUSTEE TO CITIBANK,
N.A. AS TRUSTEE FOR BEAR STEARNS
SECOND LIEN TRUST 2007-SV1,
MORTGAGE-BACKED CERTIFICATES,
SERIES 2007-SV1, HERITAGE CONCRETE
CORP., THE FIREPLACE LLC, STEPHEN
E. MOTTAU and HALLINAN CAPITAL
CORPORATION,**

      **Defendants**
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO
## R.I. GEN. LAWS, § 9-30-1, et seq. AND FOR ORDER OF SALE PURSUANT TO R.I.
## GEN. LAWS §34-27-1

### I.

### INTRODUCTION

U.S. Bank N.A., as Trustee for the Registered Holders of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 ("U.S. Bank"), files this complaint relative to a certain mortgage given by the Defendant, Masoud Shakoori-Naminy a/k/a Masoud Shakoori ("Shakoori"), encumbering real

estate owned by him at 1541 Ten Rod Road, Exeter, Rhode Island (the "Property") and recorded with the Town of Exeter Land Evidence Records in Book 212, Page 1.  U.S. Bank seeks a judgment pursuant to R.I. Gen. Laws, §9-30-1, et seq. declaring that Shakoori duly executed the mortgage and the related promissory note, that such instruments are valid and enforceable according to their terms, that Shakoori is in default of his repayment obligations under such instruments and that U.S. Bank may pursue its default remedies provided for in the note and/or mortgage.  U.S. Bank also seeks to judicially foreclose the mortgage pursuant to R.I. Gen. Laws, §34-27-1 and obtain an order of sale authorizing it to advertise, notice and conduct a public sale of the Property and thereby foreclose all rights of redemption on the part of all Defendants named herein and other parties hereinafter placed on notice of the filing of this action by virtue of the Lis Pendens to be filed by U.S. Bank with Exeter Land Evidence Records.

II.

PARTIES

1.      Plaintiff, U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 ("U.S. Bank"), is a national bank chartered and organized under the laws of the United States of America with a principal place of business at 425 Walnut Street, Cincinnati, OH 45202.

2.      Defendant, Masoud Shakoori-Naminy a/k/a Masoud Shakoori, is an individual who, upon information and belief, resides at 1541 Ten Rod Road, Exeter, RI 02822.

3.      Defendant, Brenda Shakoori-Naminy, is an individual who, upon information and belief, resides at 1541 Ten Rod Road, Exeter, RI 02822.

4.      Defendant, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Bear Stearns Second Lien Trust 2007-SV1, Mortgage-Backed Certificates, Series 2007-SV1 ("Wilmington Trust"), is a national bank chartered and organized under the laws of the United States of America with a principal place of business at 1100 North Market Street, Rodney Square North, Wilmington, DE 19801.

5.      Defendant, Heritage Concrete Corp., is a Rhode Island Corporation with a registered agent c/o Joseph Raheb, Esq., 650 George Washington Highway, Suite 201, Lincoln, RI 02865.

6.      Defendant, The Fireplace LLC, is a revoked Rhode Island Corporation who maintains a registered agent of Daniel K. Flaherty, Esq., 33 College Hill Road, Suite 20 D, Warwick, RI 02886.

7.      Defendant, Stephen E. Mottau, is an individual who, upon information and belief, resides at 15 Edge Street, West Warwick, RI 02893.

8.      Defendant, Hallinan Capital Corporation, is a Delaware corporation with a principal place of business located at 400 SE 5th Avenue, Suite 304N, Boca Raton, FL 33432.

III.

JURISDICTION AND VENUE

9.      The Court has original jurisdiction over this action involving U.S. Bank's right, title and interest in the subject property pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between the Plaintiff and the Defendants and the amount in controversy is more than $75,000.00 in that the outstanding balance due and owing on the mortgage which U.S. Bank now seeks to foreclose exceeds $515,000.00.

10.     Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is the subject of this Complaint is situated in Rhode Island.

IV.

FACTS

11.     The Defendant, Masoud Shakoori-Naminy a/k/a Masoud Shakoori ("Shakoori"), acquired title to the property known as 1541 Ten Rod Road, Exeter, RI (the "Property") by Mortgagee's/Foreclosure Deed dated December 26, 2000 and recorded with the Town of Exeter Land Evidence Records (the "LER") on January 12, 2001 in Book 133 Page 113.

