UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE
FOR THE REGISTERED HOLDERS OF THE STRUCTURED
ASSET SECURITIES CORPORATION, STRUCTURED ASSET
INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH
CERTIFICATES
SERIES 2003-BC11

   VS.     C.A. NO.: 17-CV-394

MASOUD SHAKOORI-NAMINY ET AL

### ANSWER OF DEFENDANT MASSOUD SHAKOORI

1. Denied

2. Admit

3. Admit

4. Denied

5. Admit

6. Admit

7. Admit

8. Admit

9. Admit as to Jurisdictional amount for diversity exceeds $75,000.00. Denied as to remaining allegations.

10. Admit

1

11. Admit

12. Admit

13. Admit that a Note was executed. Denied as to the remaining allegations.

14. Denied

15. Admit that a mortgage was executed. Denied as to the remaining allegations.

16. Admit

17. Admit that Defendant was in arrears.

18. Admit that a loan modification was executed. Denied as to the remaining allegations.

19. Admit

20. Admit

21. Denied

22. Denied

23. Denied

24. Admit

25. Denied

26. Admit as to the second mortgage being executed. Denied as to the remaining allegations.

27. Admit

28. Admit

29. Admit

30. Admit

31. Admit

32. Admit that Defendant is delinquent on loan payments. Denied that Defendant has been sent a default notice pursuant to the terms of the mortgage.

33. Denied

34. Denied

35. Denied

36. Plaintiff is left to its proof.

37. The original answers to each allegation and paragraph are incorporated and restated.

38. Admit

39. Admit that Schedule D was filed. Denied as to the remaining allegations.

40. Admit that loss mitigation was requested. Denied as to the remaining allegations.

41. Admit

42. Admit that Schedule D was filed. Denied as to the remaining allegations.

43. Admit that Debtor's Statement of Intention was filed. Denied as to the remaining allegations.

44. Denied

45. Denied

46. Denied

47. The original answers to each allegation and paragraph are incorporated and restated.

48. Denied as the Federal Declaratory Judgment Act governs not the Rhode Island Declaratory Judgment Act.

49. Denied

50. The original answers to each allegation and paragraph are incorporated and restated.

51. Denied

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff has no interest in the note or the mortgage.

### Third Affirmative Defense

Plaintiff was not the real party in interest on the date this action was commenced and is not shown to be authorized to bring this action.

### Fourth Affirmative Defense

Plaintiff has charged and/or collected payments from Defendants for attorney fees, legal fees, foreclosure costs, late charges, property inspection fees, title search expenses, filing fees, broker price opinions, appraisal fees, and other charges and advances, and predatory lending fees and charges that are not authorized by or in conformity with the terms of the subject note and mortgage Plaintiff wrongfully added and continues to unilaterally add these illegal charges to the balance Plaintiff claims is due and owing under the subject note and mortgage.

### Fifth Affirmative Defense

The promissory note was never endorsed and negotiated pursuant of the provisions of the Uniform Commercial Code.

### Sixth Affirmative Defense

Plaintiff did not accelerate the mortgage pursuant to the terms of the mortgage, prior the filing of this action.

### Seventh Defense

The provisions of paragraph 22 of the mortgage were not complied with before any alleged acceleration of the loan was declared.

### Eighth Affirmative Defense

Plaintiff has failed to provide an original endorsed promissory note and mortgage as to file a foreclosure suit.

### Ninth Affirmative Defense

The Plaintiff's complaint was not verified with a person with any personal knowledge or information regarding the matters that the Plaintiff purported to assert. The allegations asserted as true were not sworn to under oath.

### Tenth Affirmative Defense

The alleged assignments of mortgage were void and did not pass title to the mortgage to the Plaintiff

### Eleventh Affirmative Defense

No secured Trust exists, which has the name that this Plaintiff claims to have. The trustee is a Trustee for the Trust not the purported security holders. Any holders of securities have no standing to bring a foreclosure action.

5

**Twelfth Affirmative Defense**

Once Plaintiff elected to seek to foreclose judicially, it waived any right to foreclose by statutory power of sale. Any sale must be conducted pursuant to Rhode Island principles of Equity and must be conducted by a Commissioner, Special Master or other officer appointed by the Court if Plaintiff prevails in its action.

Wherefore Defendant demands Judgment plus attorney fees and costs.

MASOUD SJAKOORI
By his attorney,

November 14, 2017

/s/ John B. Ennis
John B. Ennis, Esq. #2135
1200 Reservoir Avenue
Cranston, RI 02920
401-943-9230
jbelaw75@gmail.com

Defendant demands a Trial by Jury

CERTIFICATION

I hereby certify that I emailed a copy of the above Answer to the following electronically, on this 14th day of November, 2017:

John McNicholas
Korde & Associates, PC
900 Chelmsford Street,
Suite 3102
Lowell, MA 01851

/s/ John B. Ennis

7