UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

U.S. BANK N.A., AS TRUSTEE FOR THE
REGISTERED HOLDERS OF THE
STRUCTURED ASSET SECURITIES
CORPORATION, STRUCTURED ASSET
INVESTMENT LOAN TRUST,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2003-BC11,

    Plaintiff,

v.

MASOUD SHAKOORI-NAMINY a/k/a
MASOUD SHAKOORI, BRENDA
SHAKOORI-NAMINY, WILMINGTON
TRUST, NATIONAL ASSOCIATION, AS
SUCCESSOR TRUSTEE TO CITIBANK,
N.A. AS TRUSTEE FOR BEAR STEARNS
SECOND LIEN TRUST 2007-SV1,
MORTGAGE-BACKED CERTIFICATES,
SERIES 2007-SV1, HERITAGE CONCRETE
CORP., THE FIREPLACE LLC, STEPHEN
E. MOTTAU and HALLINAN CAPITAL
CORPORATION,

    Defendants
_____/

CASE No. 17-cv-00394-WES-LDA

## MEMORANDUM OF LAW IN
## SUPPORT OF MOTION TO DISMISS

Plaintiff, U.S. Bank N.A., as Trustee for the Registered Holders of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, hereby submits the following memorandum in support of its motion for dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(2).

### Introduction

Plaintiff filed this judicial foreclosure action on August 25, 2017. Defendant, Brenda Shakoori-Naminy, answered on October 30, 2017. Defendant, Masoud Shakoori-Naminy,

1

answered on November 14, 2017. Neither answer asserts any counterclaims. None of the other Defendants have answered or otherwise plead in response to the complaint.

**Argument**

In light of the Court's decision in *Martins v. Federal Housing Finance Agency, et al.*, 214 F.Supp.3d 163 (D.R.I. 2016), it appears that an argument could be made that the Notice of Default issued prior to initiation of the instant complaint for judicial foreclosure was not strictly compliant with the terms of the mortgage and that any foreclosure thereunder could subsequently be determined to be void.

Fed. R. Civ. P. 41(a)(2)[1] states in relevant part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

"The purpose of the rule is to allow voluntarily dismissal of a claim as long as no other party will be prejudiced by the dismissal. See *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000); *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961). Although the decision to grant a motion for voluntary dismissal is left to the discretion of the district court, 'dismissal should be allowed unless clear legal prejudice to the objecting party is shown.' *M.A. Gammino Constr. Co. v. Great Am. Ins. Co.*, 52 F.R.D. 323, 325 (D.R.I. 1971) [("The controlling principles of law on a Rule 41(a)(2) motion are easily stated: a dismissal should be allowed unless clear legal prejudice to the objecting party is shown, and it is insufficient to defeat such a motion that a second suit may develop or that a party may obtain some tactical advantage thereby.")]." *Nestor, Inc. v. Hnc Software*, C.A. No. 98-cv-569-L, (Lagueux, J.) (Memorandum and Order, Jan. 16, 2001) (D.R.I. 2001) 2001 U.S. Dist. LEXIS 24916, *2-3, 2001 WL 34134292.

---

[1] Counsel reached out to Defendants'/Borrowers' Counsel about a stipulation of dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii) on the basis of the *Martins* issue but was not favored with a reply.

Here, in the absence of any counterclaims and given that the *Martins* decision could likely result in a decision that the Notice of Default was not strictly compliant with the terms of the mortgage and therefore, that any foreclosure thereunder could subsequently be determined to be void, Plaintiff believes that it is appropriate to dismiss the action at this time.

In addition, Defendant Borrowers cannot show any "clear legal prejudice" by the dismissal of this action.

WHEREFORE, Plaintiff respectfully requests this Court:

1) Dismiss this action <u>without</u> prejudice; and

2) Grant such further relief as the Court deems just and proper.

Dated:  May 30, 2018.                                             Respectfully Submitted,

U.S. Bank N.A., as Trustee for the Registered Holders of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11,
Plaintiff,
By its Attorney,

/s/ Walter H. Porr, Jr., Esq.
Walter H. Porr, Jr., Esq., RI Bar # 8967
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 263)
wporr@kordeassociates.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2018, I caused this document to be filed through the electronic filing system with electronic service completed on all parties registered therein to receive notice in this case.

The document electronically filed and served is available for viewing and/or downloading from the United States District Court's Electronic Filing System.

I also caused this document to be mailed to the following Defendants via first class mail on May 30, 2018.

| | |
|---|---|
| Heritage Concrete Corp.<br>c/o Joseph Raheb Esq.<br>650 George Washington Highway<br>Suite 201<br>Lincoln, RI 02865 | Stephen E. Mottau<br>17 Edge Street<br>West Warwick, RI 02893 |
| The Fireplace LLC<br>c/o Daniel K/ Flaherty, Esq.<br>33 College Hill Road, Suite 20D<br>Warwick, RI 02886 | Hallinan Capital Corporation<br>400 SE 5th Avenue, Suite 304N<br>Boca Raton, FL 33432 |
| Wilmington Trust, National Association,<br>as Successor Trustee to Citibank, N.A.,<br>as Trustee for Bear Stearns Second Lien<br>Trust 2007-SV1, Mortgage-Backed<br>Certificates, Series 2007-SV1<br>1100 North Market Street<br>Rodney Square North<br>Wilmington, DE 19801 | |

/s/ Walter H. Porr, Jr., Esq.
Walter H. Porr, Jr., Esq., BBO # 8967