UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

U.S. BANK N.A., AS TRUSTEE FOR THE
REGISTERED HOLDERS OF THE
STRUCTURED ASSET SECURITIES
CORPORATION, STRUCTURED ASSET
INVESTMENT LOAN TRUST,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2003-BC11,

    Plaintiff,

v.

MASOUD SHAKOORI-NAMINY a/k/a
MASOUD SHAKOORI, BRENDA
SHAKOORI-NAMINY, WILMINGTON
TRUST, NATIONAL ASSOCIATION, AS
SUCCESSOR TRUSTEE TO CITIBANK,
N.A. AS TRUSTEE FOR BEAR STEARNS
SECOND LIEN TRUST 2007-SV1,
MORTGAGE-BACKED CERTIFICATES,
SERIES 2007-SV1, HERITAGE CONCRETE
CORP., THE FIREPLACE LLC, STEPHEN
E. MOTTAU and HALLINAN CAPITAL
CORPORATION,

    Defendants
_____/

CASE No. 17-cv-00394-WES-LDA

**PLAINTIFF'S REPLY TO
OBJECTIONS TO MOTION TO DISMISS**

Plaintiff, U.S. Bank N.A., as Trustee for the Registered Holders of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 (U.S. Bank), hereby replies to the objections of Defendant Masoud Shakoori-Naminy (Document No. 21) and Defendant Brenda Shakoori-Naminy (Document No. 22) to U.S. Bank's motion for dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(2).

**Introduction**

In objecting to Plaintiff's motion to dismiss, Defendants raise four (4) issues: (1) The filing of the Complaint with a count for judicial foreclosure was not justified in the first instance because of a non-compliant Notice of Default (see *Martins v. Federal Housing Finance Agency*, 214 F.Supp.3d 163 (D.R.I. 2016); (2) The Complaint sought relief in addition to judicial foreclosure (i.e., declaratory relief that U.S. Bank held the Note and Mortgage - based upon two theories (Counts I and II)) and those counts are not affected by the *Martins* decision; (3) the assignments of mortgage do not validly convey the Mortgage to U.S. Bank; and, (4) any dismissal should be with prejudice based upon *Doe v. Urohealth Sys. Inc.*, 216 F.3d 157 (1st Cir. 2000).

Upon further consideration, U.S. Bank agrees that only the judicial foreclosure count (Count III) should be dismissed and that adjudication of the declaratory relief counts should proceed. U.S. Bank further intends to file a motion to amend it complaint in order to add a count seeking an equitable assignment of the Mortgage since it is the holder of the Note secured thereby.

**Argument**

**I.**

**The *Martins'* Issue is a Red Herring**

Defendants argue that "Plaintiff was aware of the deficiency of the default notice at the time of filing of this case. In fact in view of the *Martins* decision, the filing of the foreclosure complaint was not justified as a matter of fact or as a matter of law." Document No. 21-1, Memorandum of Law, p. 2. See also p. 3: "Plaintiff chose to file this action fully aware of the Martins issue. ***The defective default notice was an exhibit to the complaint.*** Defendant raised this issue in the Seventh Affirmative Defense which stated: The provisions of paragraph 22 of the

mortgage were not complied with before any alleged acceleration of the loan was declared." Bold and italics added for emphasis.

But if the *Martins* issue was as clear cut and dispositive as the Defendants argue, then why did they not file a motion to dismiss under Fed. R. Civ. P. 12(b)(6) rather than answer and then propound needless discovery? Defendants cannot have it both ways.

## II.

### In Light of Defendants' Response, Plaintiff Seeks Dismissal of Only Count III

In light of the fact that the Complaint contains claims for relief separate from the Count for Judicial Foreclosure, Plaintiff hereby seeks leave to amend its motion to dismiss to seek dismissal of only Count III and is prepared to prosecute Counts I and II.

Additionally, in light of the claims made in the Defendants' Response about the assignments of mortgage, Plaintiff intends to file a motion to amend its complaint in order to add a count for Equitable Assignment of the subject Mortgage.

WHEREFORE, the premises being considered, Plaintiff prays that the Court treat its motion to dismiss as a motion to dismiss Count III only and grant the same.

Dated: June 19, 2018.

Respectfully Submitted,

U.S. Bank N.A., as Trustee for the Registered Holders of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11,
Plaintiff,
By its Attorney,

/s/ Walter H. Porr, Jr., Esq.
Walter H. Porr, Jr., Esq., RI Bar # 8967
Korde & Associates, P.C.

900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 263)
wporr@kordeassociates.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2018, I caused the forgoing document to be filed through the electronic filing system with electronic service completed on all parties registered therein to receive notice in this case.

The document electronically filed and served is available for viewing and/or downloading from the United States District Court's Electronic Filing System.

I also caused this document to be mailed to the following Defendants via first class mail on June 19, 2018.

| | |
|---|---|
| Heritage Concrete Corp.<br>c/o Joseph Raheb Esq.<br>650 George Washington Highway<br>Suite 201<br>Lincoln, RI 02865 | Stephen E. Mottau<br>17 Edge Street<br>West Warwick, RI 02893 |
| The Fireplace LLC<br>c/o Daniel K/ Flaherty, Esq.<br>33 College Hill Road, Suite 20D<br>Warwick, RI 02886 | Hallinan Capital Corporation<br>400 SE 5th Avenue, Suite 304N<br>Boca Raton, FL 33432 |
| Wilmington Trust, National Association,<br>as Successor Trustee to Citibank, N.A.,<br>as Trustee for Bear Stearns Second Lien<br>Trust 2007-SV1, Mortgage-Backed<br>Certificates, Series 2007-SV1<br>1100 North Market Street<br>Rodney Square North<br>Wilmington, DE 19801 | |

/s/ Walter H. Porr, Jr., Esq.
Walter H. Porr, Jr., Esq., BBO # 8967