## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

**U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11,**
          **Plaintiff**

          **v.**                                      **CASE No. 17-00394**

**MASOUD SHAKOORI-NAMINY a/k/a MASOUD SHAKOORI, BRENDA SHAKOORI-NAMINY, and SAND CANYON CORPORATION,**

          **Defendants**

### ANSWER OF DEFENDANT, BRENDA SHAKOORI-NAMINY, TO PLAINTIFF'S AMENDED COMPLAINT

### PARTIES

1.      Plaintiff, U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 ("U.S. Bank"), is a national bank chartered and organized under the laws of the United States of America with a principal place of business at 425 Walnut Street, Cincinnati, OH 45202.

  *ANSWER:*  *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

2.      Defendant, Masoud Shakoori-Naminy a/k/a Masoud Shakoori, is an individual who, upon information and belief, resides at 1541 Ten Rod Road, Exeter, RI 02822.

  *ANSWER:*  *Defendant admits the allegations contained in this paragraph.*

3.      Defendant, Brenda Shakoori-Naminy, is an individual who, upon information and belief, resides at 1541 Ten Rod Road, Exeter, RI 02822.

***ANSWER:*** *Defendant admits the allegations contained in this paragraph.*

4.    Defendant, Sand Canyon Corporation, is a California corporation with a principle place of business of 7595 Irvine Center Drive, Suite 100, Irvine, CA 92618.

***ANSWER:*** *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

## JURISDICTION AND VENUE

5.    The Court has original jurisdiction over this action involving U.S. Bank's right, title and interest in the subject property pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between the Plaintiff and the Defendants and the amount in controversy is more than $75,000.00 in that the outstanding balance due and owing on the Adjustable Rate Note and Mortgage exceeds $515,000.00.

***ANSWER:*** *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

6.    Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is the subject of this Complaint is situated in Rhode Island.

***ANSWER:*** *Defendant admits the allegations contained in this paragraph.*

## FACTS

7.    On December 26, 2000, Shakoori acquired title to the property known as 1541 Ten Rod Road, Exeter, RI (the "Property") by virtue of a Mortgagee's/Foreclosure Deed which was subsequent recorded with the Town of Exeter Land Evidence Records (the "LER") on January 12, 2001 in Book 133 Page 113.

***ANSWER:*** *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

8.    On November 5, 2001, Shakoori obtained a mortgage loan from Finance America LLC in the amount of $243,750.00.

***ANSWER:*** *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

9.    The Finance America LLC mortgage loan was secured by a mortgage given by Shakoori to Mortgage Electronic Registration Systems, Inc. (MERS) acting solely as Nominee for Finance America LLC on November 5, 2001, in the face amount of $243,750.00 which was recorded with the LER on November 6, 2001, in Book 151, Page 204.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

10.    On July 16, 2003, Shakoori obtained a mortgage loan from Option One Mortgage Corporation in the amount of $315,400.00 (the "Loan"). The Loan is evidenced by an Adjustable Rate Note in the original principal amount of $315,400.00 given by Shakoori to Option One Mortgage Corporation (the "Note"). A true accurate copy of the Note is attached hereto as Exhibit 1.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

11.    The Note contains a single indorsement in blank via allonge by Option One Mortgage Corporation. U.S. Bank is the holder of the Note and it or its designated document custodian has physical possession of the Note.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

12.    The Note is secured by a Mortgage of even date given by Shakoori to Option One Mortgage Corporation in the original principal amount of $315,400.00, said mortgage having been recorded with the LER on July 21, 2003, in Book 212, Page 1 (the "Mortgage"). A certified copy of the Mortgage is attached hereto as Exhibit 2[1].

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

13.    The Option One Mortgage Loan was a "cash out" refinance whereby some of the proceeds from said loan were used to pay off and satisfy the Finance America LLC mortgage loan resulting in a discharge of the mortgage securing said loan and the balance of the proceeds were paid to Shakoori.

---

[1] Since the Amended Complaint is filed electronically, a number of the Exhibits attached hereto are copies of certified documents that have been scanned with the loan number and any other Non-Public Personal Information redacted for Shakoori's protection. Counsel is prepared to produce the original certified documents for the Court's inspection upon request.

