UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE
FOR THE REGISTERED HOLDERS OF THE STRUCTURED
ASSET SECURITIES CORPORATION, STRUCTURED ASSET
INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH
CERTIFICATES
SERIES 2003-BC11

        VS.        C.A. NO.: 17-CV-394

MASOUD SHAKOORI-NAMINY ET AL

        ANSWER OF DEFENDANT MASSOUD SHAKOORI
        TO AMENDED COMPLAINT

INTRODUCTION
Defendant denies the allegations in the introduction.

1. Denied

2. Admit

3. Admit

4. Admit

5. Denied

6. Denied

7. Admit

8. Admit

9. Admit

1

10.    Admit that Defendant obtained a mortgage loan. Denied as to the remaining allegations

11.    Denied.

12.    Denied

13.    Admit that the loan was a cash out loan

14.    Admit

15.    Admit that the loan was paid off. Denied as to the remainder

16.    Denied

17.    Admit that Option One sold its servicing rights. Denied as to the remainder.

18.    Admit

19.    Admit

20.    Admit

21.    Admit

22.    Admit that a schedule was filed, which speaks for itself. Denied as to the remainder as the right to dispute the enforceability of a mortgage or note is not an asset, which needed to be disclosed in any Bankruptcy petition. Thus no such assertion was required to be made in any of the Defendant's bankruptcy schedules.

23.    Admit

24.    Admit

25.    Admit

26.    Admit

27. Admit that a loan modification was executed.

28. Admit

29. Denied

30. Admit that these checks were obtained and were paid. Denied as to the remaining allegations.

31. Denied

32. Admit

33. Admit

34. Denied

35. Denied

36. Admit

37. Admit that loss mitigation was sought. Denied as to the remainder.

38. Admit

39. Admit that a schedule was filed, which speaks for itself. Denied as to the remainder as the right to dispute the enforceability of a mortgage or note is not an asset, which needed to be disclosed in any Bankruptcy petition. Thus no such assertion was required to be made in any of the Defendant's bankruptcy schedules.

40. Admit

41. Admit

42. Admit that a Loss Mitigation notice was filed by the attorney for the loan servicer. Denied as to the remainder.

43. Admit that a document was filed. Denied that LaSalle Bank filed the document, which was filed by the attorney for the loan servicer. Denied as to the remainder.

44. Admit that a document was filed. Denied that LaSalle Bank filed the document, which was filed by the attorney for the loan servicer. Denied as to the remainder.

45. Admitted

46. Admit

47. Denied

48. Denied

49. Admit

50. Admit

51. Admit that a schedule was filed, which speaks for itself. Denied as to the remainder as the right to dispute the enforceability of a mortgage or note is not an asset, which needed to be disclosed in any Bankruptcy petition. Thus no such assertion was required to be made in any of the Defendant's bankruptcy schedules.

52. Admit

53. Admit

54. Admit

55. Denied

56. Admit

57. Denied

58. Admit

59. Admit that a schedule was filed, which speaks for itself. Denied as to the remainder as the right to dispute the enforceability of a mortgage or note is not an asset, which needed to be disclosed in any Bankruptcy petition. Thus no such assertion was required to be made in any of the Defendant's bankruptcy schedules.

60. Admit that a schedule was filed, which speaks for itself. Denied as to the remainder as the right to dispute the enforceability of a mortgage or note is not an asset, which needed to be disclosed in any Bankruptcy petition. Thus no such assertion was required to be made in any of the Defendant's bankruptcy schedules.

61. Admit

62. Admit that a schedule was filed, which speaks for itself. Denied as to the remainder as the right to dispute the enforceability of a mortgage or note is not an asset, which needed to be disclosed in any Bankruptcy petition. Thus no such assertion was required to be made in any of the Defendant's bankruptcy schedules.

63. Admit

64. Denied

65. Admit

66. Denied

67. Admit

68. Admit

69. The responses to the previous allegations are restated.

70. Denied that this Court possesses jurisdiction.

71. Denied

72. The responses to the previous allegations are restated.

73. Denied

74. The responses to the previous allegations are restated.

75. Denied

76. The responses to the previous allegations are restated.

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff has no interest in the note or the mortgage.

### Third Affirmative Defense

Plaintiff was not the real party in interest on the date this action was commenced and is not shown to be authorized to bring this action.

### Fourth Affirmative Defense

The promissory note was never endorsed and negotiated pursuant of the provisions of the Uniform Commercial Code.

### Fifth Affirmative Defense

The promissory note has been lost.

### Sixth Affirmative Defense

The Plaintiff's complaint was not verified with a person with any personal knowledge or information regarding the matters that the Plaintiff purported to assert. The allegations asserted as true were not sworn to under oath.

### Seventh Affirmative Defense

The alleged assignments of mortgage were void and did not pass title to the mortgage to the Plaintiff

### Eighth Affirmative Defense

No secured Trust exists, which has the name that this Plaintiff claims to have.

### Ninth Affirmative Defense

The assertions of the Plaintiff's complaint do not provide for Federal Court Jurisdiction as no relief in excess of $75,000.00 is sought.

### Tenth Affirmative Defense

The right to dispute the enforceability of a mortgage or note is not an asset, which needs to be disclosed in a Bankruptcy petition. Thus no such assertion was required to be made in any of the Defendant's bankruptcy schedules.

### Eleventh Affirmative Defense

The promissory note has never been endorsed.

