UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11,<br><br>Plaintiff,<br><br>v.<br><br>MASOUD SHAKOORI-NAMINY a/k/a MASOUD SHAKOORI, BRENDA SHAKOORI-NAMINY, and SAND CANYON CORPORATION,<br><br>Defendants. | C.A. No. 1:17--cv-00394-WES-LDA |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DOCUMENTS TO VOID ASSIGNMENTS FOR LACK OF RELEVANCY**

The Plaintiff, U.S. Bank, N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-B11's ("U.S. Bank, as Trustee"), submits this memorandum of law in support of its motion, *in limine*, to exclude from trial on relevancy grounds documents that defendant Masoud Shakoori-Naminy ("Masoud Shakoori") has produced to argue void assignments of mortgage in defense of suit. In support of this motion, U.S. Bank, as Trustee, submits the following:

**FACTS**

This case arises from Masoud Shakoori's origination of a $315,400 mortgage loan (the "Mortgage") with Option One Mortgage Corporation ("Option One") in July of 2003, the sale and transfer of that loan into the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates Series 2003-BC11, and U.S. Bank, in their capacity as trustee of the trust's request for

an equitable assignment of mortgage. U.S. Bank, as Trustee pursues the equitable assignment in order to pursue a longstanding default on the loan through foreclosure on property located at 1541 Ten Rod Road, Exeter, Rhode Island (the "Property"). The sole cause of action to be tried in this case is whether U.S. Bank, as Trustee is entitled to an equitable assignment of the Option One Mortgage on proof of (1) the mortgage loan's transfer into the securitized trust and (2) that U.S. Bank, as Trustee is the current holder of the Note Masound Shakoori signed in promise to repay the loan.

In the course of fact discovery, U.S. Bank, as Trustee requested that Masoud Shakoori produce "Any and all documents upon which the Defendants rely in asserting that assignments of mortgage were void." (Request for Production Response, *Exhibit A*.) In response to this and other requests, Masoud Shakoori has produced a series of assignments of mortgage loans, other than the Mortgage at issue in this case and executed by Linda Green, Tywanna Thomas, and Lorraine Brown. He has also produced a series of criminal indictments and plea agreements involving Ms. Brown, and pleadings filed in lawsuits pursued by PHH's predecessor, American Home Mortgage Servicing, Inc., against Lender Processing Services ("LPS") and DOCX. (Shakoori's Documents in Response to Request No. 7, *Exhibit B*.) None of these documents are relevant to this case.

## ARGUMENT

The documents appended to this motion under *Exhibit B* are irrelevant to trial of U.S. Bank, as Trustee's claim for equitable assignment. No document produced involves Masoud Shakoori, the Mortgage or U.S. Bank, as Trustee's claim to ownership. More importantly, none of the documents present evidence that can be used to challenge an assignment of mortgage under Rhode Island law.

Pursuant to Fed. R. Evid. 402: "Irrelevant evidence is not admissible." "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without

2

the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In the first place, the documents submitted in Masoud Shakoori's response to a Request for Production on void assignments are irrelevant because none of the documents relate to, arise from, or include Mr. Shakoori, Mr. Shakoori's mortgage loan with Option One, or the Property. These documents offer no evidence that would address the Mortgage, its assignment or enforcement by U.S. Bank, as Trustee. Moreover, these documents appear to be utilized in order to call into question the validity of record title on the actual assignments of mortgage, but U.S. Bank, as Trustee is requesting a court ordered assignment in equity and based upon evidence of the actual transfer of the mortgage loan from Option One into the trust and the undisputed fact that U.S. Bank, as Trustee holds the Note.

