UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11, <br><br> Plaintiff, <br><br> v. <br><br> MASOUD SHAKOORI-NAMINY a/k/a MASOUD SHAKOORI, BRENDA SHAKOORI-NAMINY, and SAND CANYON CORPORATION, <br><br> Defendants. | C.A. No. 1:17--cv-00394-WES-LDA |

**PLAINTIFF'S PROPOSED FINDINGS OF FACT**

In accordance with the Court's pretrial order, the Plaintiff, U.S. Bank, N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-B11's ("U.S. Bank, as Trustee"), submits the following Findings of Fact for this case:

**MORTGAGE LOAN ORIGINATION**

1. On December 26, 2000, Masoud Shakoori-Naminy a/k/a Masoud Shakoori ("Masoud Shakoori") purchased property located at 1541 Ten Rod Road, Exeter, Rhode Island (the "Property") by deed recorded in the Town of Exeter Land Evidence Records. (Deed to Shakoori, *Exhibit A*.)

2. On November 5, 2001, Masoud Shakoori obtained a $243,750 loan from Finance America LLC for which repayment was secured by a mortgage Shakoori granted to Mortgage Electronic Registration Systems, Inc. ("MERS") acting solely as Nominee for Finance America

LLC, which mortgage was recorded in the Town of Exeter Land Evidence Records. (Finance America Mortgage, *Exhibit B*.)

3. On July 16, 2003, Masoud Shakoori obtained a $315,400 loan from Option One Mortgage Corporation ("Option One"). Shakoori's promise to repay the Option One loan, with interest, is evidenced by an Adjustable Rate Note he signed on July 16, 2003 (the "Note"). (Promissory Note, *Exhibit C*.)

4. Masoud Shakoori secured repayment of the Note with a mortgage on the Property he granted to Option One Mortgage Corporation on July 16, 2003 (the "Mortgage") and which was recorded in the Town of Exeter Land Evidence Records. (Option One Mortgage, *Exhibit D*.)

5. The Option One loan resulted in a $248,054.40 payment to Finance America LLC and a $53,602.25 cash payment to Masoud Shakoori. (Option One Closing Statement, *Exhibit E*.)

6. Following recording of the Mortgage, Finance America LLC recorded a release and discharge of the November 5, 2001 Mortgage in the Town of Exeter Land Evidence Records. (Finance America Mortgage Discharge, *Exhibit F*.)

**SALE AND TRANSFER OF THE OPTION ONE MORTGAGE LOAN INTO TRUST**

7. As of October 1, 2003, the Option One Mortgage was sold and transferred into a securitized trust. In order to complete this transfer into trust:

a. Option One sold the loan to Lehman Brothers Bank, FSB (Assignment and Assumption Agreement between Lehman Brothers Bank, FSB and Lehman Brothers Holdings, Inc., *Exhibit G*.);

b. Lehman Brothers Bank, FSB sold, transferred and assigned the loan to Lehman Brothers Holdings, Inc. (Assignment and Assumption Agreement between Lehman Brothers Bank, FSB and Lehman Brothers Holdings, Inc., *Exhibit G*.);

1019463\309989261.v1

    c.    Lehman Brothers Holdings, Inc. sold, transferred and assigned the loan to Structured Asset Securities Corporation (Mortgage Loan Sale and Assignment Agreement, *Exhibit H*);

    d.    Structured Asset Securities Corporation deposited the loan into the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates Series 2003-BC11 for which LaSalle Bank, National Association was identified as Trustee and for which Option One, among other entities, and their respective successors in interest were identified and named servicers. (October 1, 2003 Trust Agreement, *Exhibit I* Servicing Agreement, *Exhibit J*).

    e.    As part of the sale, transfer, assignment and deposit into trust of the Shakoori mortgage loan, Option One endorsed the Note in blank by Allonge to the Note. (Promissory Note, *Exhibit C*.)

    f.    The Mortgage Loan Schedule to the October 1, 2003 Trust Agreement includes the Mortgage. (Mortgage Loan Schedule, *Exhibit K*.)

**TRANSFER OF MORTGAGE LOAN SERVICING AND APPOINTMENT OF SUCCESSOR TRUSTEE**

8.    On April 30, 2008, Option One sold its mortgage servicing rights, including the servicing rights to the Shakoori mortgage, to American Home Mortgage Servicing, Inc. ("AHMSI"). (AHMSI Purchase Agreement, *Exhibit L*.)

    a.    In February of 2012, AHMSI changed its named to Homeward Residential ("Homeward").

    b.    In December of 2012, Ocwen Financial Corporation acquired Homeward.

    c.    On June 1, 2019, PHH Mortgage Corporation merged with Ocwen Loan Servicing, LLC.

9. PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC remains servicer on the Shakoori Mortgage Loan.

10. As of June 30, 2009, LaSalle Bank, N.A. resigned as Trustee of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates Series 2003-BC11 and U.S. Bank, N.A. was appointed as Successor Trustee. (Notices of Resignation and Appointment of Trustee, *Exhibit M*.)

11. U.S. Bank, N.A., remains trustee of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates Series 2003-BC11.

## SHAKOORI'S DEFAULT, TRANSFER OF TITLE AND BANKRUPTCY

12. On May 14, 2008, Shakoori filed a Chapter 13 petition with the United States Bankruptcy Court for the District of Rhode Island under Case No. 08-bk-11401. (Chapter 13 Bankruptcy Petition, *Exhibit N*.)

13. Shakoori's Chapter 13 plan filed in Case No. 08-bk-11401 included the Option One Mortgage and described the Mortgage as in first position on the Property. (Chapter 13 Plan, *Exhibit O*.)

14. The United States Bankruptcy Court for the District of Rhode Island dismissed Case No. 08-bk-11401 on August 22, 2008. (Bankruptcy Dismissal, *Exhibit P*.)

15. On December 1, 2008, Shakoor entered into a Loan Modification Agreement ("MA") with AHMSI in its capacity as servicer for the mortgage lender. (LMA, *Exhibit Q*.)

16. The payments Shakoori made on the mortgage loan under the LMA was for interest only from January of 2009 until April of 2011. (Loan Payment History, *Exhibit R*.) No further payments were made on the loan after April of 2011 up until the present date. (*Id.*)

17. On January 8, 2012, Shakoori filed a Chapter 7 petition with the United States Bankruptcy Court for the District of Rhode Island under Case No. 12-bk-10057. (2012 Chapter 7 Bankruptcy Petition, *Exhibit S*.)

18. Shakoori's Chapter 7 Petition included a Schedule D of Creditors Holding Secured Claims that listed "American (Lasalle Bank N.A.)" as holder of the first Mortgage encumbering the Property. (2012 Chapter 7 Bankruptcy Schedule D, *Exhibit T*.)

19. Shakoori's Chapter 7 Petition included a Statement of Intention that listed "American (Lasalle Bank N.A.)" as the Creditor for the Property and indicated that Shakoori intended to retain the Property through loss mitigation. (2012 Chapter 7 Bankruptcy Statement of Intention, *Exhibit U*.)

20. LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11 Trust ("LaSalle Bank, N.A., as Trustee") filed a Notice of Loss Mitigation Contact Information with the United States Bankruptcy Court for the District of Rhode Island in Shakoori's Chapter 7 petition. (Loss Mitigation Contact Information, *Exhibit V*.)

21. Shakoori and LaSalle Bank, N.A., as Trustee filed a Loss Mitigation Status Report with the Bankruptcy Court indicating that LaSalle had requested additional information form the Shakoori to complete a loan modification application. (March 23, 2012 Loss Mitigation Report, *Exhibit W*.)

22. Shakoori and AHMSI filed a Loss Mitigation Status Report with Bankruptcy Court indicating that Shakoori was in the process of supplying requested information to complete a loan modification application. (May 23, 2012 Loss Mitigation Report, *Exhibit X*.)

23. The United States Bankruptcy Court for the District of Rhode Island dismissed Case No. 12-bk-10057 on August 12, 2012. (Bankruptcy Dismissal, *Exhibit Y*.)

24. On April 18, 2014, Shakoori recorded a quitclaim deed signed on April 17, 2001 in the Exeter Land Evidence Records through which Shakoori conveyed the property to himself and to his wife, Brenda Shakoori-Naminy, as tenants-by-the entirety. (Quitclaim Deed, *Exhibit Z*.)

25. On April 30, 2015, Shakoori filed a Chapter 7 petition with the United States Bankruptcy Court for the District of Rhode Island under Case No. 15-bk-10897. (2015 Chapter 7 Bankruptcy Petition, *Exhibit AA*.)

26. Shakoori's 2015 Chapter 7 Petition included a Schedule D of Creditors Holding Secured Claims that listed "Ocwen Mortgage Co." as holder of the first Mortgage encumbering the Property. (2015 Chapter 7 Bankruptcy Schedule D, *Exhibit BB*.)

27. Shakoori's 2015 Chapter 7 Petition included a Statement of Intention through which he stated an intention to retain the Property and continue to make regular payments. (2015 Chapter 7 Statement of Intention, *Exhibit CC*.)

28. On December 31, 2015, the United States Bankruptcy Court for the District of Rhode Island issued a Chapter 7 discharge of all debts. (2015 Chapter 7 Discharge Order, *Exhibit DD*.)

## ATTEMPTS TO ASSIGN MORTGAGE LOAN

29. On December 15, 2008, AHMSI, claiming to be the successor-in-interest to Option One, attempted to assign the Mortgage to LaSalle Bank, N.A., as Trustee, by assignment recorded in the Exeter Land Evidence Records. (12/15/2008 Assignment, *Exhibit EE*.)

