UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

U.S. BANK N.A AS TRUSTEE

FOR THE REGISTERED HOLDERS

OF THE STRUCTURED ASSET

SECURITIES CORPORATION, STRUCTURED

ASSET INVESTMENT LOAN TRUST

MORTGAGE PASS-THROUGH

CERTIFICATES, SERIES 2003-BC11

              VS                    CA: 17-CV-394 WES

MASOUND SHAKOORI ET AL

MOTION TO EXTEND TIME TO RESPOND TO MOTION IN LIMINE NUNC PRO TUNC TO MARCH 1, 2022 AND TO CONTINUE THE TRIAL OF THIS CASE

      Defendant, by his attorney, moves this Court as follows:

1.      Plaintiff has filed a Motion in Limine, which only provided for ten days for the Defendant to respond.

2. The Plaintiff's case until he filed a Motion in Limine and the Proposed Findings of Facts.

3. Plaintiff was served interrogatories and requests for production on May 18, 2018 in the form attached.

4. Defendant did not receive a response until June, 2021 in the form attached.

5. Plaintiff finally on January 31, 2022 served purported Supplemental Responses to the Interrogatories and the Requests for Production on January 31, 2022, after this case was scheduled for trial.

6. However these Supplemental Answers still objected to virtually every interrogatory and Request for Production.

7. The Plaintiff was also served Requests for Admissions in 2018, which were not responded to until 2021. A copy is attached.

8. Due to the failure to respond or object within thirty days, each of these Requests for Admissions have been deemed admitted.

9. Pursuant to Fed.R. Civ Proc. 36 each of these requests for Admissions have been deemed to be admitted.

10. The following facts have been deemed admitted as indicated in each of these Requests:

1. On December 15, 2008, Option One was not owed any indebtedness under the Defendant's note.

2. On December 15, 2008 Option One did not own Defendant's note.

3. On December 15, 2008 Option One did not own Defendant's mortgage.

4. On December 15, 2008, La Salle Bank National Association as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11("LaSalle as Trustee" did not purchase Defendant's Mortgage from any entity.

5. On December 15, 2008, La Salle Bank as Trustee did not purchase Defendant's note from any entity.

6. La Salle as Trustee did not provide any consideration to any entity on December 15, 2008.

7. No entity with the name of Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11has ever existed.

8. La Salle Bank, National Association was never the trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11.

9. The purported assignment referenced as Exhibit 5 to the complaint was not signed by Linda Green.

10. The purported witness to the purported assignment referenced as Exhibit 5 to the complaint was not signed by Tywanna Thomas.

11. The purported notarization to the purported assignment referenced as Exhibit 5 to the complaint was not signed by Bailey Kirchner.

12. Exhibit A is a genuine and authentic copy of a complaint filed by AHMSI against DocX, LLC and Lender Processing Servicings

13.   Lender Processing Services, Inc. ("LPS") was the parent company of DocX, LLC.

14. Linda Green was never an officer of AHMSI.

15. Exhibit B is a genuine and authentic copy of a Consent Order of the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the Office of Comptroller of the Currency, the Office of Thrift

Supervision, Lender Processing Services, Inc., DocX, LLC and LPS Default Solutions, Inc., dated April 13, 2011.

16. Option One did not own Plaintiff's mortgage on July 15, 2011.

17. On March 18, 2009, an affidavit was filed in the United States Bankruptcy Court for the Eastern District of Louisiana in case number 07-11862.

18. Exhibit C is a genuine and authentic of the affidavit referenced in Request for Admission 17.

18. The original of Exhibit C was signed by Dale Sugimoto.

19. Dale Sugimoto on March 18, 2009 was the President of Sand Canyon.

20. On March 18, 2009 Sand Canyon did not own any residential real estate mortgages.

21. On July 15, 2011 Option One did not own any residential real estate mortgages.

22. On December 15, 2008 Option One did not own any residential real estate mortgages.

23. On July 15, 2011, Sand Canyon did not own any residential real estate mortgages.

24. On December 15, 2008 Sand Canyon did not own Defendant's mortgage.

25. On December 15, 2008 Sand Canyon did not own Defendant's note.

26. La Salle Bank as Trustee did not provide any consideration to Sand Canyon for Defendant's note on July 15, 2011.

27. La Salle Bank as Trustee did not provide any consideration to Sand Canyon for Defendant's mortgage on July 15, 2011.

28. La Salle Bank as Trustee never purchased Defendant's mortgage from Sand Canyon at any time.

29. La Salle Bank as Trustee never purchased Defendant's note from Sand Canyon at any time.

30. La Salle Bank as Trustee did not provide any consideration for Defendant's mortgage to Sand Canyon on July 15, 2011.

31. Exhibit 6 to the complaint was not signed by an officer of Sand Canyon.

32. Tonya Hopkins was not an officer of Sand Canyon on July 15, 2011.

33. Tonya Hopkins was an employee of AHMSI on July 15, 2011.

34. Tonya Hopkins did not sign the purported assignment dated July 15, 2011.

35. La Salle Bank National Association did not exist as an entity on February 22, 2013.

36. La Salle Bank National Association merged with Bank of America, N.A. on October 17, 2008.

37. On February 22, 2013, La Salle Bank National Association no longer existed as an entity.

38. On February 22, 2013 La Salle Bank as Trustee did not own Defendant's mortgage.

39. La Salle Bank as Trustee never granted a power of attorney to Homeward Residential, Inc., authorizing it to sign an assignment of mortgage from La Salle Bank as Trustee to U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 on February 22, 2013.

