UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

U.S. BANK N.A AS TRUSTEE
FOR THE REGISTERED HOLDERS
OF THE STRUCTURED ASSET
SECURITIES CORPORATION, STRUCTURED
ASSET INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2003-BC11


                    VS                              CA: 17-CV-394 WES

MASOUND SHAKOORI ET AL


<u>INTERROGATORIES TO  PLAINTIFF, US BANK NATIONAL
ASSOCIATION AS TRUSTEE</u>

Defendant, Masoud Shakoori, by and through his counsel of record,

directs the following Interrogatories to Plaintiff, US Bank National

Association ("US Bank). Pursuant to FRCP 33,the following interrogatories

are to be answered under verification pursuant to the Federal Rules of Civil

Procedure within thirty ("30") days of service.  Please take notice that a

copy of your answers and responses to these discovery requests must be

served upon the undersigned within 30 days.  These discovery requests shall

be deemed continuing so as to require supplemental answers and responses

if you obtain further information between the time answers and responses

are served and the time of trial.

If you object to any of the following discovery requests based on a privilege, you must state each privilege you believe applies and provide sufficient explanation to allow Defendant to determine the applicability of the privilege. For your additional responsibilities, please see the Federal Rules of Civil Procedure.

<u>DEFINITIONS</u>

A.     The term "Document" means all writings of any kind, including the originals and all other non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to correspondence, memoranda, notes, diaries, desk or other calendars, statistics, letters, telegrams, minutes, business records, personal records, accountants' statements, account statements, contracts, reports, credit reports, studies, checks, statements, receipts, invoices, bills, return checks, summaries, pamphlets, books, inter-office and intra-office communications, notations of any sort of conversations or meetings, telephone call meetings or other communications, written agreements, bulletins, printed matter, computer printouts, teletypes, telefaxes, invoices, worksheets, all drafts, alterations, modifications, changes and amendments of any kind with respect to any of the foregoing, graphic or oral records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, electronic mail records, computer memory records such as hard disk drives and master back-up tapes, diskettes, or other devices such as zip drive records).

B.     The term "act" as used herein includes acts of every kind and description.

C.     The term "identify" or "describe" when used in reference to a "document" means to state:

a. The type of document (e.g., letter, memorandum, report, electronic mail records, notes, etc.);

b. The date of the document;

c. The name of the parties or parties who originated the document, their past or present position with the respondents, their general duties and responsibilities, their current physical location with the company, and their e-mail, telephone number and telephone extension;

d. The name and address of the current custodian of the document;

e. The name and current address of each signatory thereon;

f. The reason, in detail, for the preparation of the document;

g. The subject or subjects covered by the document;

h. The names, business addresses and titles of the persons to whom the document writing was directed; and

i. The name and address and title of each person who originated, read or received the document.

D.     The term "identify" as used herein in connection with a "person" or "persons" means to state the names, titles, the present employer of such "person" or "persons," the relationship of such person or persons to the Plaintiffs, and such person's current business address and business telephone number.

E.     The term "identify" as used herein with respect to or in connection with an "act" means to:

a. Furnish the date and place of the act;

b. Identify the person acting, the person for whom the act was performed, and the person against whom the act was directed; and

c. Describe in detail the act.

F.     The terms "describe" or "state" as used herein mean:

          a. Describe or state fully by reference to underlying facts rather than by ultimate facts or conclusions of law;

          b. Particularize as to the:

             i. Time;

             ii. Date;

             iii. Manner; and

             iv. Place.

G.    The term "oral communication" as used herein means and includes any face-to-face conversation, meeting, conference, telephone conversation, cell-phone conversation, computer conversation with voice mail, or any one for more of these or related devices.

H.    The term "person" or "persons" as used herein means and includes all natural persons, public and private corporations, associates, wholly owned affiliates or subsidiary corporations or any other form of a business association, and any other type of entity and the agents, employees, officers, deputies and representatives thereof.

I.    The terms "you" or "your" as used herein shall refer to the Plaintiff and any related or affiliated companies associated in any way therewith.

J.    All requests shall be deemed to include any documents made by, held by, or maintained in the files of any predecessor, successor, employee, agent or assignee of either one or all of the respondents.

K.    The term "the transaction" or "the transactions" or "account" or "accounts" when used herein without qualification means the transactions and accounts between or among the Defendant and the Plaintiff and all related activities and agents or assigns of either party.

