UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

U.S. BANK N.A AS TRUSTEE
FOR THE REGISTERED HOLDERS
OF THE STRUCTURED ASSET
SECURITIES CORPORATION, STRUCTURED
ASSET INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2003-BC11

              VS                     CA: 17-CV-394 WES

MASOUND SHAKOORI ET AL

## REQUEST FOR PRODUCTION

Pursuant to FRCP 34, the Defendant requests that Plaintiff, US Bank N.A. as Trustee ("US Bank") respond within 30 days to the following requests by producing the documents described herein for inspection and copying by the Defendant's attorney, John B. Ennis, Esq., at his law offices located at 1200 Reservoir Avenue, Cranston, Rhode Island 02920.

### INSTRUCTIONS

1. The documents subject to these requests are to be produced either as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests in accordance with FRCP 34.

14

2. Unless otherwise stated herein, each request set forth in the numbered paragraphs below seeks all responsive documents in the possession, custody, and control of you, your agents, attorneys, representatives or any other persons acting on your behalf. Each document shall be individually Bates-labeled or otherwise labeled so as to identify the specific person in whose possession, custody or control a document resided.

3. In the event that any documents responsive to the requests set forth in the numbered paragraphs below were, but no longer are, within your possession, custody, or control, state the circumstances and timing of the loss of possession, custody, or control, and the name of the person(s) or entities to which possession was transferred, if any.

4. If you cannot answer any of the following requests in full after exercising due diligence to secure the information to do so, please so state, answer to the extent possible, explain why you cannot answer the remainder, and provide a supplemental response when you obtain any information that would allow you to answer in full.

5. Each request for the production of documents is a request for the original of the final version of such document(s), although an identical

copy may be produced when an original is not available, as well as any non-identical drafts or non-identical copies of such document(s), including, without limitation, those that are non-identical by reason of notations or markings on the copies.

6. If any one of the requests for documents contained herein is claimed to be objectionable, state the portion of such request that is claimed to be objectionable, and the nature and basis of that objection.

7. If you contend that any responsive document is protected from disclosure by virtue of a privilege, supply a description of the information in question which shall provide, with respect to each such writing as part of such description thereof: (a) each privilege whereby you contend the contents of such writing are protected from disclosure; (b) each and every fact upon which you rely to support the claim of privilege; (c) the type of writing (e.g. letter, memorandum, telegram, facsimile, notes or memorandum of telephone conversations, etc.); (d) the date of each such writing; (e) the author(s) of each such writing; (f) the person(s) to whom each such writing was directed; (g) the person(s) to whom copies of each such writing were supplied; and (h) the general subject matter of each such writing.

8. If no documents exist that are responsive to a particular

request, please state that no responsive documents exist.

## DEFINITIONS

A. The term "Document" means all writings of any kind, including the originals and all other non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to correspondence, memoranda, notes, diaries, desk or other calendars, statistics, letters, telegrams, minutes, business records, personal records, accountants' statements, account statements, contracts, reports, credit reports, studies, checks, statements, receipts, invoices, bills, return checks, summaries, pamphlets, books, inter-office and intra-office communications, notations of any sort of conversations or meetings, telephone call meetings or other communications, written agreements, bulletins, printed matter, computer printouts, teletypes, telefaxes, invoices, worksheets, all drafts, alterations, modifications, changes and amendments of any kind with respect to any of the foregoing, graphic or oral records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, electronic mail records, computer memory records such as hard disk drives and master back-up tapes, diskettes, or other devices such as zip drive records).

B. The term "act" as used herein includes acts of every kind and description.

C. The term "identify" or "describe" when used in reference to a "document" means to state:

a. The type of document (e.g., letter, memorandum, report, electronic mail records, notes, etc.);

b. The date of the document;

c. The name of the parties or parties who originated the document, their past or present position with the respondents, their general duties and responsibilities, their current physical location with the company, and their e-mail, telephone number and telephone extension;

d. The name and address of the current custodian of the document;

e. The name and current address of each signatory thereon;

f. The reason, in detail, for the preparation of the document;

g. The subject or subjects covered by the document;

h. The names, business addresses and titles of the persons to whom the document writing was directed; and

i. The name and address and title of each person who originated read or received the document.

D. The term "identify" as used herein in connection with a "person" or "persons" means to state the names, titles, the present employer of such "person" or "persons," the relationship of such person or persons to the Plaintiffs, and such person's current business address and business telephone number.

E. The term "identify" as used herein with respect to or in connection with an "act" means to:

a. Furnish the date and place of the act;

b. Identify the person acting, the person for whom the act was performed, and the person against whom the act was directed; and

c. Describe in detail the act.

F. The terms "describe" or "state" as used herein mean:

a. Describe or state fully by reference to underlying facts rather than by ultimate facts or conclusions of law;

b. Particularize as to the:

i. Time;

ii. Date;

18

   iii. Manner; and

   iv. Place.

