UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11,<br><br>Plaintiff,<br><br>v.<br><br>MASOUD SHAKOORI-NAMINY a/k/a MASOUD SHAKOORI, BRENDA SHAKOORI-NAMINY, WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE FOR BEAR STEARNS SECOND LIEN TRUST 2007-SV1, MORTGAGE-BACKED CERTIFICATES, SERIES 2007-SV1, HERITAGE CONCRETE CORP., THE FIREPLACE LLC, STEPHEN E. MOTTAU and HALLINAN CAPITAL CORPORATION,<br><br>Defendants. | C.A. No. 17-CV-00394-WES-LDA |

## U.S. BANK, N.A., AS TRUSTEE'S SUPPLEMENTAL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, U.S. Bank, N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 ("U.S. Bank, as Trustee" or "Plaintiff"), provides the following supplemental response to Defendant, Masoud Shakoori-Naminy a/k/a Masoud Shakoori's ("Shakoori-Naminy" or "Defendant") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.  Plaintiff objects to Defendant's Instructions, Definitions, and Interrogatories to the extent they purport to impose obligations on Plaintiff beyond those required under the

Federal Rules of Civil Procedure, the local rules of the District of Rhode Island, the Court's orders, or any other applicable body of law.

2. Plaintiff objects to Defendant's Instructions, Definitions, and Interrogatories to the extent they call for information that is protected from disclosure by the attorney-client privilege, work product doctrine, insurer-insured privilege, or any other applicable privilege or protection. Defendants do not intend to waive any claim of privilege or protection by providing material or information pursuant to the Interrogatories. In the event that Plaintiff inadvertently discloses any privileged or protected material or information, it is not intended, and shall not be deemed, to be a waiver by Plaintiff of any applicable privilege or protection.

3. Plaintiff objects to Defendant's Instructions, Definitions, and Interrogatories to the extent that they seek confidential or proprietary business information.

4. Plaintiff objects to each of Defendant's Interrogatories that seek "all" documents or information. In the course of discovery, Plaintiff has made a good-faith search for responsive and relevant documents and information within their possession, custody, or control in those places where such documents and information are reasonably likely to be found. That search is ongoing, and Defendants will supplement its answers if necessary in accordance with the Federal Rules of Civil Procedure.

5. All responses below are subject to the foregoing general objections, and the foregoing general objections are not waived.

6. Plaintiff reserves the right to supplement these responses and objections based on additional information acquired during the course of discovery.

## U.S. BANK, AS TRUSTEE'S RESPONSES

1. Please identify and state the name, business address, employer, current employment status and business telephone number of each person who answered these

interrogatories and each person who assisted on the content of any answer to these interrogatories, and indicate their personal knowledge regarding each interrogatory to which they provided the answer.

**ANSWER**

Name: Howard Handville
Business Address: 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.
Employer: Ocwen Financial Corporation.
Occupation/Job Duties: Senior Loan Analyst.

I am answering these interrogatories as a Senior Loan Analyst employed by Ocwen Financial Corporation, whose wholly owned subsidiary is PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, the loan servicer and attorney-in-fact for U.S. Bank as Trustee ("PHH").

2.      Please identify all representatives, agents or employees of the Plaintiff with knowledge of the facts necessary to respond to each of the interrogatories contained herein and/or who assisted in the answering of these interrogatories.

**ANSWER**   No representative of U.S. Bank, as Trustee has personal knowledge of facts necessary to respond to these interrogatories.

**SUPPLEMENTAL ANSWER**   No representative, agent or employee has personal knowledge of facts necessary to respond to the interrogatories. All responses are provided based upon a review of business records maintained by U.S. Bank, as Trustee and its mortgage loan servicer PHH.

3.      Please state whether you claim to have ever possessed a legal interest, a beneficial interest, or no interest in the Note or Mortgage and identify all documents and clauses therein which gives you said interest.