12.     Shakoori obtained a mortgage loan from Option One Mortgage Corporation on July 16, 2003 in the amount of $315,400.00 (the "Loan").

13.     This Loan is evidenced by an Adjustable Rate Note in the original principal amount of $315,400.00 dated July 16, 2003, given by Shakoori to Option One Mortgage Corporation (the "Note").

14.     The Note contains a single indorsement in blank via allonge by Option One Mortgage Corporation. U.S. Bank is the holder of the Note and it or its designated document custodian has physical possession of the Note.  A true and accurate copy of the Note is attached hereto as Exhibit 1.

15.     The Note is secured by a mortgage given by Shakoori to Option One Mortgage Corporation encumbering the Property in the original principal amount of $315,400.00 dated July 16, 2003 and recorded with the LER on July 21, 2003, in Book 212, Page 1 (the "Mortgage").  A certified copy of the Mortgage is attached hereto as Exhibit 2[1].

---

[1] As pleadings are filed electronically, and therefore the exhibits referred to herein are copies of certified documents, the loan number has been redacted for the borrower's protection, however, undersigned counsel is prepared to produce the original certified documents for the Court's inspection upon request.

16.     On or about April 30, 2008, Option One Mortgage Corporation sold its mortgage servicing platform, including the servicing rights to the Loan, to American Home Mortgage Servicing, Inc. ("AHMSI"). In conjunction with the sale of its mortgage servicing platform Option One Mortgage Corporation changed its name to Sand Canyon Corporation on or about May 29, 2008 as is evident from the Articles of Amendment a recorded copy of which is annexed hereto as Exhibit 3.

17.     In 2008, Shakoori fell delinquent in his monthly payment obligations under the Note and Mortgage.

18.     In December, 2008, Shakoori entered into a Loan Modification Agreement (the "LMA") with AHMSI in its capacity as servicing agent for the note-holder, a copy of which is annexed hereto as Exhibit 4.

19.     Pursuant to the terms of the LMA, Shakoori was obligated to remit a payment of $1,336.50 to AHMSI on or before January 14, 2009.

20.     In early January, 2009, Shakoori either directly or indirectly obtained a cashier's check issued by The Washington Trust Company for $1,336.50 dated January 8, 2008 and remitted same to AHMSI.

21.     American Home Mortgage Servicing, Inc. as purported successor-in-interest to Option One Mortgage Corporation executed an assignment of the Mortgage to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11, dated December 15, 2008 and recorded with the LER on December 26, 2008 in Book 348, Page 43. A certified copy of said Assignment is attached hereto as Exhibit 5.

22.     Sand Canyon Corporation f/k/a Option One Mortgage Corporation executed a Corrective Assignment of the Mortgage in favor of LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11 dated July 15, 2011 and recorded with the LER on July 29, 2011 in Book 401, Page 210.   A certified copy of said Assignment is attached hereto as Exhibit 6.

23.     LaSalle Bank, N.A., as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, by Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc., its attorney-in-fact, assigned the Mortgage to U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 by assignment dated February 22, 2013 and recorded with the LER on March 25, 2013 in Book 438, Page 71.   A certified copy of said Assignment is attached hereto as Exhibit 7.

24.     There is a recorded deed dated April 17, 2001 but not recorded until April 18, 2014 in Book 457, Page 62 whereby Shakoori purports to convey the Property to himself and Brenda Shakoori-Naminy as tenants-by-the-entirety.

25.     U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 assigned the Mortgage to the Plaintiff, U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, by assignment dated October 22, 2014 and recorded with the LER on November 5, 2014 in Book 464, Page 249.   A certified copy of said Assignment is attached hereto as Exhibit 8.

26.     Title to the Property is further encumbered by a Subordinate Mortgage given by Shakoori to Wilmington Finance, a division of AIG Federal Savings Bank, in the original principal amount of $39,500.00 dated March 2, 2004 and recorded with the LER on March 8, 2004 in Book 233, Page 334.   The Subordinate Mortgage is now held of record by the Defendant, Wilmington Trust, by virtue of an Assignment from Mortgage Electronic Registration Systems, Inc. ("MERS") dated November 14, 2013 and recorded with the LER on November 22, 2013 in Book 451, Page 274 (See also Interim assignment from Wilmington Finance, a division of AIG Federal Savings Bank to MERS recorded with said Land Evidence Records in Book 258, Page 102).