*ANSWER:*     *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

14.     As a result of the Option One Mortgage Loan and as reflected on the U.S. Department of Housing and Urban Development Settlement Statement (HUD-1), a true and accurate copy of which is attached hereto as Exhibit 2-A, the Finance America LLC mortgage loan was paid off and satisfied by a payment of $248,054.40 and Shakoori received $53,602.25 in cash.

*ANSWER:*     *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

15.     As a result of the pay off and satisfaction of the Finance America LLC mortgage loan, on July 23, 2003, MERS executed a Rhode Island Discharge of Mortgage which was recorded with the LER on September 9, 2003, in Book 219, Page 178.

*ANSWER:*     *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

16.     On or about October 1, 2003, the Option One Note and Mortgage were securitized as part of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, for which U.S. Bank currently serves as the Trustee.  A true and accurate copy of the relevant filings with the Securities and Exchange Commission with an excerpted copy of the Trust Agreement for the Securitized Trust are attached hereto as Exhibit 3.

*ANSWER:*     *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

17.     On April 30, 2008, Option One Mortgage Corporation sold its mortgage servicing platform, facilities, and mortgage servicing rights, including the servicing rights to the Shakoori Mortgage Loan, to American Home Mortgage Servicing, Inc. ("AHMSI"). A true and accurate copy of the relevant filings with the Securities and Exchange Commission with an excerpted copy of the Purchase Agreement for the purchase by AHMSI are attached hereto as Exhibit 4.

*ANSWER:*     *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

18.     On May 29, 2008, Option One Mortgage Corporation changed its name to Sand Canyon Corporation.  A true and accurate copy of the Articles of Amendment are attached hereto as Exhibit 5.

*ANSWER:*  *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

19.    On May 14, 2008, Shakoori filed a chapter 13 petition with the United States Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court") which was assigned case no. 08bk-11401.  A true and accurate copy of the Docket for said case is attached hereto as Exhibit 6.  A true and accurate copy of the Chapter 13 Petition is attached hereto as Exhibit 7.

*ANSWER:*  *Defendant admits the allegations contained in this paragraph.*

20.    On June 26, 2008, Shakoori filed his Chapter 13 Plan which referenced a mortgage for the Property in relation to the Schedule D, yet made no provision for payments thereon.  A true and accurate copy of the Plan is attached hereto as Exhibit 8.

*ANSWER:*  *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

21.    On June 26, 2008, Shakoori filed his Schedule A – "Real Property;" his Schedule B – "Personal Property;" and, his Schedule D – "Creditors Holding Secured Claims."  A true and accurate copy of said Schedules A, B and D along with the Declaration Concerning Debtor's Schedules is attached hereto as Exhibit 9.

*ANSWER:*  *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

22.    On the aforesaid Schedule B, Shakoori made <u>no</u> reference of any forgery claim or any other affirmative claim, counterclaim or right to set off relating to the alleged invalidity or unenforceability of the Note and/or Mortgage anywhere on said Schedule including in his response to question no. 21 relating to "other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor ad rights to set off claims." See Exhibit 9.

*ANSWER:*  *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

23.    The aforesaid Schedule D lists Option One Mortgage as the holder of the first Mortgage encumbering the Property.  See Exhibit 9.

*ANSWER:*  *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

24.    On July 23, 2008, Shakoori filed an Amended Schedule A – "Real Property" and an Amended Schedule D – "Creditors Holding Secured Claims." A true and accurate copy of said Amended Schedules A and D is attached hereto as Exhibit 10.

ANSWER:    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

25.    The aforesaid Amended Schedule D lists Option One Mortgage as the holder of the first Mortgage encumbering the Property.  See Exhibit 10.

ANSWER:    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

26.    On August 22, 2008, Shakoori's Chapter 13 case was dismissed.  See Exhibit 6.

ANSWER:    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

27.    On December 1, 2008, Shakoori entered into a Loan Modification Agreement (the "LMA") with AHMSI in its capacity as Loan Servicer. A true and accurate copy of LMA is attached hereto as Exhibit 11.

ANSWER:    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

28.    Pursuant to the terms of the LMA, from December 1, 2008 through November 30, 2013 (60 months) Shakoori was obligated to pay an interest only payment of $1,336.50 per month based upon a modified New Principal Balance of $320,760.58 subject to interest at 5% per annum.  See Exhibit 11.