### Twelfth Affirmative Defense

The following facts have been deemed admitted by Plaintiff, by its failure to respond to the following requests for admission:

1.     On December 15, 2008 , Option One was not owed any indebtedness under the Defendant's note.

2.     On December 15, 2008 Option did not own Defendant's note.

3.     On December 15, 2008 Option One did not own Defendant's mortgage.

4.     On December 15, 2008, La Salle Bank National Association as Trustee for Structured Asset Securities Corporation Structured Asset

Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11("LaSalle as Trustee" did not purchase Defendant's Mortgage from any entity.

5.     On December 15, 2008, La Salle Bank as Trustee did not purchase Defendant's note from any entity.

6.     La Salle as Trustee did not provide any consideration to any entity on December 15, 2008.

7.     No entity with the name of Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage PassThrough Certificates, Series 2003-BC11has ever existed.

8.     La Salle Bank, National Association was never the trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11.

9.     The purported assignment referenced as Exhibit 5 to the complaint was not signed by Linda Green.

10.    The purported witness to the purported assignment referenced as Exhibit 5 to the complaint was not signed by Tywanna Thomas.

11.    The purported notarization to the purported assignment referenced as Exhibit 5 to the complaint was not signed by Bailey Kirchner.

12.    Exhibit A is a genuine and authentic copy of a complaint filed by AHMSI against DocX, LLC and Lender

13.    Lender Processing Services, Inc. ("LPS") was the parent company of DocX, LLC.

14.    Linda Green was never an officer of AHMSI.

15.    Exhibit B is a genuine and authentic copy of a Consent Order of the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the Office of Comptroller of the Currency, the Office of Thrift Supervision, Lender Processing Services, Inc.,

DocX, LLC and LPS Default Solutions, Inc., dated April 13, 2011.

16. Option One did not own Plaintiff's mortgage on July 15, 2011.

17. On March 18, 2009, an affidavit was filed in the United States Bankruptcy Court for the Eastern District of Louisiana in case number 07-11862.

18. Exhibit C is a genuine and authentic of the affidavit referenced in Request for Admission 17.

18. The original of Exhibit C was signed by Dale Sugimoto.

19. Dale Sugimoto on March 18, 2009 was the President of Sand Canyon.

20. On March 18, 2009 Sand Canyon did not own any residential real estate mortgages.

21. On July 15, 2011 Option One did not own any residential real estate mortgages.

22. On December 15, 2008 Option One did not own any residential real estate mortgages.

23. On July 15, 2011, Sand Canyon did not own any residential real estate mortgages.

24. On December 15, 2008 Sand Canyon did not own Defendant's mortgage.

25. On December 15, 2008 Sand Canyon did not own Defendant's note.

26. La Salle Bank as Trustee did not provide any consideration to Sand Canyon for Defendant's note on July 15, 2011.

9

27. La Salle Bank as Trustee did not provide any consideration to Sand Canyon for Defendant's mortgage on July 15, 2011.

28. La Salle Bank as Trustee never purchased Defendant's mortgage from Sand Canyon at any time.

29. La Salle Bank as Trustee never purchased Defendant's note from Sand Canyon at any time.

30. La Salle Bank as Trustee did not provide any consideration for Defendant's mortgage to Sand Canyon on July 15, 2011.

31. Exhibit 6 to the complaint was not signed by an officer of Sand Canyon.

32. Tonya Hopkins was not an officer of Sand Canyon on July 15, 2011.

33. Tonya Hopkins was an employee of AHMSI on July 15, 2011.

34. Tonya Hopkins did not sign the purported assignment dated July 15, 2011.

35. La Salle Bank National Association did not exist as an entity on February 22, 2013.

36. La Salle Bank National Association merged with Bank of America, N.A. on October 17, 2008.

37. On February 22, 2013, La Salle Bank National Association no longer existed as an entity.

38. On February 22, 2013 La Salle Bank as Trustee did not own Defendant's mortgage.

39. La Salle Bank as Trustee never granted a power of attorney to Homeward Residential, Inc., authorizing it to sign an assignment of mortgage from La Salle Bank as Trustee to U.S. Bank National Association

10

as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 on February 22, 2013.

40.	U.S. Bank National Association was never a Trustee for an entity named Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11.

41.	There is no such entity named Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC1.

42.	Pamela Stoddard was not an officer of Homeward Residential on February 22, 2013.

43.	Pamela Stoddard was never an officer of Homeward Residential on February 22, 2013.

44.	Pamela Stoddard was an employee of Security Connections, Inc. on February 22, 2013.

45.	Pamela Stoddard did not sign the purported assignment dated February 22, 2013.

The documents referenced in the Request for Admissions are attached. Plaintiff received these Requests for Admissions on May 22, 2018 and never responded.

**Thirteenth Affirmative Defense**

Plaintiff's demand for attorney fees and ratification of the Note and Mortgage constitutes a violation of the Discharge Injunction.

**Fourteenth Affirmative Defense**

Plaintiff in its complaint seeks an advisory opinion and is not  real controversy and pursuant to the case of *Robbins v. Spokeo* is not a real controversy and as a result this Court lacks jurisdiction over this matter as the Plaintiff amended its complaint to remove the Judicial Foreclosure count.

Wherefore Defendant demands Judgment plus attorney fees and costs and all other just and proper relief.

                                        MASOUD SJAKOORI
                                        By his attorney,

May 5, 2019                            /s/ John B. Ennis
                                        John B. Ennis, Esq. #2135
                                        1200 Reservoir Avenue
                                        Cranston, RI 02920
                                        401-943-9230
                                        jbelaw75@gmail.com

## CERTIFICATION

I hereby certify that I emailed a copy of the above Answer to the following electronically, on this 5th day of May, 2019:

Samuel Bodurtha, Esq.
Ethan Teiger, Esq.

                                        /s/ John B. Ennis