Even if the Court were to consider evidence that challenges the assignments of the Mortgage recorded in the chain of the Property's title to decide whether to grant U.S. Bank, as Trustee an equitable assignment, none of the proposed documents provide evidence that Masoud Shakoori can rely upon in seeking to void these assignments as a non-party. Under Rhode Island law, third parties to a contract generally lack standing to challenge its validity. *Mruk v. Mortg. Elec. Regis. Sys.*, 82 A.3d 527, 535 (R.I. 2013). In *Mruk*, 82 A.3d at 535-36, the Rhode Island Supreme Court carved out a limited exception that affords a borrower standing to challenge the assignment of mortgage to the extent such a challenge is necessary to contest the foreclosing entity's status as mortgagee. This limited standing to challenge the assignment is narrow and confined to the circumstances of challenging the assignment as void, invalid or ineffective. *Id.* at 536. A borrower does not have standing to challenge shortcomings in the assignment agreement. *Id*. As an example in *Mruk*, 82 A.3d at 537, the Rhode Island Supreme Court denied a borrower's

1019463\310081670.v1

standing to challenge the assignment of mortgage on a claim that the signature on the assignment was false and that the individual who signed lacked authority to execute.

Following *Mruk*, the United States District Court for the District of Rhode Island issued a triad of decisions in March of 2014 that further clarifies the limits on a borrower's standing to challenge an assignment of mortgage, and which reject Masoud Shakoori's documents to challenge the assignments in this case. *Clark v. Mortg. Elec. Regis. Sys.*, 7 F. Supp. 3d 169 (D.R.I. 2014); *Era v. Morton Cmty. Bank*, 8 F. Supp. 3d 66 (D.R.I. 2014); *Lister v. Bank of Am., N.A.*, 8 F. Supp. 3d 74 (D.R.I. 2014). Through these three decisions, Judge McConnell not only affirmed *Mruk* and the limited grant of standing, but these decisions also clarified the difference between a void and voidable challenge under Rhode Island law. A void challenge raises facts to demonstrate that the assignor never properly held the mortgage and therefore had no interest to assign. *Clark*, 7 F. Supp. 3d at 176. By contrast, a voidable challenge occurs in situations where the executing agent or individual lacked authority to enter into contract or execute the agreement or where a corporation acted without property authority. *Id.* at 176-77. These challenges to contract are voidable because the contract itself can be nullified or ratified depending on whether that contracting party takes action. *Id.* at 176. The Rhode Island federal court's decisions on standing also followed the First Circuit's decision in *Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282, 291 (1st Cir. 2013) that a borrower's standing to challenge an assignment of mortgage is limited to evidence and argument that the assignor had nothing to assign or had no authority to make an assignment to a particular assignee.

Here, Masoud Shakoori has produced documents in an effort to question the authority and reliability of the individuals who signed the assignments of mortgage, namely Tywanna Thomas, Linda Green, and Deborah Brown. (Shakoori's Documents in Response to Request No. 7, *Exhibit*

*B* at pp. __.) Masoud Shakoori also includes documents that question the authority and reliability of the companies that arranged for the assignments of mortgage, namely LPS and DOCX. (*Id.* at pp. __.) All of the documents Masoud Shakoori has produced in connection with Thomas, Green, Brown, LPS and DOCX are designed to paint these individuals and companies as bad actors, as robo-signers, and as a result unqualified to prepare, execute, witness or notarize the assignments of the that Mortgage that U.S. Bank, as Trustee owns and seeks to enforce. Not one of these documents provides evidence to challenge the authority of assignor. These challenges are limited to the face of each assignment agreement and whether the actual signature was valid. Under Rhode Island law, these documents cannot serve as a basis for Masoud Shakoori to challenge the assignment of mortgage as a non-party mortgagor. As a result, the documents amount to irrelevant evidence and should be excluded from trial of this case.

## CONCLUSION

For the reasons stated above, Plaintiff U.S. Bank, N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-B11 respectfully requests that this Court exclude from trial the documents Masoud Shakoori produced through discovery to void assignments of the Mortgage that are appended to this motion as *Exhibit B*.

        Respectfully submitted,

        U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11

        By: Its Attorney

        */s/ Samuel C. Bodurtha*
        Samuel C. Bodurtha, Bar No. 7075
        HINSHAW & CULBERTSON LLP
        56 Exchange Terrace
        Providence, RI 02903
        401-751-0842
        401-751-0072  (facsimile)

Dated: February 14, 2022

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

        */s/ Samuel C. Bodurtha*
        Samuel C. Bodurtha #7075

1019463\310081670.v1