30. On July 15, 2011, Sand Canyon Corporation f/k/a Option One Mortgage Corporation attempted to assign the Mortgage to LaSalle Bank, N.A., as Trustee, by corrective assignment recorded in the Exeter Land Evidence Records. (07/15/2011 Assignment, *Exhibit FF*.)

31. On February 22, 2013, LaSalle Bank, N.A., as Trustee, by Homeward Residential f/k/a AHMSI, its attorney in fact, attempted to assign the Mortgage to U.S. Bank, N.A., as Trustee by assignment recorded in the Exeter Land Evidence Records. (02/22/2013 Assignment, *Exhibit GG*.)

32. On October 22, 2014, U.S. Bank, N.A., as Trustee attempted to assign the Mortgage to itself by assignment recorded in the Exeter Land Evidence Records (10/22/2014 Assignment, *Exhibit HH*.)

Respectfully submitted,

U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11

By: Its Attorney

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
401-751-0842
401-751-0072  (facsimile)

Dated:    February 21, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha #7075

1019463\309989261.v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11,<br><br>Plaintiff,<br><br>v.<br><br>MASOUD SHAKOORI-NAMINY a/k/a MASOUD SHAKOORI, BRENDA SHAKOORI-NAMINY, and SAND CANYON CORPORATION,<br><br>Defendants. | C.A. No. 1:17--cv-00394-WES-LDA |

**PLAINTIFF'S PROPOSED CONCLUSIONS OF LAW**

In accordance with Fed. R. Civ. P. 16(e) and this Court's pretrial scheduling order issued at conference conducted on January 24, 2022, the Plaintiff, U.S. Bank, N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-B11's ("U.S. Bank, as Trustee"), submits its Proposed Conclusions of Law.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction pursuant to the diversity statute, *28 U.S.C. § 1332*, because the parties are of diverse citizenship. U.S. Bank is a national bank chartered and organized under the laws of the United States of America with principal place of business located in Cincinnati, Ohio. Masoud Shakoori-Naminy ("Masoud Shakoori") is an individual who resides in Exeter, Rhode Island. Brena Shakoori-Naminy ("Brenda Shakoori") is an individual who resides in Exeter, Rhode Island. Sand Canyon Corporation is corporation organized under the laws of the

State of California with principal place of business located in Irvine, California. The amount in controversy exceeds $75,000, exclusive of interests and costs, because U.S. Bank, as Trustee is pursuing its legal right to enforce a $315,400 mortgage loan by foreclosure on property located at 1541 Ten Rod Road, Exeter, Rhode Island 02822 (the "Property") following an undisputed default.

2. Venue is appropriate in this district pursuant to *28 U.S.C. § 1391* because defendants Masoud and Brenda Shakoori are residents of the State of Rhode Island and because the Property for which U.S. Bank, as Trustee seeks to enforce their mortgage is located in the State of Rhode Island. (Option One Mortgage, *Exhibit D*.)

**UNDER RHODE ISLAND LAW, U.S. BANK, AS TRUSTEE IS ENTITLED TO AN EQUITABLE ASSIGNMENT OF MORTGAGE[1]**

3. **Equitable Relief:** the determination of whether to grant equitable relief rests within the discretion of the trial justice. *Ruggieri v. City of East Providence*, 593 A.2d 55, 57 (R.I. 1991). A trial justice's determination should be guided by principles of equity and justice, should balance the equities that involves weighing the hardships to either side, and relief should only be granted in the absence of an adequate legal remedy. *Chavers v. Fleet Bank (RI), N.A.*, 844 A.2d 666, 679 (R.I. 2004).

4. **Equitable Assignment of Mortgage:** the purchaser of a promissory note has an equitable right to obtain the assignment of mortgage, which may be accomplished by filing an action in court and obtaining an equitable order of assignment. *United States Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 652 (2011).[2] *See also Nationstar Mortg. LLC v. Kilmer*, C.A. No. 17-

---

[1] The sole claim for which U.S. Bank, as Trustee is pursuing judgment in this case is Equitable Assignment in Count IV of the Amended Complaint. (ECF No. 26 at ¶¶ 76-77.) U.S. Bank, as Trustee will not pursue all other causes of action pleaded in the Amended Complaint.
[2] The Rhode Island Supreme Court has cited to and relied upon the Massachusetts Supreme Judicial Court's decision in *Ibanez*. *See, e.g., Pimental v. Deutsche Bank Nat'l Trust Co.*, 174 A.3d 740, 744 (R.I. 2017). Broadly speaking, the Rhode Island Supreme Court has located to decisions from Massachusetts state and federal court concerning residential mortgages, assignments of mortgage, and foreclosure disputes. *See, e.g., Woel v. Christiana Trust*, 228

30161, 2019 U.S. Dist. LEXIS 19333 (D. Mass. Jan. 17, 2019); *U.S. Bank, N.A. v. Bedard*, C.A. No. 18-30033, 2018 U.S. Dist. LEXIS 214279 (D. Mass. Dec. 4, 2018) *adopted* 2018 U.S. Dist. LEXIS 213604 (D. Mass. Dec. 19, 2018).