40. U.S. Bank National Association was never a Trustee for an entity named Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11.

41. There is no such entity named Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC1.

42. Pamela Stoddard was not an officer of Homeward Residential on February 22, 2013.

43. Pamela Stoddard was never an officer of Homeward Residential on February 22, 2013.

44. Pamela Stoddard was an employee of Security Connections, Inc. on February 22, 2013.

45. Pamela Stoddard did not sign the purported assignment dated February 22, 2013.

The exhibits to the Request for Admissions are also attached to this Motion.

    The Defendant was inundated by a document drop on January 31, 2022 when the Plaintiff should have provided those documents long ago. The Defendant cannot be blamed for not filing a Motion to Compel or a Motion for a Default

Judgment due to the Requests for Admissions being deemed admitted. The Plaintiff recognized the defective nature of the assignments , which did not convey the mortgage, but refused to provide any documents or answer any interrogatories, other than vague references to documents which were not in compliance with the Request for Production and did not really answer the Interrogatories. It seeks to introduce documents of other parties, with gaps in the chain of title. For example the purported travel of this mortgage and note is the following:

A.   Option One Mortgage Corporation to Lehman Brothers Bank before October 1, 2003.

There is no document indicating this sale or assignment. Nor is there any original or authenticated loan schedule for this purported sale

B.   Lehman Brothers Bank to Lehman Brothers Holding, Inc. before October 1, 2003

There is no authenticated document or original document which indicates this sale or assignment. Nor is there any original or authenticated loan schedule for this purported sale.

C.   Lehman Brothers Holding, Inc. to Structured Asset Securitization Corporation before October 1, 2003

There is no authenticated document or original document which indicates this sale or assignment. Nor is there any original or authenticated loan schedule for this purported sale.

D.  Structured Asset Securitization Corporation to Structured Asset Investment Loan Trust 2003-BC11 prior to October 1, 2003.

There is no authenticated document or original document which indicates this sale or assignment. Nor is there any original or authenticated loan schedule for this purported sale.

    The Plaintiff seeks to present evidence from an employee of Ocwen Financial Corporation, Howard Handville who is a professional reader who will parrot whatever Plaintiff's Attorney wants him to state. PHH is not the repository of the documents which purport to be exhibits relating to the securitization of the actual trust.  These are internet documents which cannot be authenticated as they are photocopies with no verification by the original makers of these documents.

    The Plaintiff in its lack discovery responses has effectively denied Defendant any due process of law and any fair opportunity to discover the facts of this securitization by providing any actual responses.  For these reasons, Defendant needs more time to respond to this Motion in Limine and this Trial should be continued. The responses to the Requests for Admissions make it clear that there is

no such entity as the Plaintiff trust and that the four purported assignments of mortgage are all void under Rhode Island and Federal precedent. A void assignment is an assignment which cannot convey the mortgage because the grantor owns nothing to assign. Based on the admissions pursuant to Fed R Civ. Pro 36, and the affidavit of Dale Sugimoto, the President of Sand Canyon, Inc, fka Option One Mortgage Corporation, after April 2008 Option One Mortgage Corporation/Sand Canyon owned no mortgages and notes to assign.

In *Mruk v. Mortgage Electronic Registration Systems, Inc.* 82 A.3d 527 (2013)the Rhode Island Supreme Court held that a mortgagor could challenge a void assignment and defined "void" by referencing the Federal Court's seminal cases on void assignments in a foot note:

More recently, the United States District Court of the District of Rhode Island relied on the First Circuit's reasoning in the *Culhane* decision and concluded that Rhode Island law also provided the same protections to mortgagors and held that mortgagors have standing to challenge "'invalid, ineffective, or void' assignments, such as situations where **'the assignor had nothing to assign or had no authority to make an assignment to a particular assignee.'"** *Cosajay v. Mortgage Electronic Registration Systems, Inc.,* ___ F.Supp.2d ___, ___, 2013 WL 5912569, at *4 (D.R.I. 2013) (quoting *Culhane v. Aurora Loan Services of Nebraska,* 708 F.3d 282, 291 (1st Cir.2013)).

The purported assignments were all void since Option One Mortgage Corporation did not transfer anything to the Plaintiff by assignment or otherwise. The Plaintiff should not be allowed to sit back, not respond to discovery and then

on the eve of trial mail document drops and non-responsive answers and then to change its tact and seek to keep Defendant from challenging assignments, which essentially constitute fraud on the Court since Option One owned nothing to assign on December 15, 2008, July 15, 2011, February 22, 2013 or October 22, 2014.

Trial by Ambush should not be allowed by this Court.

For these reasons, Defendant should be allowed additional time to respond to the Motion In Limine and the Trial date should be continued due to the discovery misconduct of the Plaintiff and the deemed admissions, including the admission that the named Plaintiff trust does not exist in that name.

MASOUD SHAKOORI

By his Attorney

February 25, 2022

/s/ John B. Ennis

JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401)943-9230

Jbelaw75@gmail.com

## CERTIFICATION

I hereby certify that this document was served by electronic filing on all attorneys of record.

/s/ John B. Ennis