L.    "You" and "your" include  US Bank and any one acting on your behalf.

M.      Option One Mortgage Corporation ("Option One) was the originating lender of Defendant's loan.

N.      US Bank Claims ("US Bank") claims to own Defendant's loan.

O.      Wells Fargo Bank, N.A. ("Wells Fargo") is a loan servicer.

P.      American Home Mortgage Servicing, Inc.("AHMSI") was a loan servicer.

Q.      Homeward Residential, Inc. ("Homeward Residential") was a loan servicer.

R.      Ocwen Loan Servicing, LLC ("Ocwen") is a loan servicer.

S.      Whenever the term "and/or" is used herein, the information called for should be set forth both in the conjunctive and disjunctive and wherever the information is set out in the disjunctive; it should be given separately for each and every element sought.

T.      The term "you" means US Bank and its employees, agents, attorneys and any other persons acting on its behalf.  When a request for production identifies or describes a document to be produced, such request shall mean all original writings of any nature whatsoever and all non-identical copies thereof in your possession,  custody or control regardless of where located and includes, but is not limited to, all papers, books, documents, records, checks, files, writings, drawings,  memoranda, letters (sent or received), contracts
(including original documents), invoices, repair orders and/or tickets, purchase orders, photographs, discs, tape recordings of any sort and any log and/or transcript  thereof, reports, studies, summaries, minutes, notes, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, faxes, electronic data, emails, computer files, and any other documents, including drafts and all copies thereof where applicable. In all cases where original and/or non-identical copies are not available, the request includes identical copies of original documents and copies of non-identical copies.

U.     The Trust is Structured Asset Investment Loan Trust, 2003-BC11.

V.     The term "Property" refers to real estate located at 1541 Ted Rod Road, Exeter,  Rhode Island.

W.      The term "Loan" refers to the loan made on or about July 16, 2003, by nominal lender, Option One  to Defendant.

X.     The term "Plaintiff" refers to US Bank and it shall be construed to mean not only the party answering in his, her, their and its own right, but shall also mean his, her, their and its agents, principals, advisors, attorneys or other representatives and all other persons acting on behalf of the answering party.

Y.     The term "communication" means verbal, oral or written statements or comments, or correspondence, e-mails, or letters.

Z.     The definitions referenced in the Trust Agreement, attached to these interrogatories is incorporated by reference. These definitions are located at the following weblink of the Securities and Exchange Commission from page 10 to page 47 of the Trust agreement:

https://www.sec.gov/Archives/edgar/data/1269112/000116231803000493/m91749.htm

aa.     DocX, LLC ("DOCX")was a limited liability company located in Alpharetta, Georgia.

bb.     Secutity Connections, Inc. ("SCI")  is an Idaho Corporation.

## GENERAL INSTRUCTIONS

Leave no answer blank.  If the answer to a question and/or paragraph

is "none" or "unknown", such statement must be written in the answer. If the

question is inapplicable, "N/A" must be written in the answer, along with the

reason(s) why such is the case. If an answer is omitted because of the claim

of privilege, the basis of the privilege is to be stated in detail. The answers

to this document shall reflect the cumulative knowledge of the party, all

agents, principals, employees, representatives and all other persons acting on

behalf of the answering party.

      If any of the following Interrogatories cannot be answered in full after

exercising due diligence to secure the information, please so state and

answer to the extent possible, specifying your inability to answer the

remainder, and state whatever information you have concerning the

unanswered portions.  If your answer is qualified, state the qualifications. All

information is to be divulged which is in the possession of Defendant, its

attorneys, investigators, agents, employees or other representatives.

      Where an individual Interrogatory calls for an answer which involves

more than one part, each part of the answer should be clearly set out so that

it is understandable.

      Each interrogatory shall be answered separately and fully in writing,

unless it is objected to, in which event, the reasons for the objections shall be

stated in lieu of an answer.  The answers are to be signed by the person

making them, and the objections signed by the attorney making them.

      The identification should be with sufficient particularity to meet the

requirements for its inclusion in a Request for Production of Documents,

pursuant to Rule 26 of the  Rules of  Federal Civil Rules Procedure.

As used herein, "affiliate", when used in relation to any person or

entity, means another person or entity who is owned or controlled (in whole

or in part) by, or is under common ownership or control (in whole or in part)

with, such person or entity.

If you intend to claim any privilege recognized in the law against

revealing any information which is requested, or producing any document,

or in revealing any document, in addition to the foregoing information, state

the applicable ones of the following: the date of and participants to any

communication; the number of pages of any document; the persons who

received such document; the relationship of such person to you; whether

such document contains facts, opinion, or both; and state the privilege you

intend to claim.