 G.  The term "oral communication" as used herein means and includes any face-to-face conversation, meeting, conference, telephone conversation, cell-phone conversation, computer conversation with voice mail, or any one for more of these or related devices.

 H.  The term "person" or "persons" as used herein means and includes all natural persons, public and private corporations, associates,

wholly owned affiliates or subsidiary corporations or any other form of a business association, and any other type of entity and the agents, employees, officers, deputies and representatives thereof.

 I.  The terms "you" or "your" as used herein shall refer to the Plaintiff and any related or affiliated companies associated in any way therewith.

 J.  All requests shall be deemed to include any documents made by, held by, or maintained in the files of any predecessor, successor, employee, agent or assignee of either one or all of the respondents.

 K.  The term "the transaction" or "the transactions" or "account" or "accounts" when used herein without qualification means the transactions and accounts between or among the Defendant and the Plaintiff and all related activities and agents or assigns of either party.

     L.    "You" and "your" include  US Bank and any one acting on your behalf.

    M.    Option One Mortgage Corporation ("Option One) was the originating lender of Defendant's loan.

    N.    US Bank Claims ("US Bank") claims to own Defendant's loan.

    O.    Wells Fargo Bank, N.A. ("Wells Fargo") is a loan servicer.

    P.    American Home Mortgage Servicing, Inc.("AHMSI") was a loan

servicer        .

    Q.    Homeward Residential, Inc. ("Homeward Residential") was a loan servicer.

    R.    Ocwen Loan Servicing, LLC ("Ocwen") is a loan servicer.

    S.    Whenever the term "and/or" is used herein, the information called for should be set forth both in the conjunctive and disjunctive and wherever the information is set out in the disjunctive; it should be given separately for each and every element sought.

    T.    The term "you" means US Bank and its employees, agents, attorneys and any other persons acting on its behalf.  When a request for production identifies or describes a document to be produced, such request shall mean all original writings of any nature whatsoever and all non-identical copies thereof in your possession,  custody or control regardless of where located and includes, but is not limited to, all papers, books, documents, records, checks, files, writings, drawings,  memoranda, letters (sent or received), contracts
(including original documents), invoices, repair orders and/or tickets, purchase orders, photographs, discs, tape recordings of any sort and any log and/or transcript  thereof, reports, studies, summaries, minutes, notes, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, faxes, electronic data, emails, computer files, and any other documents, including drafts and all copies thereof where applicable. In all cases where original and/or non-identical copies are not available, the request includes identical copies of original documents and copies of non-identical copies.

    U.    The Trust is Structured Asset Investment Loan Trust, 2003-BC11.

    V.    The term "Property" refers to real estate located at 1541 Ted Rod Road, Exeter,  Rhode Island.

    W.     The term "Loan" refers to the loan made on or about July 16, 2003, by nominal lender, Option One  to Defendant.

    X.    The term "Plaintiff" refers to US Bank and it shall be construed to mean not only the party answering in his, her, their and its own right, but

20

shall also mean his, her, their and its agents, principals, advisors, attorneys or other representatives and all other persons acting on behalf of the answering party.

  Y. The term "communication" means verbal, oral or written statements or comments, or correspondence, e-mails, or letters.

  Z. The definitions referenced in the Trust Agreement, attached to these interrogatories is incorporated by reference. These definitions are located at the following weblink of the Securities and Exchange Commission from page 10 to page 47 of the Trust agreement:

https://www.sec.gov/Archives/edgar/data/1269112/000116231803000493/m91749.htm

  aa. DocX, LLC ("DOCX")was a limited liability company located in Alpharetta, Georgia.

  bb. Security Connections, Inc. ("SCI") is an Idaho Corporation.

## REQUEST FOR PRODUCTION

1. Copies of the mortgage loan file and custodial file of the Defendant's loan.

2. Copies of any documents of the tracking of the Defendant's loan file from origination to the present.

3. Produce the original Promissory Note alleged to have been signed by Defendant to Option One.

4. Produce any allonge or transfer of the note.

5. Produce any power of attorney granted by LaSalle Bank, N.A. to Homeward Residential, Inc. to sign the purported Assignment of Mortgage dated February 22, 2013.

6. Produce any Power of Attorney power of attorney granted by US Bank, to Ocwen to sign the purported Assignment of Mortgage dated October 22, 2014.

21

7. Any documents indicating that the Defendant's loan has ever been included in a pool of loans belonging to a securitized trust.

8. Produce all assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by Defendant to this obligation in this account from the inception of this account to the present date.

9. Produce all letters, statements and documents sent to Plaintiff by Ocwen or any other loan servicer acting on behalf of US Bank.