**ANSWER**   U.S. Bank, as Trustee is the current holder of an Adjustable Rate Note that Defendant initialed and executed on July 16, 2003, which promised to repay a $315,400 loan with interest received from Option One Mortgage Corporation ("Option One"), which referenced property located at 1541 Ten Rod Road, Exeter, RI 02822-1910, and which Option One endorsed in blank by allonge. U.S. Bank, as Trustee is also the current holder of a July 16, 2003 Mortgage that the Defendant agreed to and executed in favor of Option One, which mortgage was recorded in the Land Evidence Records for the Town of Exeter at Book 0212, Page 1, and which was assigned to U.S. Bank, N.A., as Trustee by Assignment of Mortgage dated October 22, 2014 and recorded in the Land Evidence Records for the Town of Exeter at Book 464, Page 249.

**SUPPLEMENTAL ANSWER**   Pursuant to Fed. R. Civ. P. 33(d), U.S. Bank, as Trustee produces the following documents that further demonstrate U.S. Bank, as Trustee's possession of a legal interest in the mortgage loan: (1) Assignment and Assumption Agreement between Lehman Brothers Bank, FSB and Lehman Brothers Holdings, Inc. (Bates 000001-000210); (2) Mortgage Loan Sale and Assignment Agreement between Lehman Brothers Holdings, Inc. [seller] and Structured Asset Securities Corporation [purchaser] (Bates 000211-000241); (3) October 1, 2003 Trust Agreement for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates Series 2003-BC11 (Bates 00014-210); (4) LaSalle Bank, N.A.'s June 24, 2009 resignation as trustee (Bates 000442); (5) U.S. Bank N.A.'s appointment as trustee (Bates 000431-441); and (6) Schedule of Loans transferred into trust (Bates 000272-000277).[1]

4.   Please state the name and contact information of the person(s) or entity(ies) ("assignor") from whom you obtained the Note or Mortgage along with consideration paid and

---

[1] The Schedule of Loans produced is redacted so that only Defendant's loan is listed among all of the loans included in the trust.

identify any and all documents and clauses therein which gave legal effect to the transfer of the Note to you or the assignment of mortgage to you.

**ANSWER**   U.S. Bank, as Trustee objects to this Interrogatory on the grounds that Defendant's request for the consideration paid to obtain the Note and Mortgage is irrelevant to any party's claim or defense in this action. Without waiving the forgoing objection, and in accordance with Fed. R. Civ. P. 33(d), U.S. Bank, as Trustee refers Defendant to the Note and Assignments of Mortgage attached as exhibits to the Complaint and the Amended Complaint filed in this action.

**SUPPLEMENTAL ANSWER**   U.S. Bank, as Trustee also refers Defendant to their Supplemental Answer to Interrogatory No. 3.

5.   Please identify all documents which reference a sale of the Note or the Mortgage from the origination of the note to the present.

**ANSWER**   U.S. Bank, as Trustee objects to this Interrogatory on grounds that the information sought is irrelevant to any party's claim or defense in this action. Without waving the forgoing objection, and in accordance with Fed. R. Civ. P. 33(d), U.S. Bank, as Trustee refers Defendant to the allonge to the Note and the Assignments of Mortgage attached as exhibits to the to the Complaint and Amended Complaint filed in this action.

**SUPPLEMENTAL ANSWER**   U.S. Bank, as Trustee also refers Defendant to their Supplemental Answer to Interrogatory No. 3.

6.   Please state name and contact information of all parties or entities who have provided servicing or subservicing of the Note or Mortgage and the dates each servicing or subservicing arrangements and identify all documents and clauses therein which describe the authorization for and the servicing or subservicing of the Note.

1019463\309689527.v1

**ANSWER**   U.S. Bank, N.A., as Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant to any claims or defenses in this matter. Without waiving the forgoing objection, PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, has serviced the loan and operated as and attorney-in-fact for U.S. Bank as Trustee at all times since December 27, 2012. Prior to December 27, 2012, Homeward Residential, f/k/a American Home Mortgage Servicing, Inc. serviced the loan. Prior to October 1, 2003, Option One serviced Defendant's mortgage loan.