27.     Title to the Property is further encumbered by an execution in favor of the Defendant, Heritage Concrete Corp., in the original principal amount of $5,029.80 dated October 4, 2007 and recorded with the LER on October 22, 2007 in Book 325, Page 328.   The Bankruptcy Court for the District of Rhode Island (hereinafter the "Bankruptcy Court") entered an order in Case. No. 15-10897 on or about July 7, 2015 avoiding the lien of the foregoing execution; upon information and belief, however, this order or an attested copy thereof has not been recorded with the Exeter Land Evidence Records as a result of which the lien remains an encumbrance on the Property as a matter of record title.

28.     Title to the Property is further encumbered by an execution in favor of the Defendant, The Fireplace LLC, in the original principal amount of $1,750.98 dated October 26, 2011 and recorded with the LER on November 14, 2011 in Book 407, Page 65.   The Bankruptcy Court entered an order in Case. No. 15-10897 on or about July 7, 2015 avoiding the lien of the foregoing execution; upon information and belief, however, this order or an attested copy thereof

has not been recorded with the Exeter Land Evidence Records as a result of which the lien remains an encumbrance on the Property as a matter of record title.

29.     Title to the Property is further encumbered by an execution in favor of the Defendant, Stephen E. Mottau, in the original principal amount of $600,276.97 dated May 22, 2013 and recorded with the LER on the same day in Book 441, Page 282. The Bankruptcy Court entered an order in Case. No. 15-10897 on or about July 7, 2015 avoiding the lien of the foregoing execution; upon information and belief, however, this order or an attested copy thereof has not been recorded with the Exeter Land Evidence Records as a result of which the lien remains an encumbrance on the Property as a matter of record title.

30.     Title to the Property is further encumbered by an execution in favor of the Defendant, Hallinan Capital Corporation, in the original principal amount of $1,195,058.20 dated April 22, 2013 and recorded with the LER on May 20, 2014 in Book 458, Page 143. The Bankruptcy Court entered an order in Case. No. 15-10897 on or about March 23, 2016 avoiding the lien of the foregoing execution; upon information and belief, however, this order or an attested copy thereof has not been recorded with the Exeter Land Evidence Records as a result of which the lien remains an encumbrance on the Property as a matter of record title.

31.     Under the terms of the Note and Mortgage as affected by the LMA, Shakoori was obligated to make monthly principal and/or interest payments together with a monthly escrow payment as computed by the mortgagee sufficient to pay real estate taxes and hazard insurance premiums in connection with the Property through the August 1, 2033 maturity date of the Loan.

32.     Shakoori has defaulted in his monthly payment obligations due under the Note and Mortgage as affected by the LMA and his mortgage account with Ocwen Loan Servicing,

LLC ("Ocwen"), as servicer of the Loan for U.S. Bank, is now due for the December 1, 2010 payment together with all subsequently accrued but unpaid installments.

33.    On November 21, 2014, Korde & Associates, P.C., as attorneys for U.S. Bank and its loan servicer, Ocwen Loan Servicing, LLC, sent Shakoori a 30-day Notice of Default and Mortgagee's Right to Foreclose via certified and first class U.S. mail although no such notice was required under the terms of this particular Mortgage instrument.  True and accurate copies of said Notices are attached hereto as Exhibit 9.

34.    Shakoori did not tender the amount necessary to cure his on-going monetary default under the terms of the Note and Mortgage within the 30-day time period set forth in the Notice of Default or at any time thereafter.  A true and accurate copy of the payment history maintained by Ocwen in connection with the subject mortgage loan is attached hereto as Exhibit 10.

35.    On September 16, 2016, U.S. Bank, through its attorneys, Korde & Associates, P.C., sent Shakoori Notices of Acceleration via certified and first class U.S. mail. True and accurate copies of said Notices are attached hereto as Exhibit 11.

36.    In November of 2016 and in response to a non-judicial foreclosure sale scheduled by U.S. Bank for December 6, 2016, pursuant to the statutory power of sale contained in the Mortgage, Shakoori, through his attorney, sent correspondence to U.S. Bank's foreclosure counsel wherein he alleged that his signatures on the Note and Mortgage were forgeries or had otherwise been manipulated.