ANSWER:    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

29.    Pursuant to the terms of the LMA, Shakoori was obligated to remit a payment of $1,336.50 to AHMSI on or before January 14, 2009.  See Exhibit 11.

ANSWER:    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

30.    On January 8, 2009, Shakoori obtained two cashier's checks issued by The Washington Trust Company, each in the amount of $1,336.50 for a total of $2,673.00, which he  subsequently remitted to AHMSI in compliance with the terms of the LMA.  A

true and accurate copy of said Cashier's Checks is attached hereto as Exhibit 12. See Exhibit 32, Loan Payment History, reflecting that these payments totaling $2,763.00 were credited to the loan on January 12, 2009.

*ANSWER:*   *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

31.    On December 15, 2008, AHMSI, purporting to be the successor-in-interest to Option One Mortgage Corporation, executed an assignment of the Mortgage to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11, which assignment was recorded with the LER on December 26, 2008, I Book 348, Page 43. A certified copy of said Assignment is attached hereto as Exhibit 13.

*ANSWER:*   *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

32.    Due to the fact that AHMSI neither owned the Mortgage nor was the record holder of title to the Mortgage, the assignment was null and void and of no force and effect and conveyed no title in relation to the Mortgage.

*ANSWER:*   *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

33.    On April 17, 2001, Shakoori purportedly executed a Quitclaim Deed whereby he conveyed the Property to himself and Defendant, Brenda Shakoori-Naminy, as tenants-by-the-entirety which Deed was not recorded with the LER until 13 years later on April 18, 2014, in Book 457, Page 62.

*ANSWER:*   *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

34.    Defendant, Brenda Shakoori-Naminy's interest in the Property arising from the aforesaid Quitclaim Deed is subordinate and subject to U.S. Bank's interest in the Property as the holder of the Mortgage.

*ANSWER:*   *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

35.    On July 15, 2011, Sand Canyon Corporation f/k/a Option One Mortgage Corporation executed a Corrective Assignment of the Mortgage in favor of LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11,

which assignment was recorded with the LER on July 29, 2011 in Book 401, Page 210. A certified copy of said Assignment is attached hereto as Exhibit 14.

ANSWER:    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

36.    On January 8, 2012, Shakoori filed a chapter 7 petition with the Bankruptcy Court which was assigned case no. 12-10057. A true and accurate copy of the Docket for said case is attached hereto as Exhibit 15. A true and accurate copy of the Chapter 7 Petition is attached hereto as Exhibit 16.

ANSWER:    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

37.    Concurrent with the filing of the petition, Shakoori filed a Notice and/or Request for Loss Mitigation – By the Debtor wherein he requested loss mitigation with Creditor, "American (Lasalle Bank N.A.) as the creditor and holder of a first mortgage which is the same mortgage which is the subject of this action. A true and accurate copy of said Notice is attached hereto as Exhibit 17.

ANSWER:    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

38.    On February 28, 2012, Shakoori filed his Schedule A – "Real Property;" his Schedule B – "Personal Property;" and, his Schedule D – "Creditors Holding Secured Claims." A true and accurate copy of said Schedules A, B and D along with the Declaration Concerning Debtor's Schedules is attached hereto as Exhibit 18.

ANSWER:    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

39.    On the aforesaid Schedule B, Shakoori made no reference of any forgery claim or any other affirmative claim, counterclaim or right to set off relating to the alleged invalidity or unenforceability of the Note and/or Mortgage anywhere on said Schedule including in his response to question no. 21 relating to "other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor and rights to set off claims." See Exhibit 18.

ANSWER:    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

40.    The aforesaid Schedule D lists "American (Lasalle Bank N.A.)" as the holder of the first Mortgage encumbering the Property. See Exhibit 18.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

41.    The Chapter 7 Individual Debtor's Statement of Intention filed by Shakoori in his 2012 bankruptcy case lists "American (Lasalle Bank N.A.)" as the Creditor for the Property and indicates that Shakoori intends to retain the property through "Loss Mitigation." A true and accurate copy of the Statement of Intention is attached hereto as Exhibit 19.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

42.    On February 3, 2012, LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11 Trust, filed its Notice of Loss Mitigation Contact information as the Creditor/Mortgage Holder in connection with the first mortgage encumbering the Property.  A true and accurate copy of said Notice is attached hereto as Exhibit 20.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