5. **Proving Ownership of a Mortgage beyond Assignments of Mortgage:** the trustee of a securitized trust can establish that it holds the mortgage where a pool of mortgages is assigned to a securitized trust by producing the executed agreement that assigns the pool of mortgages, with a schedule of the pooled mortgage loans that clearly and specifically identifies the mortgage at issue as among those assigned. *Ibanez*, 458 Mass at 651.

6. **Proving Possession of the Promissory Note:** to enforce a promissory note as an obligation under a negotiable instrument, the party seeking enforcement must be entitled to enforce under the Uniform Commercial Code. *R.I. Gen. Laws § 6A-3-301* (2000). A party can only enforce a note by proof that they are (i) holder of the instrument, (ii) non-holder in possession, or (iii) a person not in possession of the note but entitled to enforce. *Id.*

7. **Note Follows the Mortgage:** even where a split appears between holder of the promissory note and owner of the mortgage on record title, under Rhode Island law the two documents remain unified and the mortgage has followed the note. *Bucci v. Lehman Bros.*, 68 A.3d at 1088.

8. U.S. Bank has provided evidence of its ownership of the mortgage by proof of the mortgage loan's sale, transfer and deposit into the trust for which U.S. Bank serves as trustee

---

A.3d 339, 346-47 (R.I. 2020); *Cruz v. Mortg. Elec. Regis. Sys Inc.* 108 A.3d 992, 997 (R.I. 2015); *Bucci v. Lehman Bros. Bank*, 68 A.3d 1069, 1087-88 (R.I. 2013). The United States District Court for the District of Rhode Island has likewise relied upon Massachusetts Supreme Judicial Court decisions in contested foreclosure actions. *See, e.g., Lister v. Bank of America*, 8 F. Supp. 3d 74, 80-81 (D.R.I. 2014); *Andrade v. Ocwen Loan Servicing,* C.A. No. 18-385-WES, 2021 U.S. Dist. LEXIS 98592 at *8 (D.RI. May 25, 2021); *Dan-Harry . PNC Bank, N.A.*, C.A. No. 17-136-WES, 2017 U.S. Dist. LEXIS 218699 at *19 (D.R.I. Oct. 17, 2017).

through the: (a) October 1, 2013 Trust Agreement for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates Series 2003-BC11 (*Exhibit I*); (b) a Schedule of Loans transferred into the Trust that includes the Shakoori mortgage loan (*Exhibit K*); (c) the October 1, 2003 Mortgage Loan Sale and Assignment Agreement between Lehman Brothers Holdings and Structured Asset Securities Corporation (*Exhibit H*); and (d) the Assignment and Assumption Agreement between Lehman Brothers Bank, FSB and Lehman Brothers Holdings, Inc (*Exhibit G*).

9. U.S. Bank, as Trustee has provided proof of its present possession of the promissory note through which Masoud Shakoori promised to repayment the mortgage loan he originated with Option One Mortgage Corporation and that the original note is endorsed in blank by allonge. (Promissory Note, *Exhibit C.*)

10. Based upon U.S. Bank, as Trustee's proof of loan transfer and present possession of the promissory note, U.S. Bank, as Trustee is entitled to a court order of equitable assignment of the mortgage loan.

## U.S. BANK, AS TRUSTEE IS ENTITLED TO ADD ALL ATTORNEYS FEES INCURRED IN PURSUING RELIEF THROUGH THIS ACTION

11. Evaluating the clear and unambiguous terms of a contract under Rhode Island law is a question of law, and a contract terms is ambiguous when it is reasonably and clearly susceptible to more than one rational interpretation. *Woel v. Christiana Trust*, 228 A.3d 339, 344-45 (R.I. 2020). In evaluating whether the contract language is ambiguous, courts give words their plain, ordinary and usual meaning. *Id.*

12. Under the clear and unambiguous terms of the mortgage the Masoud Shakoori executed and agreed, U.S. Bank, as Trustee is entitled to attorneys' fees where the source of dispute challenges its right to enforce the mortgage lien, and those fees can be added to the existing debt owed on the mortgage loan. (Option One Mortgage, *Exhibit D* at ¶ 6.)

Respectfully submitted,

U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11

By: Its Attorney

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
401-751-0842
401-751-0072  (facsimile)

Dated: February 21, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Samuel C. Bodurtha*
Samuel C. Bodurtha #7075

5

1019463\310052693.v1