INTERROGATORIES

1.      Please identify and state the name, business address, employer,

current employment status and business telephone number of each person

who answered these interrogatories and each person who assisted, including

attorneys, accountants, employees of third party entities, or any other person

8

consulted, however briefly, on the content of any answer to these interrogatories, and indicate their personal knowledge regarding each interrogatory to which they provided the answer.

2.      Please identify all representatives, agents or employees of the Plaintiff with knowledge of the facts necessary to respond to each of the interrogatories contained herein and/or who assisted in the answering of these interrogatories and if more than one, identify each such representative providing the name, employer, business address, and business telephone number for each with a brief summary of the knowledge of each representative, agent or employee in regard to each respective interrogatory.

3.      Please state whether you claim to have ever possessed a legal interest, a beneficial interest, or no interest in the Note (Promissory Note) or Mortgage and identify any and all documents and clauses therein which gives you the interest(s) you claim.

4.      Please state the name, business address and business phone number of the person(s) or entity (ies) ("assignor") from whom you obtained the Note or the Mortgage along with the consideration paid and identify any and all documents and clauses therein which gave legal effect to the transfer of the Note to you or the assignment of the Mortgage to you.

5. Please identify any and all documents which reference a sale of the Note or the Mortgage from the origination of the note to the present.

6. Please state the name, address and phone number of all parties or entities who have provided servicing or subservicing of the Note or the Mortgage, the dates each began servicing or subservicing the note and the compensation paid and the dates paid for such servicing or subservicing of the Note and identify any and all documents and clauses therein which describe the authorization for and the servicing or subservicing of the Note.

7. Please state the factual basis upon which you base any allegations in your complaint.

8. Identify each person you contend has knowledge regarding any of the facts based upon which you base your complaint, including their business address, business phone number and a short summary of what knowledge they possess that is relevant to this Action.

9. If your response to any Request for Admission submitted by the Defendant is anything other than an unqualified admission, identify the complete factual basis for your response.

10. Has Defendant's loan been securitized?  If so please state the name and address and file number of the securitized trust along with the date of securitization and the consideration paid along with the name, address and

phone number of the Master Servicer and Trustee for said Trust.

11.     Please identify and describe each custodian for the Defendant's note or mortgage from origination to the present and the location of the Defendant's note from origination to the present.

12.     Please identify and describe any custodial agreement between the owner of Defendant's note and mortgage any custodian of the Defendant's note and mortgage from origination to the present, specifying the location of the Defendant's note from origination to the present.

13.     Please identify and describe all documents in the collateral file for the Defendant's loan identifying the document along with the date each document was placed in the collateral file.

14.     Please state each date that the note signed by the Defendant was indorsed by any person or persons along with the name, employer, job title, home and business address and telephone number of each indorser.

15.     Identify each person whom you expect to call as an expert witness at trial.  With respect to each such expert, state the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

16.    Please identify any documents upon which you base any defenses to the Defendant's affirmative defenses.

17.    Please indicate the owner of the mortgage note on December 15, 2008, July 15, 2011, February 22, 2013  and October 22, 2014 and identify all documents on which you base this answer.

18.    Please identify any power of attorney granted by LaSalle Bank, N.A. to Homeward Residential, Inc. to sign the purported Assignment of Mortgage dated February 22, 2013.

19.    Please identify any power of attorney granted by US Bank, to Ocwen to sign the purported Assignment of Mortgage dated October 22, 2014.

20.    Please identify each payment made by the Defendant on the mortgage loan account along with the amount of each payment and the date it was received by the loan servicer for the mortgage loan from origination to the present.

21.    Please identify each payment missed by the Defendant on the mortgage loan account along with the amount of each missed payment  from origination to the present.

22.    Please identify the exact name of the Trust, which claims to own the Defendant's mortgage.

23.    Has the promissory note ever been lost? If so please state the

date it was lost and all actions taken in order to locate the note, pursuant to

the provisions of R.I.G.L. 6A-3-309.


                                    MASOUD SHAKOORI

                                    By his Attorney

May 20,  2018

                                    /s/ John B. Ennis
                                    JOHN B. ENNIS, ESQ. #2135
                                    1200 Reservoir Avenue
                                    Cranston, RI 02920
                                    (401)943-9230
                                    Jbelaw75@gmail.com

<u>CERTIFICATION</u>

I hereby certify that I forwarded a copy of the above Interrogatories to

Plaintiff, to the following electronically on May 20, 2018:

John McNicholas
Walter Porr

<u>/s/ John B. Ennis, Esq.</u>