10. Produce all letters, statements and documents contained in the account file of Defendant or imaged by Ocwen, any servicers or sub-servicers of this mortgage from the inception of this account to the present date. If none, state "none".

11. Produce all electronic transfers, assignments and sales of the note or asset, mortgage, deed of trust or other security instrument. If none, state "none".

12. Produce all copies of property inspection reports, appraisals, BPOs and reports done on the property of Defendant. If none, state "none".

13. Copies of an executed copy of the Trust Agreement for any securitized trust which has ever held Defendant's loan, including the Loan schedules

14. Copies of an executed copy of any loan purchase agreement, including the Defendant's loan, executed by any entity including the loan schedules.

15. Any documents showing a chain of transfer of the note and mortgage and other mortgage documents from the Originator to the present owner of the note and mortgage.

21. Any documents indicating the owner of the note and the mortgage on the following dates: December 15, 2008, July 15, 2011, February 22, 2013 and October 22, 2014.

22

22. Any default letter sent to the Defendant pursuant to the terms of the mortgage.

23. Any acceleration letter sent to the Defendant pursuant to the terms of the mortgage.

24. Any Notice of foreclosure sale sent to the Defendant pursuant to the terms of the mortgage.

25. Any notice sent to the Defendant pursuant to RIGL 34-27-3.1.

26. Any and all documents that US Bank used to answer any interrogatories or the request for admissions in this case.

27. Any documents upon which US Bank authorized Ocwen to send the Defendant a default letter.

28. Any documents indicating the possession and location of the mortgage note from the date of the Defendant's closing to the present.

29. A copy of all documents executed in regard to the securitization of the Defendant's loan.

30. Any and all documents indicating the identity of each person whom US Bank expects to call as an expert witness at trial along with any documents indicating the subject matter on which the expert is expected to testify and any and all documents indicating the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for such an opinion.

31. Any Custodial Agreement between US Bank and the Custodian of the collateral file.

32. Any custodial agreement from the origination of the mortgage loan executed by any custodian of the collateral file for the mortgage loan.

33. The electronic and paper log for the collateral file, including but not limited to any records indicating each time

that the Defendant's note was removed from the collateral file and each time documents were added to the collateral file since origination.

34. Copies of any documents of the tracking of the Defendant's loan file from origination to the present.

35. All documents indicating the Custodian of Defendant's loan documents from origination to the present.

36. Any documents indicating the log in and log out record of the vault or any location where the Defendant's collateral file and Promissory Note has been located from origination to present.

37. Copies of all requests for release of documents from the custodian to the entity receiving the mortgage loan file which includes proof of mailing,
i.e. - fed ex tracking number;

38. Inventory and transaction logs of the mortgage loan file;

39. Printed and electronic inventory of collateral loan file from Custodian;

40. Bar Code Chart for Defendant's loan with definitions;

41. All stored electronic data regarding the Bar Codes with all metadata;

42. Complete Collateral File tracking history from Custodian;

43. The electronic index to the custodian file.

44. The paper index for the custodian file.

45. Any and all documents upon which you base any denials of any of Defendant's affirmative defenses.

46. Any and all documents indicating the date and location of endorsement and transfer of the Defendant's note from origination to the present of the original note, including any allonges or endorsements to

the note;

47. Any documents indicating the owner of the note or the mortgage from origination to the present.

48. Any documents indicating the sale of the note or the mortgage from origination to the present.

49. The written reports of any and all expert witnesses, retained for trial, including the following information:

a.   a complete statement of all opinions the witness will express and the basis and reasons for them;

b.   the facts or data considered by the witness in forming them;

c.    any exhibits that will be used to summarize or support them;

d.    the witness's qualifications, including a list of all publications authored in the previous 10 years;

e.   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

f.    a statement of the compensation to be paid for the study and testimony in the case.

g.     If an expert witness has been retained for trial, but has not submitted a report, the following documents are requested:

h.    the subject matter on which the witness is expected to present evidence under Rule of Evidence 702, 703, or 705; and

i. a summary of the facts and opinions to which the witness is expected to testify.

51.   An exact reproduction of the life of loan mortgage transactional history for this loan on the contractual system of record used by the servicer from origination of the loan to the date of this letter. For purposes of identification,

25

the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

                                        MASOUD SHAKOORI
                                        By his Attorney

May 20, 2018

                                        /s/ John B. Ennis
                                        JOHN B. ENNIS, ESQ. #2135
                                        1200 Reservoir Avenue
                                        Cranston, RI 02920
                                        (401)943-9230
                                        Jbelaw75@gmail.com

## CERTIFICATION

      I hereby certify that I forwarded a copy of the above Request for Production to Plaintiff, to the following electronically on May 20, 2018:

John McNicholas
Walter Porr

                                              /s/ John B. Ennis, Esq.

28