7. Please state the factual basis upon which you base any allegations in your complaint.

**ANSWER**   U.S. Bank, N.A., as Trustee objects to this Interrogatory as overly broad and unduly burdensome. Without waiving the forgoing objection, U.S. Bank, N.A., as Trustee refers the Defendant to each of the exhibits appended to the Complaint and the Amended Complaint for all facts in support of U.S. Bank, as Trustee's allegations and claims.

8. Identify each person you contend has knowledge regarding any of the facts based upon which you base your complaint, including their contact information and a short summary of what knowledge they possess that is relevant to this Action.

**ANSWER**   No representative of U.S. Bank, as Trustee has personal knowledge regarding any of the facts in the Complaint and the Amended Complaint.

**SUPPLEMENTAL ANSWER**   No agent of U.S. Bank, as Trustee has personal knowledge regarding any of the facts in the Complaint and Amended Complaint. All allegations, claims, information and discovery responses in this litigation are provided based upon a review of business records maintained by U.S. Bank, as Trustee and its mortgage loan servicer PHH.

9. If your response to any Request for Admission submitted by the Defendant is anything other than an unqualified admission, identify the complete factual basis for your response.

**ANSWER**  U.S. Bank, as Trustee objects to this Interrogatory as overly broad and unduly burdensome on the grounds that there were several Requests for Admission that were not answered with an unqualified admission. Without waving the forgoing objection, the factual basis for any response to discovery is contained within the Complaint, the Amended Complaint U.S. Bank, N.A. as Trustee filed in this action and all exhibits attached to both of these filings.

10. Has Defendant's loan been securitized? If so, please state the name and address and file number of the securitized trust along with date of securitization and the consideration paid along with name, address and phone number of the Master Servicer and trustee for said Trust.

**ANSWER**  U.S. Bank, as Trustee objects to this Interrogatory on grounds that the information sought is irrelevant to any of the claims made in this case. Without waving the foregoing objection, please see the Pooling and Servicing Agreement produced in accordance with Fed. R. Civ. P. 33(d) and attached as *Exhibit A*.

**SUPPLEMENTAL ANSWER**  U.S. Bank, as Trustee also refers Defendant to their Supplemental Answer to Interrogatory No. 3.

11. Please identify and describe each custodian for the Defendant's Note or Mortgage from origination to the present and the location of the Defendant's note from origination to the present.

**ANSWER**  U.S. Bank, N.A., as Trustee objects to this Interrogatory on grounds that the information sought is irrelevant to any of the claims made in this case. Without waving the

foregoing objection, please see the Pooling and Servicing Agreement produced in accordance with Fed. R. Civ. P. 33(d) and attached as *Exhibit A*.

12. Please identify and describe any custodial agreement between the owner of Defendant's note and mortgage any custodian of the Defendant's note and mortgage from origination to the present, specifying the location of the Defendant's note from origination to the present.

**ANSWER** U.S. Bank, N.A., as Trustee objects to this Interrogatory on grounds that the information sought is irrelevant to any of the claims made in this case. Without waving the foregoing objection, please see the Pooling and Servicing Agreement produced in accordance with Fed. R. Civ. P. 33(d) and attached as *Exhibit A*.

**SUPPLEMENTAL ANSWER** U.S. Bank, as Trustee does not have any custodial receipts in possession for the Defendant's loan.

13. Please identify and describe all documents in the collateral file for the Defendant's loan identifying the document along with the date each document was placed in the collateral file.

**ANSWER** U.S. Bank, as Trustee objects to this Interrogatory on grounds that the request seeks information that is irrelevant to any claims made in this case. Without waving the forgoing objection, U.S. Bank, as Trustee has made the collateral file available to Defendant's counsel for review and copy at a mutually agreeable time and provided a scanned copy of the original promissory note to Defendant's counsel by e-mail on May 11, 2021.

**SUPPLEMENTAL ANSWER** Please see a complete copy of the collateral file previously produced in accordance with Fed. R. Civ. P. 33(d).