COUNT I

FOR DECLARATORY JUDGMENT (JUDICIAL ESTOPPEL)

37.     U.S. Bank re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-36 above.

38.     Shakoori filed a chapter 13 petition with the United States Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court") on January 8, 2012 which was assigned case no. 12-10057.

39.     On Schedule D – "Creditors Holding Secured Claims" as filed by Shakoori in his 2012 bankruptcy case, "American (Lasalle Bank N.A.)" is listed a secured creditor in connection with a first mortgage encumbering the Property. A copy of Schedule D is annexed hereto as Exhibit 12.

40.     On January 8, 2012, Shakoori filed a Notice and/or Request for Loss Mitigation which lists American (Lasalle Bank N.A.) as the creditor and holder of a first mortgage which is the same mortgage which is the subject of this action. A copy of the Notice and/or Request for Loss Mitigation is annexed hereto as Exhibit 13.

41.     Shakoori filed a chapter 7 petition with the Bankruptcy Court on April 30, 2015 which was assigned case no. 15-10897.

42.     On Schedule D – "Creditors Holding Secured Claims" as filed by Shakoori in his 2015 bankruptcy case, "Ocwen Mortgage Co." is listed as a secured creditor in connection with a first mortgage encumbering the Property. A copy of Schedule D is annexed hereto as Exhibit 14.

43.     Shakoori's "Chapter 7 Individual Debtor's Statement of Intention" reflects his intention to retain the Property and further states "Debtor will retain collateral and continue to make regular payments." A copy of the Statement of Intention is annexed hereto as Exhibit 15.

44.     On Amended Schedule A/B filed with the Bankruptcy Court on or about December 2, 2015, Shakoori made <u>no</u> reference of any forgery claim or any other affirmative claim, counterclaim or right to set off relating to the alleged invalidity or unenforceability of the Note and/or Mortgage anywhere in such Schedule including in his response to question no. 33 relating to "claims against third parties, whether or not you have filed a lawsuit or made a demand for payment" or in his response to question no. 34 relating to "other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims." A copy of Amended Schedule A/B is annexed hereto as Exhibit 16.

45.     The Bankruptcy Court relied on the accuracy of Shakoori's bankruptcy Schedules, including Schedule D and Amended Schedule A/B, in issuing a chapter 7 discharge to Shakoori on December 31, 2015.

46.     U.S. Bank seeks a judgment pursuant to R.I. Gen. Laws §9-30-1, et seq. determining that by virtue of the Schedules, as amended, that he filed in his chapter 7 bankruptcy case and the Bankruptcy Court's reliance on such Schedules in issuing a chapter 7 discharge to Shakoori on December 31, 2015, Shakoori has waived any claims he otherwise has or may have had relative to the genuineness of his signatures appearing on the Note and/or Mortgage and is judicially estopped from disputing the validity and/or enforceability of the Note and Mortgage.

COUNT II

FOR DECLARATORY JUDGMENT (VALIDITY OF NOTE AND MORTGAGE)

47.     U.S. Bank re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-36 above.

48.     A genuine controversy exists between U.S. Bank and Shakoori relative to the validity and enforceability of the terms of the Note and Mortgage that is appropriate for adjudication by this court pursuant to the R.I. Gen. Laws §9-30-1, et. seq.

49.     U.S. Bank seeks a judgment from this Court declaring that (a) Shakoori duly executed the Note, duly executed and acknowledged the Mortgage and duly executed the LMA; (b) that the Note and Mortgage as modified by the terms of the LMA are valid and enforceable according to their terms; (c) U.S. Bank N.A., as Trustee for the Registered Holders of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 ("U.S. Bank"), is the holder of the Note and holder of the Mortgage and is the entity entitled to enforce the default remedies provided for in the Note and Mortgage, including exercise of the power of sale provided for therein (see paragraph 21 of the Mortgage); (d) that the Defendant, Masoud Shakoori-Naminy a/k/a Masoud Shakoori, is in default of his obligations set forth in the Note and Mortgage and (e) that U.S. Bank may proceed to foreclose the Mortgage either non-judicially pursuant to the statutory power of sale provided for in R.I. Gen. Laws § 34-11-22 and § 34-27-4 or judicially pursuant to R.I. Gen. Laws § 34-27-1.