43.    On March 23, 2012, Shakoori and LaSalle Bank filed a Loss Mitigation Status Report in which they reported to the Bankruptcy Court that LaSalle Bank "has requested additional information from the Debtor in order to complete the loan modification package.  Both parties request that the Loss Mitigation Order be extended for thirty (30) days to allow for additional documentation to be submitted for review."  A true and accurate copy of said Report is attached hereto as Exhibit 21.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

44.    On May 23, 2012, Shakoori and American Home Mtg Srvc., Inc., filed a Loss Mitigation Status Report in which they reported to the Bankruptcy Court that "The Debtor is in the process of supplying the Lender with the requested information and financial package.  His situation is very complicated ad he has had to rely upon the assistant of other professionals (not Debtor's attorney) to obtain and prepare required documents.  One of those professionals is his accountant, who was not free to work with Mr. Shakoori until after the tax season concluded." A true and accurate copy of said Report is attached hereto as Exhibit 22.

*ANSWER:*    *The contents contained in this paragraph are such that no responsive pleadings are required.*

45.    On July 17, 2012, Shakoori converted his Chapter 7 Case to a Chapter 13 case.  See Exhibit 15.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

46.    On August 8, 2012, Shakoori's Bankruptcy Case was dismissed.  See Exhibit 15.

*ANSWER:*    *The contents contained in this paragraph are such that no responsive pleadings are required.*

47.    On February 22, 2013, La Salle Bank, N.A., as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, by Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc., its attorney-in-fact, assigned the Mortgage to U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, which assignment was recorded with the LER on March 25, 2013, in Book 438, Page 71.  A certified copy of said Assignment is attached hereto as Exhibit 23.

*ANSWER:*    *The contents contained in this paragraph are such that no responsive pleadings are required.*

48.    On October 22, 2014, U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, assigned the Mortgage to the Plaintiff, U.S. Bank N.A., as Trustee for the Registered Holders of the  Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, which assignment was recorded with the LER on November 5, 2014, in Book 464, Page 249.  A certified copy of said Assignment is attached hereto as Exhibit 24.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

49.    On April 30, 2015, Shakoori filed a chapter 7 petition with the Bankruptcy Court which was assigned case no. 15-10897.  A true and accurate copy of the Docket for said case is attached hereto as Exhibit 25.  A true and accurate copy of the Chapter 13 Petition is attached hereto as Exhibit 26.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

50.    Concurrent therewith, Shakoori filed his Schedule A – "Real Property;" his Schedule B – "Personal Property;" and, his Schedule D – "Creditors Holding Secured Claims."  A true and accurate copy of said Schedules A, B and D along with the Declaration Concerning Debtor's Schedules is attached hereto as Exhibit 27.

*ANSWER:*    *The contents contained in this paragraph are such that no responsive pleadings are required.*

51.    On the aforesaid Schedule B, Shakoori made <u>no</u> reference of any forgery claim or any other affirmative claim, counterclaim or right to set off relating to the alleged invalidity or unenforceability of the Note and/or Mortgage anywhere on said Schedule including in his response to question no. 21 relating to "other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor and rights to set off claims."  See Exhibit 27.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

52.    The aforesaid Schedule D lists "Ocwen Mortgage Co." as the holder of the first Mortgage encumbering the Property.  See Exhibit 27.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

53.    Shakoori's "Chapter 7 Individual Debtor's Statement of Intention" reflects his intention to retain the Property and further states "Debtor will retain collateral and continue to make regular payments."  A true and accurate copy of the Statement of Intention is attached hereto as Exhibit 28.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

54.    On July 7, 2015, Shakoori was examined under oath by the Chapter 7 Trustee during the Creditors' Meeting conducted pursuant to 11 U.S.C. § 341.  See Exhibit 25.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

55.    At no time during the July 7, 2015, Creditors' Meeting did Shakoori make any reference of any forgery claim or any other affirmative claim, counterclaim or right to set off relating to the alleged invalidity or unenforceability of the Note and/or Mortgage.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

56.    On August 6, 2015, Shakoori was further examined under oath by the Chapter 7 Trustee during the continued Creditors' Meeting conducted pursuant to 11 U.S.C. § 341.  See Exhibit 25; see also Document No. 29, Trustee's Status Report filed on August 7, 2015.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

57.    At no time during the August 6, 2015, continued Creditors' Meeting did Shakoori make any reference of any forgery claim or any other affirmative claim, counterclaim or right to set off relating to the alleged invalidity or unenforceability of the Note and/or Mortgage.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

58.    On December 2, 2015, Shakoori filed Amended Schedules A, B and C together with a Declaration About an Individual Debtor's Schedules.  A true and accurate copy of said Amended Schedules A, B and C along with the Declaration About an Individual Debtor's Schedules is attached hereto as Exhibit 29.