14. Please state each date that the note signed by the Defendant was indorsed by any person or persons along with the name, employer, job title, home and business address and telephone number of each indorser.

**ANSWER** U.S. Bank, as Trustee objects to Interrogatory on grounds that the request seeks information that is irrelevant to any claims made in this case. Without waiving the forgoing objection, U.S. Bank, as Trustee refers Defendant to the Note produced in accordance with Fed. R. Civ. P. 33(d).

**SUPPLEMENTAL ANSWER** The face of the Note produced to Defendant identifies and indicates all dates and information applicable to the date the Note was indorsed and who indorsed the Note.

15. Identify each person whom you expect to call as an expert witness at trial. With respect to each such expert, state the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

**ANSWER** U.S. Bank, as Trustee objects to this request as it seeks premature disclosure of expert opinion in violation of Fed. R. Civ. P. 26. Without waiving the aforementioned objection, U.S. Bank as Trustee has not decided which, if any, expert witnesses may be called at trial; insofar as this request seeks to ascertain the identity, writings and opinions of U.S. Bank as Trustee's experts who have been retained or utilized to date solely as an advisor or consultant, the request impermissibly seeks documents or information protected by the work-product privilege.

16. Please identify any documents upon which you base any defenses to the Defendant's affirmative defenses.

1019463\309689527.v1

**ANSWER**   U.S. Bank, as Trustee objects to this Interrogatory as overly broad and unduly burdensome. Without waiving the aforementioned objection, U.S. Bank, N.A. as Trustee relies upon all of the documents included as exhibits to the complaint filed in this matter.

**SUPPLEMENTAL ANSWER**

**First Affirmative Defense:** Defendant does not specificy any particular defense.

**Second Affirmative Defense:** The October 1, 2003 Pooling and Servicing Agreement, the Assignments of Mortgage, and all documents within the collateral file previously produced or made available to Defendant for review.

**Third Affirmative Defense:** The October 1, 2003 Pooling and Servicing Agreement, the Assignments of Mortgage, and all documents within the collateral file previously produced or made available to Defendant for review.

**Fourth Affirmative Defense:** The promissory note with allonge included in the collateral file, copy of which was previously produced to Defendant and the original note that was provided to Defendant's counsel for review.

**Fifth Affirmative Defense:** The promissory note with allonge included in the collateral file, copy of which was previously produced to Defendant and the original note that was provided to Defendant's counsel for review.

**Sixth Affirmative Defense:** No documents are available because "personal knowledge of matters or information" is not required to sign a verification. Instead, a verification can be signed based upon review of records kept in the ordinary course of business.

**Seventh Affirmative Defense:** The October 1, 2003 Pooling and Servicing Agreement, the Assignments of Mortgage, and all documents within the collateral file previously produced or made available to Defendant for review.

**Eighth Affirmative Defense:** The October 1, 2003 Pooling and Servicing Agreement, and all Assignments of Mortgage.

**Ninth Affirmative Defense:** The Mortgage and Promissory Note.

**Tenth Affirmative Defense:** This statement does not appear to be a defense to the case and instead an allegation to which there are no documents U.S. Bank, as Trustee would produce in response.

**Eleventh Affirmative Defense:** See U.S. Bank, as Trustee's response to the Fourth Affirmative Defenses.

**Twelfth Affirmative Defense:** The October 1, 2003 Pooling and Servicing Agreement, the Assignments of Mortgage, and all documents within the collateral file previously produced or made available to Defendant for review.

**Thirteenth Affirmative Defense:** There are no documents in response to this defense that raises a legal issue over the demand for fees and costs incurred following a bankruptcy discharge.

**Fourteen Affirmative Defense:** There are no documents in response to this defense that raises a legal issue over U.S. Bank, as Trustee's request for relief.

17.     Please indicate the owner of the mortgage note on December 15, 2008, July 15, 2011, February 22, 2013 and October 22, 2014 and identify all documents on which you base this answer.