## COUNT III

## FOR AN ORDER OF SALE

50.     U.S. Bank re-alleges and incorporates by reference the allegations contained in paragraphs 1-36 above.

51.     U.S. Bank seeks an order of this Court pursuant to R.I. Gen. Laws §34-27-1 or otherwise authorizing and directing U.S. Bank to sell the property at public sale or by such other means and subject to such terms and conditions as the Court should direct with such sale

12

culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interests or claims of each of the several Defendants to this action. In relation thereto, U.S. Bank further seeks an order allowing it to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale.

WHEREFORE, U.S. Bank N.A., as Trustee for the Registered Holders of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 ("U.S. Bank") requests that the Court:

(a)     Given the equitable nature of a proceeding brought pursuant to R.I. Gen. Laws §34-27-1, U.S. Bank prays that in the event Masoud Shakoori-Naminy a//k/a Masoud Shakoori should appear in this action at any time prior to the entry of a default against him, the Court enter an order staying proceedings in the case for a period of sixty (60) days to afford the Defendant an opportunity to submit a completed application for loss mitigation to the Plaintiff and for the Plaintiff, in turn, to render a determination of Defendant's eligibility (or lack thereof) for any available foreclosure alternatives based on such application unless such Defendant should affirmatively decline in a pleading or other document filed with the Court that they do not wish to submit such an application;

(b)     If Shakoori fails to file an answer or other responsive pleading to this Complaint or otherwise fails to file a statement or other pleading with this Court at any time prior to the Plaintiff's motion for entry of final judgment expressing an interest in participating in loss mitigation and/or in mediation as ordered or facilitated by this Court, declare in said judgment

that Shakoori was provided with a full and fair opportunity to mediate as an alternative means of resolving this case;

(c)      Issue a judgment determining that (i) Shakoori duly executed the Note, duly executed and acknowledged the Mortgage and duly executed the LMA; (ii) that the Note and Mortgage as modified by the terms of the LMA are valid and enforceable according to their terms; (iii) U.S. Bank N.A., as Trustee for the Registered Holders of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 ("U.S. Bank"), is the holder of the Note and holder of the Mortgage and is the entity entitled to enforce the default remedies provided for in the Note and Mortgage, including exercise of the power of sale provided for therein (see paragraph 21 of the Mortgage); (iv) that the Defendant, Masoud Shakoori-Naminy a/k/a Masoud Shakoori, is in default of his obligations set forth in the Note and Mortgage and (v) that U.S. Bank may proceed to foreclose the Mortgage either non-judicially pursuant to the statutory power of sale provided for in R.I. Gen. Laws § 34-11-22 and § 34-27-4 or judicially pursuant to R.I. Gen. Laws § 34-27-1;

(d)      Issue a judgment determining that the Defendant, Masoud Shakoori-Naminy a//k/a Masoud Shakoori, is in default of his obligations under the terms of the Note and Mortgage;

(e)      Issue an order or judgment authorizing and directing the Plaintiff to sell the Property at public sale or by such other means as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interest, lien, mortgage or claim of each of the Defendants to this action and of any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens

identifying the within action with the Exeter Land Evidence Records except that if the public sale generates a surplus over and above the total debt owed to the plaintiff as of the date of such sale, the right, title, interest, lien, mortgage or claim of such junior interest holders shall extend and transfer to such surplus according to lien priorities established under applicable law;

(f)	In conjunction with the order of sale requested in the foregoing prayer for relief, provide in the judgment that the foreclosure sale referenced in the preceding paragraph and Plaintiff's delivery of a foreclosure deed to the successful high bidder at such sale shall extinguish all right, title, interest, lien, mortgage or claim in or to the Property of each of the Defendants to this action and of any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Exeter Land Evidence Records except that if the public sale generates a surplus over and above the total debt owed to the Plaintiff as of the date of such sale, the right, title, interest, lien, mortgage or claim of such junior interest holders shall extend and transfer to such surplus according to lien priorities established under applicable law;

(g)	Authorize the Plaintiff to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale; and

(h)	Grant such other and further relief as the Court deems just and proper.

Dated:   August 25, 2017

Respectfully Submitted,

U.S. Bank N.A., as Trustee for the
Registered Holders of Structured Asset
Securities Corporation, Structured Asset
Investment Loan Trust, Mortgage Pass-
Through Certificates, Series 2003-BC11,
By its Attorney,

/s/ John S. McNicholas
John S. McNicholas, Esq., RI# 8732
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 203)
jmcnicholas@kordeassociates.com