*ANSWER:*    *The contents contained in this paragraph are such that no responsive pleadings are required.*

59.    On the aforesaid Schedule B, Shakoori made no reference of any forgery claim or any other affirmative claim, counterclaim or right to set off relating to the alleged invalidity or unenforceability of the Note and/or Mortgage anywhere in said Schedule including in his response to question no. 33 relating to "claims against third parties, whether or not you have filed a lawsuit or made a demand for payment" or in his response to question no. 34 relating to "other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims."  See Exhibit 29.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

60.    On the aforesaid Schedule C, Shakoori did <u>not</u> exempt any forgery claim or any other affirmative claim, counterclaim or right to set off relating to the alleged invalidity or unenforceability of the Note and/or Mortgage.  See Exhibit 29.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

61.    On December 17, 2015, Shakoori filed another Amended Schedule C together with a Declaration About an Individual Debtor's Schedules.  A true and accurate copy of said Amended Schedule C along with the Declaration About an Individual Debtor's Schedules is attached hereto as Exhibit 30.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

62.    On the aforesaid Schedule C, Shakoori did <u>not</u> exempt any forgery claim or any other affirmative claim, counterclaim or right to set off relating to the alleged invalidity or unenforceability of the Note and/or Mortgage.  See Exhibit 30.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

63.    On December 31, 2015, Shakoori received his Chapter 7 Discharge.  A true and accurate copy of said Discharge is attached hereto as Exhibit 31.

*ANSWER:*    *The contents contained in this paragraph are such that no responsive pleadings are required.*

64.    In issuing the aforesaid Discharge, the Bankruptcy Court relied upon Shakoori's Schedules, Statement of Intention and related documents which were filed under oath during the course of the Bankruptcy.

*ANSWER:*    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

65.    On March 9, 2016, the Chapter 7 Trustee issued his report of No Distribution in which he stated that:

I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record. See Exhibit 25.

ANSWER:    *The contents contained in this paragraph are such that no responsive pleadings are required.*

66.    In issuing the aforesaid Report of No Distribution, the Chapter 7 Trustee relied upon Shakoori's Schedules, Statement of Intention and related documents which were filed under oath during the course of the Bankruptcy, together with his testimony under oath during the Creditors' Meetings conducted under 11 U.S.C. § 341.

ANSWER:    *The contents contained in this paragraph are such that no responsive pleadings are required.*

67.    As reflected on the Loan Payment History attached hereto as Exhibit 32, Shakoori made the interest only payments called for under the LMA from January of 2009 until April of 2011.

ANSWER:    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

68.    In November of 2016, Shakoori, through his attorney, sent correspondence to U.S. Bank's foreclosure counsel wherein he alleged that his signatures on the Note and Mortgage were forgeries or had otherwise been manipulated.

ANSWER:    *Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph and therefore denies the same.*

## COUNT I
## FOR DECLARATORY JUDGMENT

69.    U.S. Bank re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-68 above.

*ANSWER:* *The contents contained in this paragraph are such that no responsive pleadings are required.*

70.    A genuine controversy exists between U.S. Bank and Defendants Masoud Shakoori and Brenda Shakoori-Naminy relative to the validity of the Note and Mortgage, as well as U.S. Bank's status as the holder of the same that is appropriate for adjudication by this Court pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

*ANSWER:* *The contents contained in this paragraph are such that no responsive pleadings are required.*