**ANSWER**     U.S. Bank, as Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant to any party's claim or defense in this action. Without waiving the aforementioned objection, U.S. Bank, N.A., as Trustee has possessed the Note at all

times during which U.S. Bank, N.A., as Trustee has owned the loan and sought to enforce the terms of the agreement following Defendant's default.

18.     Please identify any power of attorney granted by LaSalle Bank, N.A. to Homeward Residential, Inc. to sign the purported Assignment of Mortgage dated February 22, 2013.

**ANSWER**     U.S. Bank, as Trustee objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense in this action. Without waiving the aforementioned objection, U.S. Bank, as Trustee is attempting to locate the power of attorney and will provide once located.

**SUPPLEMENTAL ANSWER**     U.S. Bank as Trustee is unable to locate the Power of Attorney information requested in this interrogatory.

19.     Please identify any power of attorney granted by US Bank, to Ocwen to sign the purported Assignment of Mortgage dated October 22, 2014.

**ANSWER**     U.S. Bank, as Trustee objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense in this action. Without waiving the aforementioned objection produces the POAs in accordance with Fed. R. Civ. P. 33(d) attached as *Exhibit B*.

20.     Please identify each payment made by the Defendant on the mortgage loan account along with the amount of each payment and the date it was received by the loan servicer for the mortgage loan from origination to the present.

**ANSWER**     In accordance with Fed. R. Civ. P. 33(d), attached as *Exhibit C* please find loan payment history.

**SUPPLEMENTAL ANSWER**   In accordance with Fed. R. Civ. P. 33(d), U.S. Bank as Trustee produces all account histories for the Defendant's loan (Bates 000242-000261).

21.   Please identify each payment missed by the Defendant on the mortgage loan account along with the amount of each missed payment from origination to the present.

**ANSWER**   Please see U.S. Bank, as Trustee's response to Interrogatory No. 20.

22.   Please identify the exact name of the Trust, which claims to own the Defendant's mortgage.

**ANSWER**   U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11

23.   Has the promissory note ever been lost? If so please state the date it was lost and all actions taken in order to locate the note, pursuant to the provisions of R.I.G.L. 6A-3-309.

**ANSWER**   No.

As to objections:

    Respectfully submitted,

    U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11

    By: Its Attorney

    /s/ *Samuel C. Bodurtha*
    Samuel C. Bodurtha, Bar No. 7075
    HINSHAW & CULBERTSON LLP
    56 Exchange Terrace, 5th Floor
    Providence, RI  02903
    Tel: 401-751-0842/Fax: 401-751-0072
    Email:  sbodurtha@hinshawlaw.com

Dated:   February 2, 2022

AS TO RESPONSES:

## VERIFICATION

The foregoing interrogatory answers are true and accurate to the best of my knowledge and belief and were made from the regularly kept business records of Ocwen Financial Corporation, whose wholly owned subsidiary is PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, the loan servicer and attorney-in-fact for U.S. Bank as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-B11

By: _____
Name: Howard R. Handville

State of Florida                )
                                ): ss
County of Broward               )

BEFORE ME, the undersigned authority, personally appeared Howard R. Handville, Senior Loan Analyst of Ocwen Financial Corporation, who, being first duly sworn, under oath, deposes and says that the attached Answers to Interrogatories propounded on the 31st day of January, 2022, are true and correct to the best of his knowledge, and belief and that he has read the Answers and knows the contents thereof. He has produced a valid Florida Driver's License as identification.

WITNESS my hand and official seal this 31st day of January, 2022.

_____
Print Name: Jelani Williams
Notary Public, State of Florida
My Commission Expires: 6/30/2025



JELANI WILLIAMS
Commission # HH 147487
Expires June 30, 2025
Bonded Thru Budget Notary Services

15

1019463\309689527.v1

## CERTIFICATE OF SERVICE

    I, Samuel C. Bodurtha, hereby certify that this document was served on all counsel this case via e-mail and U.S. Mail on February 2, 2022.

                                                     /s/ *Samuel C. Bodurtha*
                                                     Samuel C. Bodurtha, Bar #7075

1019463\309689527.v1