71.    U.S. Bank seeks a judgment from this Court declaring that (a) Shakoori duly executed the Note, duly executed and acknowledged the Mortgage and duly executed the Loan Modification Agreement; (b) the Note and Mortgage as modified by the terms of the Loan Modification Agreement are valid and enforceable, *in rem*, according to their terms; (c) U.S. Bank is the holder of the Note and holder of the Mortgage and is the entity entitled to enforce, *in rem*, the default remedies provided for in the Note and Mortgage; (d) Shakoori is in default of his obligations set forth in the Note and Mortgage as modified by the terms of the Loan Modification Agreement; (e) Shakoori is judicially, equitably or otherwise estopped from denying the validity of the Note and Mortgage and U.S. Bank's right to enforce the same, *in rem*; (f) Shakoori has ratified the Note and Mortgage; and, (g) that Defendant, Brenda Shakoori-Naminy's interest in the Property arising from the 2001/2014 Quitclaim Deed is subordinate and subject to U.S. Bank's interest in the Property arising out of its status as the holder of the Mortgage.

*ANSWER:* *The contents contained in this paragraph are such that no responsive pleadings are required.*

## COUNT II
## ESTOPPEL TO DENY THE VALIDITY OF THE NOTE AND MORTGAGE

72.    U.S. Bank re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-68 above.

*ANSWER:* *The contents contained in this paragraph are such that no responsive pleadings are required.*

73.    Based upon the foregoing facts, Defendants, Masoud Shakoori and Brenda Shakoori-Naminy, are judicially estopped, equitably estopped or otherwise estopped (a) to deny that Shakoori duly executed the Note, duly executed and acknowledged the Mortgage and duly executed the Loan Modification Agreement; (b) to deny the validity of the Note and Mortgage together with the Loan Modification Agreement and that they are enforceable pursuant to their terms; (c) to deny that U.S. Bank is the holder of the Note and

Mortgage and is the entity entitled to enforce, *in rem*, the default remedies provided for in the Note and Mortgage; and, (d) to deny that Shakoori is in default of his obligations set forth in the Note and Mortgage as modified by the terms of the Loan Modification Agreement.

**ANSWER:** *The contents contained in this paragraph are such that no responsive pleadings are required.*

## COUNT III
## RATIFICATION OF THE NOTE AND MORTGAGE

74.    U.S. Bank re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-68 above.

**ANSWER:** *The contents contained in this paragraph are such that no responsive pleadings are required.*

75.    Based upon the foregoing facts, Defendant Shakoori has ratified the Note and Mortgage and he is therefore bound by their terms as amended by the Loan Modification Agreement and the same are valid and enforceable by U.S. Bank as a result thereof.

**ANSWER:** *Defendant denies the allegations contained in this paragraph.*

## COUNT IV
## EQUITABLE ASSIGNMENT OF MORTGAGE *NUNC PRO TUNC*

76.    U.S. Bank re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-68 above.

**ANSWER:** *The contents contained in this paragraph are such that no responsive pleadings are required.*

77.    Alternatively, in the event that the Court should find that one or more of the assignments of Mortgage are invalid, then U.S. Bank, as the holder of the Note, seeks an equitable assignment of the Mortgage (1) as of October 1, 2003, when the Note and Mortgage were securitized as part of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, for which U.S. Bank currently serves as the Trustee, or, (2) as of December 15, 2008, when AHMSI, purporting to be the successor-in-interest to Option One Mortgage Corporation when in fact it was the Loan Servicer, executed an assignment of the Mortgage to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates,

Series 2003-BC11, or (3) as of February 22, 2013, LaSalle Bank, N.A., as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, by Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc., its attorney-in-fact, assigned the Mortgage to U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11.

**ANSWER:**    *The contents contained in this paragraph are such that no responsive pleadings are required.*

**WHEREFORE**, Brenda Shakoori-Naminy prays that the Plaintiff's Amended Complaint be dismissed and denied; that this Honorable Court grant her judgment against the Plaintiff for her costs; and that the Court grant the Defendant, Brenda Shakoori-Naminy all other relief deemed just and proper and demands

Brenda Shakoori-Naminy
By her Attorney

/s/Christopher M. Lefebvre, Esq. #4019
Consumer & Family Law Center of
Claude F. Lefebvre | Christopher M. Lefebvre, PC
PO Box 479 • Pawtucket • RI • 02862
Tel: (401)728-6060 • Fax: (401) 728-6534
chris@lefebvrelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2019, I electronically filed Defendant's, Brenda Shakoori-Naminy, Answer to Plaintiff's Amended Complaint with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: John S. McNicholas, and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants: NONE

/s/Maria J. Ferreira