UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND


U.S. BANK N.A AS TRUSTEE

FOR THE REGISTERED HOLDERS

OF THE STRUCTURED ASSET

SECURITIES CORPORATION, STRUCTURED

ASSET INVESTMENT LOAN TRUST

MORTGAGE PASS-THROUGH

CERTIFICATES, SERIES 2003-BC11



VS                               CA: 17-CV-394 WES


MASOUND SHAKOORI ET AL


MOTION IN LIMINE AND MOTION FOR DEFAULT JUDGMENT AND SANCTIONS
PURSUANT TO FRCP 37

Defendant by his attorney  files this Motion in Limine and for Sanctions pursuant to Fed.

R. Civ. Pro. 37.  Plaintiff has proposed certain  Trial Exhibits, which it seeks to introduce into

evidence.   These Exhibits are referenced in the attached Exhibit List provided by Plaintiff. The

Exhibits, which are the scope of this Motion are as follow:

July 16, 2003 $315,400 Adjustable Rate Note with Option One Mortgage Corporation ("Option
One") *Exhibit C*.

October 1, 2003 Assignment and Assumption Agreement between Lehman Brothers Bank, FSB
and Lehman Brothers Holdings, Inc., *Exhibit G*.

October 1, 2003 Mortgage Loan Sale and Assignment Agreement, *Exhibit H*.

October 1, 2003 Trust Agreement, *Exhibit I*.

October 1 2003 Servicing Agreement, *Exhibit J*.

October 1, 2003 Mortgage Loan Schedule, *Exhibit K*.

April 30, 2008 American Home Mortgage Servicing, Inc. ("AHMSI") Purchase Agreement, *Exhibit L.*

June 30, 2009 Notices of Resignation and Appointment of Trustee, *Exhibit M*.

Loan Payment History, *Exhibit R.*

December 15, 2008 Assignment of Mortgage, *Exhibit EE.*

July 15, 2011 Assignment of Mortgage, *Exhibit FF*

February 22, 2013 Assignment of Mortgage, *Exhibit GG.*

On October 22, 2014, Assignment of Mortgage, *Exhibit HH.*

For multiple reasons, these documents should not be admitted into evidence.

## THE PURPORTED ASSIGNMENTS OF MORTGAGE WERE ESTABLISHED AS VOID ASSIGNMENTS PURSUANT TO PLAINTIFF'S REFUSAL TO RESPOND TO REQUESTS FOR ADMISSIONS

A review of the discovery propounded Plaintiffs seek to admit into evidence four purported the following purported Assignments of mortgage.  The first purported assignment of mortgage was an assignment dated December 15, 2008 referenced as Exhibit EE.  This purported assignment bore the name of Linda Green and  had a notarization bearing the name of Bailey Kirchner. This document purported to assign the mortgage and note from American Home Mortgage Servicing, Inc. to LaSalle Bank National Association as Trustee for Structured Asset Securities Corporation, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11.

The second purported assignment was dated July 15, 2013 as a Confirmatory Assignment from Sand Canyon Corporation to LaSalle Bank National Association as Trustee for Structured Asset Securities Corporation, Structured Asset Investment Loan Trust Mortgage Pass-Through

Certificates, Series 2003-BC11.  This document bore the name of Tonya Hopkins, claiming to be Assistant Secretary of Sand Canyon Corporation.

The Third purported assignment was dated February 22, 2013 from LaSalle Bank National Association as Trustee for Structured Asset Securities Corporation, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11 to US Bank, National Association as Trustee for  Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates,. Series 2003-BC11. This bore the name of Pamela Stoddard claiming to be an Assistant Secretary of American Home Mortgage Servicing, Inc.

The fourth purported assignment of mortgage was dated October 22, 2014 from US Bank, National Association as Trustee for  Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates,. Series 2003-BC11 to US Bank, N.A. as  Trustee for  the Registered Holders of Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates,. Series 2003-BC11. This document bore the name of Brandy Perns as an Authorized Signer of Ocwen Loan Servicing, LLC as attorney in fact for U.S. Bank

These four documents cannot be considered by the Court and should not be admitted into evidence because of the failure to respond to Requests for Admissions. Due to the failure to respond to these within thirty days, the following statements were deemed admitted by Plaintiff's refusal to respond to these Requests For Admissions in a timely manner. These Requests for Admissions were transmitted to Plaintiff's previous counsel on May 19, 2018 and were not responded to within thirty days.  Thus all these statements in the Request for Admissions are deemed admitted for purposes of this litigation:

1. On December 15, 2008 , Option One was not owed any

indebtedness under the Defendant's note.

2. On December 15, 2008 Option did not own Defendant's note.

3. On December 15, 2008 Option One did not own Defendant's

mortgage.

4. On December 15, 2008, La Salle Bank National Association as

Trustee for Structured Asset Securities Corporation Structured Asset

Investment Loan Trust Mortgage Pass-Through Certificates, Series

2003-BC11("LaSalle as Trustee" did not purchase Defendant's

Mortgage from any entity.

5. On December 15, 2008, La Salle Bank as Trustee did not purchase Defendant's note from any entity.

6. La Salle as Trustee did not provide any consideration to any entity on December 15, 2008.

7. No entity with the name of Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11 has ever existed.

8. La Salle Bank, National Association was never the trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11.

9. The purported assignment referenced as Exhibit 5 to the complaint was not signed by Linda Green.

10. The purported witness to the purported assignment referenced as

Exhibit 5 to the complaint was not signed by Tywanna Thomas.

11. The purported notarization to the purported assignment referenced as Exhibit 5 to the complaint was not signed by Bailey Kirchner.

12. Exhibit A is a genuine and authentic copy of a complaint filed by

AHMSI against DocX, LLC and Lender

13. Lender Processing Services, Inc. ("LPS") was the parent company of DocX, LLC.

14. Linda Green was never an officer of AHMSI.

15. Exhibit B is a genuine and authentic copy of a Consent Order of

the Board of Governors of the Federal Reserve System, the Federal

Deposit Insurance Corporation, the Office of Comptroller of the Currency,

the Office of Thrift Supervision, Lender Processing Services, Inc.,

DocX, LLC and LPS Default Solutions, Inc., dated April 13, 2011.

16. Option One did not own Plaintiff's mortgage on July 15, 2011.

17. On March 18, 2009, an affidavit was filed in the United States Bankruptcy Court for the Eastern District of Louisiana in case number 07-11862.

18. Exhibit C is a genuine and authentic of the affidavit referenced in Request for Admission 17.

18. The original of Exhibit C was signed by Dale Sugimoto.

19. Dale Sugimoto on March 18, 2009 was the President of Sand Canyon.

20. On March 18, 2009 Sand Canyon did not own any residential real estate mortgages.

21. On July 15, 2011 Option One did not own any residential real estate mortgages.

22. On December 15, 2008 Option One did not own any residential real estate mortgages.

23. On July 15, 2011, Sand Canyon did not own any residential real estate mortgages.

24. On December 15, 2008 Sand Canyon did not own Defendant's mortgage.

25. On December 15, 2008 Sand Canyon did not own Defendant's note.

26. La Salle Bank as Trustee did not provide any consideration to Sand Canyon for Defendant's note on July 15, 2011.

27. La Salle Bank as Trustee did not provide any consideration to Sand Canyon for Defendant's mortgage on July 15, 2011.

28. La Salle Bank as Trustee never purchased Defendant's mortgage from Sand Canyon at any time.

29. La Salle Bank as Trustee never purchased Defendant's note from Sand Canyon at any time.

30. La Salle Bank as Trustee did not provide any consideration for Defendant's mortgage to Sand Canyon on July 15, 2011.

31. Exhibit 6 to the complaint was not signed by an officer of Sand

Canyon.

32. Tonya Hopkins was not an officer of Sand Canyon on July 15, 2011.

33. Tonya Hopkins was an employee of AHMSI on July 15, 2011.

34. Tonya Hopkins did not sign the purported assignment dated July 15, 2011.

35. La Salle Bank National Association did not exist as an entity on February 22, 2013.

36. La Salle Bank National Association merged with Bank of America, N.A. on October 17, 2008.

37. On February 22, 2013, La Salle Bank National Association no longer existed as an entity.

38. On February 22, 2013 La Salle Bank as Trustee did not own Defendant's mortgage.

39. La Salle Bank as Trustee never granted a power of attorney to Homeward Residential, Inc., authorizing it to sign an assignment of mortgage from La Salle Bank as Trustee to U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 on February 22, 2013.

40. U.S. Bank National Association was never a Trustee for an entity named Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11.

41. There is no such entity named Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC1.

42. Pamela Stoddard was not an officer of Homeward Residential on February 22, 2013.

43. Pamela Stoddard was never an officer of Homeward Residential on February 22, 2013.

44. Pamela Stoddard was an employee of Security Connections, Inc. on February 22, 2013.

45. Pamela Stoddard did not sign the purported assignment dated February

22, 2013.

These Admissions establish that the first two purported assignments were void because Sand Canyon Corporation, f/k/a Option One Mortgage Corporation, based on the affidavit of Dale Sugimoto, the President of Sand Canyon, Option One did not own Plaintiff's note or mortgage on December 15, 2008 or July 15, 2011 or at any time thereafter. Thus any assignment was void because Option One/Sand Canyon owned nothing to assign, including Defendant's mortgage or note on those dates and thereafter. The Admissions also establish that the persons whose names are affixed to the third and fourth purported assignments did not in fact sign these documents. In addition, these admissions establish that the named Plaintiff does not and has never existed.

More troubling is the attempt by PHH Mortgage Corporation the loan servicer in this case to introduce into evidence fraudulent documents not signed by the named signers. Particularly troublesome is the attempt to have a "Linda Green" assignment introduced into evidence. The name Linda Green is the name of a person, whose name was affixed to assignments of mortgage by a company known as DOCX, LLC. This company was a subsidiary of Lender Processing Servicers, Inc. LLC, both of which entered into a Consent Order with thethe Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the Office of Comptroller of the Currency, the Office of Thrift Supervision dated April 13, 2011. In this Consent Order these companies agreed not to create or file false assignments and acknowledged such deceptive practices. In addition, Ocwen Financial Corporation on December 19, 2013 entered into a Consent Order with the Consumer Financial Protection Bureau in which it acknowledged certain deceptive practices and agreed:

Servicer shall ensure that mortgage assignments executed by or on behalf of Servicer are executed with appropriate legal authority, accurately reflective of the completed transaction and properly acknowledged

This Consent Order was entered into by the Rhode Island Attorney General. Ocwen/PHH Mortgage Corporation, its subsidiary, knows that the DOCX, LLC assignment was fraudulent, yet through LPS Default Solutions, Inc. prepared a similarly false "Confirmatory Assignment". It also knows that after 2008 Option One/Sand Canyon did not own Defendant's mortgage or note, yet created more fraudulent documents in an attempt to have this Court affirm the legitimacy of false document.

Lorraine Brown, the President of DOCX. LLC and the company,   was charged by the United States of America in the United State District Court for the Middle District of Florida. She was sentenced to Federal prison and the company forfeited its assets. The  Information and the Plea Agreement is attached to this memorandum.  Ocwen Financial Corporation cannot suggest that it is not aware of the extent of this fraud due to its admission in the CFPB Consent Order. The complaint alleged:

- o   Robo-signing foreclosure documents, including preparing, executing, notarizing, and filing affidavits in foreclosure proceedings with courts and government agencies without verifying the information.

 The Lawsuit against LPS and DOCX indicate the extent of the fraud. The Plaintiff admitted that this complaint was an authentic copy of that complaint. In that complaint American Home Mortgage Servicing, Inc. alleged that LPS and DOCX engaged in surrogate signing of assignments of mortgages, the same practice PHH asks this Court to approve.

Plaintiff, in this case made the following false allegation vouching for the validity of the

Linda Green assignment:

On December 15, 2008, AHMSI, purporting to be the successor-in-interest to Option One Mortgage Corporation, executed an assignment of the Mortgage to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11, which assignment was recorded with the LER on December 26, 2008, in Book 348, Page 43. A certified copy of said Assignment is attached hereto as Exhibit 13.

It also made a similar false allegation vouching for the validity of the Tonya

Hopkins assignment:

35. On July 15, 2011, Sand Canyon Corporation f/k/a Option One Mortgage Corporation executed a Corrective Assignment of the Mortgage in favor of LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11, which assignment was recorded with the LER on July 29, 2011 in Book 401, Page 210. A certified copy of said Assignment is attached hereto as Exhibit 14.

It is aware that Option One owned nothing to assign on this date. Despite this actual knowledge

of the defects in these two documents, it further alleges::

77. Alternatively, in the event that the Court should find that one or more of the assignments of Mortgage are invalid, then U.S. Bank, as the holder of the Note, seeks an equitable assignment of the Mortgage (1) as of October 1, 2003, when the Note and Mortgage were securitized as part of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, for which U.S. Bank currently serves as the Trustee, or, (2) as of December 15, 2008, when AHMSI, purporting to be the successor-in-interest to Option One Mortgage Corporation when in fact it was the Loan Servicer, executed an assignment of the Mortgage to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11, or (3) as of February 22, 2013, LaSalle Bank, N.A., as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, by Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc., its attorney-in-fact, assigned the Mortgage to U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11.

The proposed findings of fact contain the following purported findings of fact which Plaintiff

knows are not accurate and are predicated on these false and void assignments

29. On December 15, 2008, AHMSI, claiming to be the successor-in-interest to Option One, attempted to assign the Mortgage to LaSalle Bank, N.A., as Trustee, by assignment recorded in the Exeter Land Evidence Records. (12/15/2008 Assignment, Exhibit EE.)

30. On July 15, 2011, Sand Canyon Corporation f/k/a Option One Mortgage Corporation attempted to assign the Mortgage to LaSalle Bank, N.A., as Trustee, by corrective assignment recorded in the Exeter Land Evidence Records. (07/15/2011 Assignment, Exhibit FF.)

31. On February 22, 2013, LaSalle Bank, N.A., as Trustee, by Homeward Residential f/k/a AHMSI, its attorney in fact, attempted to assign the Mortgage to U.S. Bank, N.A., as Trustee by assignment recorded in the Exeter Land Evidence Records. (02/22/2013 Assignment, Exhibit GG.)

32. On October 22, 2014, U.S. Bank, N.A., as Trustee attempted to assign the Mortgage to itself by assignment recorded in the Exeter Land Evidence Records (10/22/2014 Assignment, Exhibit HH.)
 The Plaintiff knew when it filed this case that there was a problem with the assignments. This

case was not filed by current counsel who had nothing to do with the false allegations in this

complaint and amended complaint.

Another issue on which Plaintiff is precluded are the following admissions, which

establish that this Plaintiff does not exist at all and that LaSalle Bank was never the trustee for

the purported trust:

**4. On December 15, 2008, La Salle Bank National Association as**

**Trustee for Structured Asset Securities Corporation Structured Asset**

**Investment Loan Trust Mortgage Pass-Through Certificates, Series**

**2003-BC11("LaSalle as Trustee" did not purchase Defendant's**

**Mortgage from any entity.**

**5. On December 15, 2008, La Salle Bank as Trustee did not purchase Defendant's note from any entity.**

**6. La Salle as Trustee did not provide any consideration to any entity on December 15, 2008.**

**7. No entity with the name of Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11 has ever existed.**

**8. La Salle Bank, National Association was never the trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11.**

**35. La Salle Bank National Association did not exist as an entity on February 22, 2013.**

**36. La Salle Bank National Association merged with Bank of America, N.A. on October 17, 2008.**

**37. On February 22, 2013, La Salle Bank National Association no longer existed as an entity.**

**38. On February 22, 2013 La Salle Bank as Trustee did not own Defendant's mortgage.**

**39. La Salle Bank as Trustee never granted a power of attorney to Homeward Residential, Inc., authorizing it to sign an assignment of mortgage from La Salle Bank as Trustee to U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 on February 22, 2013.**

**40. U.S. Bank National Association was never a Trustee for an entity named Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11.**

**41. There is no such entity named Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC1.**

These admissions establish that the Plaintiff does not exist under this name and that the assignments of mortgage were all void. The responses to the Requests for Admissions make it clear that there is no such entity as the Plaintiff trust and that the four purported assignments of mortgage are all void under Rhode Island and Federal precedent. A void assignment is an assignment which cannot convey the mortgage because the grantor owns nothing to assign.

Based on the admissions pursuant to Fed R Civ. Pro 36, and the affidavit of Dale Sugimoto, the President of Sand Canyon, Inc, fka Option One Mortgage Corporation, after April 2008 Option One Mortgage Corporation/Sand Canyon owned no mortgages and notes to assign.

In *Mruk v. Mortgage Electronic Registration Systems, Inc.* 82 A.3d 527 (2013)the Rhode Island Supreme Court held that a mortgagor could challenge a void assignment and defined "void" by referencing the Federal Court's seminal cases on void assignments in a foot note:

> More recently, the United States District Court of the District of Rhode Island relied on the First Circuit's reasoning in the *Culhane* decision and concluded that Rhode Island law also provided the same protections to mortgagors and held that mortgagors have standing to challenge "`invalid, ineffective, or void' assignments, such as situations where `**the assignor had nothing to assign or had no authority to make an assignment to a particular assignee.**'" *Cosajay v. Mortgage Electronic Registration Systems, Inc.,* ___ F.Supp.2d ___, ___, 2013 WL 5912569, at *4 (D.R.I. 2013) (quoting *Culhane v. Aurora Loan Services of Nebraska,* 708 F.3d 282, 291 (1st Cir.2013)).

The purported assignments were all void since Option One Mortgage Corporation did not transfer anything to the Plaintiff by assignment or otherwise. Any subsequent assignments were also void, since the original was void. The Plaintiff should not be allowed to sit back, not respond to discovery and then seek to have findings of facts determined on false documents. The failure to respond to the Request for Admissions is fatal to the Plaintiff's case. In *Far Mann v M/V Rozita* 903 F.2d 871 (First Cir., 1990), this Court recognized that Rule 36's deemed admissions could be removed if a party filed a motion and met the two pronged test of the facilitation of truth and lack of prejudice.  In *Farr Man*, the Court found that the two prong test had been met:

As to the first part of Rule 36(b)'s test, we find that permitting the withdrawal of M/V ROZITA's admissions would "facilitate the development of the case in reaching the truth," 4A J. Moore, *supra,* ¶ 36-08 at 36-79, because, as the district court noted, the most current stipulation of facts sets the damages suffered by plaintiffs at $29,268.63, rather than the amount admitted to of $285,268.63. Thus, we conclude, the first prong of Rule 36(b) is satisfied. The second hurdle is similarly easily surmounted.
*Farr Man* at p. 874

In this case, the Plaintiff has not sought to remove the admissions, which would be prejudicial at the eve of trial. Thus this issue is not even before the Court since the Plaintiff has not requested a withdrawal of the admission pursuant to the Rule.

In addition to the deemed admissions, Plaintiff should not be allowed to present these documents because it after three years finally responded to Interrogatories with objections as to each interrogatory, some of which were clearly relevant to Defendant's defense that the assignments were void. For example Plaintiff was propounded interrogatories. In addition to not responding within thirty days to the Requests for Admissions, Plaintiff did not respond to the interrogatories propounded by Defendant for more than three years and objecting to each interrogatory. This cavalier attitude to discovery warrants the granting of this motion in limine which Plaintiff seeks to propound should be stricken and the Motion denied. Here are Plaintiff's answers, three years after being propounded:

1. Plaintiff objects to Defendant's Instructions, Definitions, and Interrogatories to the extent they purport to impose obligations on Plaintiff beyond those required under the   Federal Rules of Civil Procedure, the local rules of the District of Rhode Island, the Court's orders, or any other applicable body of law.

2. Plaintiff objects to Defendant's Instructions, Definitions, and Interrogatories to the extent they call for information that is protected from disclosure by the attorney-client privilege, work product doctrine, insurer-insured privilege, or any other applicable privilege or protection. Defendants do not intend to waive any claim of privilege or protection by providing material or information pursuant to the Interrogatories. In the event that Plaintiff inadvertently discloses any privileged or protected material or information, it is not intended, and shall not be deemed, to be a waiver by Plaintiff of any applicable privilege or protection.

3. . Plaintiff objects to Defendant's Instructions, Definitions, and Interrogatories to the extent that they seek confidential or proprietary business information.

4. Plaintiff objects to each of Defendant's Interrogatories that seek "all" documents or information. In the course of discovery, Plaintiff has made a good-faith search for responsive and relevant documents and information within their possession, custody, or control in those places where such documents and information are reasonably likely to be found. That search is ongoing, and Defendants will supplement its answers if necessary in accordance with the Federal Rules of Civil Procedure.

5. All responses below are subject to the foregoing general objections, and the foregoing general objections are not waived. 6. Plaintiff reserves the right to supplement these responses and objections based on additional information acquired during the course of discovery.

U.S. BANK, AS TRUSTEE'S RESPONSES

1. Please identify and state the name, business address, employer, current employment status and business telephone number of each person who answered these   interrogatories and each person who assisted on the content of any answer to these interrogatories, and indicate their personal knowledge regarding each interrogatory to which they provided the answer.

ANSWER Name: Howard Handville Business Address: 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409. Employer: Ocwen Financial Corporation. Occupation/Job Duties: Senior Loan Analyst.  I am answering these interrogatories as a Senior Loan Analyst employed by Ocwen Financial Corporation, whose wholly owned subsidiary is PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, the loan servicer and attorney-in-fact for U.S. Bank as Trustee.

DEFICIENT NATURE OF INTERROGATORY

No identification of persons whom the "professional witness" consulted with to provide answers.

2. Please identify all representatives, agents or employees of the Plaintiff with knowledge of the facts necessary to respond to each of the interrogatories contained herein and/or who assisted in the answering of these interrogatories. ANSWER No representative of U.S. Bank as Trustee has personal knowledge of facts necessary to respond to these interrogatories.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This is not an answer to the interrogatory. The Defendant inquired not only of US Bank but of all representatives, agents or employees of the Plaintiff who had knowledge of this interrogatory.

3. Please state whether you claim to have ever possessed a legal interest, a beneficial interest, or no interest in the Note or Mortgage and identify all documents and clauses therein which gives you said interest.

ANSWER U.S. Bank, as Trustee is the current holder of an Adjustable Rate Note that Defendant initialed and executed on July 16, 2003, which promised to repay a $315,400 loan with interest received from Option One Mortgage Corporation ("Option One"), which referenced property located at 1541 Ten Rod Road, Exeter, RI 02822-1910, and which Option One endorsed in blank by allonge. U.S. Bank, as Trustee is also the current holder of a July 16, 2003 Mortgage  that the Defendant agreed to and executed in favor of Option One, which mortgage was recorded in the Land Evidence Records for the Town of Exeter at Book 0212, Page 1, and which was assigned to

U.S. Bank, N.A., as Trustee by Assignment of Mortgage dated October 22, 2014 and recorded in the Land Evidence Records for the Town of Exeter at Book 464, Page 249.

## DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This answer is inconsistent with the complaint and the attempt of the Plaintiff to prove ownership of the mortgage by securitization. However in its discovery it refused to answer the question. This interrogatory is inconsistent with the findings of fact proposed by the Plaintiff.

4. Please state the name and contact information of the person(s) or entity(ies) ("assignor") from whom you obtained the Note or Mortgage along with consideration paid and identify any and all documents and clauses therein which gave legal effect to the transfer of the Note to you or the assignment of mortgage to you.

ANSWER U.S. Bank, as Trustee objects to this Interrogatory on the grounds that Defendant's request for the consideration paid to obtain the Note and Mortgage is irrelevant to any party's claim or defense in this action. Without waiving the forgoing objection, and in accordance with Fed. R. Civ. P. 33(d), U.S. Bank, as Trustee refers Defendant to the Note and Assignments of Mortgage attached as exhibits to the Complaint and the Amended Complaint filed in this action.

## DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND GRANTING THIS MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This answer is inconsistent with the proposed findings of fact in

this case and makes no reference to the securitization transactions alleged by the Plaintiff. In fact it referenced the fraudulent and void assignments as the manner in which it claims title to the mortgage and note were transferred.

 5. Please identify all documents which reference a sale of the Note or the Mortgage from the origination of the note to the present.

ANSWER U.S. Bank, as Trustee objects to this Interrogatory on grounds that the information sought is irrelevant to any party's claim or defense in this action. Without waving the forgoing objection, and in accordance with Fed. R. Civ. P. 33(d), U.S. Bank, as Trustee refers Defendant to the allonge to the Note and the Assignments of Mortgage attached as exhibits to the to the Complaint and Amended Complaint filed in this action.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND GRANTING THIS MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This answer is inconsistent with the proposed findings of fact in this case and makes no reference to the securitization transactions alleged by the Plaintiff. It again vouches for the fraudulent and void assignments.

 6. Please state name and contact information of all parties or entities who have provided servicing or subservicing of the Note or Mortgage and the dates each servicing or   subservicing arrangements and identify all documents and clauses therein which describe the authorization for and the servicing or subservicing of the Note.

ANSWER U.S. Bank, N.A., as Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant to any claims or defenses in this matter. Without waiving the

forgoing objection, PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, has serviced the loan and operated as and attorney-in-fact for U.S. Bank as Trustee at all times since December 27, 2012. Prior to December 27, 2012, Homeward Residential, f/k/a American Home Mortgage Servicing, Inc. serviced the loan. Prior to October 1, 2003, Option One serviced Defendant's mortgage loan.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This answer is inconsistent with the proposed findings of fact in this case and makes no reference to the securitization transactions alleged by the Plaintiff. The Plaintiff now seeks to introduce the purported servicing documents. It now seeks to introduce evidence at the last minute regarding securitization despite its refusal to answer any questions about the securitization.

7. Please state the factual basis upon which you base any allegations in your complaint.

ANSWER U.S. Bank, N.A., as Trustee objects to this Interrogatory as overly broad and unduly burdensome. Without waiving the forgoing objection, U.S. Bank, N.A., as Trustee refers the Defendant to each of the exhibits appended to the Complaint and the Amended Complaint for all facts in support of U.S. Bank, as Trustee's allegations and claims.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. Plaintiff refused to answer this question and waived any

objections by not responding to the interrogatories for three years. It should be precluded from presenting any evidence about securitization due to the fact that no reference to any securitization documents were made.

8. Identify each person you contend has knowledge regarding any of the facts based upon which you base your complaint, including their contact information and a short summary of what knowledge they possess that is relevant to this Action. ANSWER No representative of U.S. Bank, as Trustee has personal knowledge regarding any of the facts in the Complaint and the Amended Complaint.

## DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This is not an answer to the interrogatory. The Defendant inquired not only of US Bank but of all representatives, agents or employees of the Plaintiff who had knowledge of this interrogatory. This deliberate refusal to provide information should preclude any evidence from other persons to be presented.

9. If your response to any Request for Admission submitted by the Defendant is anything other than an unqualified admission, identify the complete factual basis for your response.

ANSWER U.S. Bank, as Trustee objects to this Interrogatory as overly broad and unduly burdensome on the grounds that there were several Requests for Admission that were not answered with an unqualified admission. Without waving the forgoing objection, the factual basis for any response to discovery is contained within the Complaint, the Amended Complaint U.S. Bank, N.A. as Trustee filed in this action and all exhibits attached to both of these filings.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This is not an answer to the interrogatory. This answer warrants the sanction of dismissal with prejudice of the complaint

10. Has Defendant's loan been securitized? If so, please state the name and address and file number of the securitized trust along with date of securitization and the consideration paid along with name, address and phone number of the Master Servicer and trustee for said Trust.

 ANSWER U.S. Bank, as Trustee objects to this Interrogatory on grounds that the information sought is irrelevant to any of the claims made in this case. Without waving the foregoing objection, please see the Pooling and Servicing Agreement produced in accordance with Fed. R. Civ. P. 33(d) and attached as Exhibit A.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This is not an answer to the interrogatory.  The Plaintiff presents purported evidence of securitization but refused to provide any answers to questions regarding the sale and securitization of this loan. There are multiple parties to the purported chain of title to any loans in this trust, which are in order:

Option One Mortgage Corporation

Lehman Brothers Bank

Lehman Brothers Holding Corporation

Structured Assets Securities Corporation

The purported trust, which the failure to respond to the Request for Admissions has established does not exist under that name. This failure to answer should preclude the Plaintiff from proceeding on this complaint and should result in dismissal of the case pursuant to FRCP 37 as a sanction.

11. Please identify and describe each custodian for the Defendant's Note or Mortgage from origination to the present and the location of the Defendant's note from origination to the present.

ANSWER U.S. Bank, N.A., as Trustee objects to this Interrogatory on grounds that the information sought is irrelevant to any of the claims made in this case. Without waving the foregoing objection, please see the Pooling and Servicing Agreement produced in accordance with Fed. R. Civ. P. 33(d) and attached as Exhibit A

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This is not an answer to the interrogatory.  The custodian and custodial agreement would establish the ownership of this mortgage loan and the actual travel of the note.  Once again the Defendant was not provided anything other than an internet copy of an unauthenticated Pooling and Servicing Agreement without any reference to the custodians of the note. This should result in the sanction of preclusion of evidence and outright dismissal with prejudice of this case.

12. Please identify and describe any custodial agreement between the owner of Defendant's note and mortgage any custodian of the Defendant's note and mortgage from origination to the present, specifying the location of the Defendant's note from origination to the present.

ANSWER U.S. Bank, N.A., as Trustee objects to this Interrogatory on grounds that the information sought is irrelevant to any of the claims made in this case. Without waving the foregoing objection, please see the Pooling and Servicing Agreement produced in accordance with Fed. R. Civ. P. 33(d) and attached as Exhibit A.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This is not an answer to the interrogatory. The custodian and custodial agreement would establish the ownership of this mortgage loan and the actual travel. Once again the Defendant was not provided anything other than an internet copy of an unauthenticated Pooling and Servicing Agreement without any reference to the custodians of the note. This should result in the sanction of preclusion of evidence and outright dismissal with prejudice of this case.

13. Please identify and describe all documents in the collateral file for the Defendant's loan identifying the document along with the date each document was placed in the collateral file.

ANSWER U.S. Bank, as Trustee objects to this Interrogatory on grounds that the request seeks information that is irrelevant to any claims made in this case. Without waving the forgoing objection, U.S. Bank, as Trustee has made the collateral file available to Defendant's counsel for

review and copy at a mutually agreeable time and provided a scanned copy of the original promissory note to Defendant's counsel by e-mail on May 11, 2021.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This is not an answer to the interrogatory.   The Defendant is entitled to have identified all documents in the collateral file, not just the note. The collateral file has an index of all documents placed into the file. Since there is a purported allonge which was not affixed to the note, the date said allonge was placed in the collateral file should have been provided. Once again the Defendant was not provided identification of any documents. This should result in the sanction of preclusion of evidence and outright dismissal with prejudice of this case.

 14. Please state each date that the note signed by the Defendant was indorsed by any person or persons along with the name, employer, job title, home and business address and telephone number of each indorser.

ANSWER U.S. Bank, as Trustee objects to Interrogatory on grounds that the request seeks information that is irrelevant to any claims made in this case. Without waving the forgoing objection, U.S. Bank, as Trustee refers Defendant to the Note produced in accordance with Fed. R. Civ. P. 33(d).

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This is not an answer to the interrogatory. The indorsement of the note is at issue since the note was signed by the Defendant on July 16, 2003 with the endorsement dated with the purported allonge dated the same day. However this closing even though it occurred on July 16, 2003 was a refinance and was not recorded until July 21, 2023. The Truth In Lending Act allowed a three business day right of recission where the loan could not fund until the three days had passed. Thus the allonge could not possibly have been effective on July 21, 2003. This was crucial to the defenses of Defendant but has not been provided. The sanction for this refusal should be dismissal of this

15. Identify each person whom you expect to call as an expert witness at trial. With respect to each such expert, state the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

ANSWER U.S. Bank, as Trustee objects to this request as it seeks premature disclosure of expert opinion in violation of Fed. R. Civ. P. 26. Without waiving the aforementioned objection, U.S. Bank as Trustee has not decided which, if any, expert witnesses may be called at trial; insofar as this request seeks to ascertain the identity, writings and opinions of U.S. Bank as Trustee's experts who have been retained or utilized to date solely as an advisor or consultant, the request impermissibly seeks documents or information protected by the work product privilege.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This is not an answer to the interrogatory.   No privilege log has been provided and as a result of this failure to respond to the interrogatory, no documents should be admitted and the sanction of dismissal should be granted.

16. Please identify any documents upon which you base any defenses to the Defendant's affirmative defenses.

ANSWER U.S. Bank, as Trustee objects to this Interrogatory as overly broad and unduly burdensome. Without waiving the aforementioned objection, U.S. Bank, N.A. as Trustee relies upon all of the documents included as exhibits to the complaint filed in this matter.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This is not an answer to the interrogatory. This stonewalling of discovery should be sanctioned by dismissal of this case.

17. Please indicate the owner of the mortgage note on December 15, 2008, July 15, 2011, February 22, 2013 and October 22, 2014 and identify all documents on which you base this answer.

ANSWER U.S. Bank, as Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant to any party's claim or defense in this action. Without waiving the aforementioned objection, U.S. Bank, N.A., as Trustee has possessed the Note at all times during which U.S. Bank, N.A., as Trustee has owned the loan and sought to enforce the terms of the agreement following Defendant's default.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This answer is inconsistent with the complaint and the attempt of the Plaintiff to prove ownership of the mortgage by securitization. However in its discovery it refused to answer the question. This interrogatory is inconsistent with the findings of fact proposed by the Plaintiff. This loan has been purportedly sold at least four times. The refusal to provide this information should preclude the Plaintiff from presenting any evidence regarding assignments of mortgage or any evidence which should have been provided.

 18. Please identify any power of attorney granted by LaSalle Bank, N.A. to Homeward Residential, Inc. to sign the purported Assignment of Mortgage dated February 22, 2013.

ANSWER U.S. Bank, as Trustee objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense in this action. Without waiving the aforementioned objection, U.S. Bank, as Trustee is attempting to locate the power of attorney and will provide once located.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This answer is inconsistent with the complaint and the attempt of the Plaintiff to prove ownership of the mortgage by securitization. However in its discovery it refused to answer the question.  In fact LaSalle Bank did not exist in 2013 and the purported

assignment referencing a power of attorney from LaSalle Bank to Homeward Residential in 2013 did not exist. This failure to provide the information should be sanctioned by dismissal.

19. Please identify any power of attorney granted by US Bank, to Ocwen to sign the purported Assignment of Mortgage dated October 22, 2014.

ANSWER U.S. Bank, as Trustee objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense in this action. Without waiving the aforementioned objection produces the POAs in accordance with Fed. R. Civ. P. 33(d) attached as Exhibit B.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years. This answer is inconsistent with the complaint and the attempt of the Plaintiff to prove ownership of the mortgage by securitization. However in its discovery it refused to answer the question. This interrogatory is inconsistent with the findings of fact proposed by the Plaintiff.

20. Please identify each payment made by the Defendant on the mortgage loan account along with the amount of each payment and the date it was received by the loan servicer for the mortgage loan from origination to the present.

ANSWER In accordance with Fed. Ri Civ. P. 33(d), attached as Exhibit C please find loan payment history.

DEFICIENT NATURE OF ANSWER WARRANTING A SANCTION OF DISMISSAL AND DENIAL OF MOTION IN LIMINE

Plaintiff refused to answer this question and waived any objections by not responding to the interrogatories for three years.   This interrogatory is inconsistent with the findings of fact proposed by the Plaintiff.  The attached Exhibits A, B and C indicate that PHH cannot verify the accuracy of any Ocwen Loan Servicing. These documents indicate that PHH has no means of verifying the accuracy of any Ocwen documents, nor did Ocwen have any means of verifying the accuracy of any Homeward Residential Documents. Likewise there are no documents by which Americana Home Mortgage Servicing, Inc. verified the accuracy of any documents of the prior servicer, American Home Mortgage, Inc.. Likewise there are no documents by which American Home Mortgage, Inc. verified the accuracy of the records of Option One Mortgage Corporation.


 21. Please identify each payment missed by the Defendant on the mortgage loan account along with the amount of each missed payment from origination to the present.

 ANSWER Please see U.S. Bank, as Trustee's response to Interrogatory No. 20. 22. Please identify the exact name of the Trust, which claims to own the Defendant's mortgage.

ANSWER U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11

PLAINTIFF REFUSED TO RESPOND TO REQUESTS FOR PRODUCTION  AND SHOULD BE PRECLUDED FROM ADMITTING DOCUMENTS WHICH IT OBJECTED TO AND COULD HAVE PROVIDE PREVIOUSLY WHICH CLEARLY RELATE TO THE ISSUES IN THE CASE

The Plaintiff has refused to provide documents in discovery which it now seeks to present in

evidence to prove the securitization of the mortgage loan.  Plaintiff refused to provide any

documents regarding the Requests for Production numbers

**REQUEST NO. 5:** Produce any power of attorney granted by LaSalle Bank, N.A. to Homeward Residential, Inc. to sign the purported Assignment of Mortgage dated February 22, 2013.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to the claims and defenses of this case. U.S. Bank, as Trustee is attempting to find the power of attorney granted by LaSalle Bank and will provide once obtained.

Plaintiff refused to provide this document and waived any objections by not responding  for three

years. This response is inconsistent with the complaint and the attempt of the Plaintiff to prove

ownership of the mortgage by securitization. However in its discovery it refused to provide the

documents.  In fact LaSalle Bank did not exist in 2013 and the purported assignment referencing

a power of attorney from LaSalle Bank to Homeward Residential in 2013 did not exist. This

failure to provide the document should be sanctioned by dismissal.

NO SECURITZATION DOCUMENTS WERE PROVIDED

The Plaintiff seeks to prove that the loan was included in various sales ands has objected

and has only produced a copy of a pooling and servicing agreement. By not providing this

information Plaintiff should be sanctioned by not being allowed to present any evidence

regarding this securitization. It now seeks to present photocopies of documents which all claim

to be the travel of the loan, without authentication. However it refused to provide these

unauthenticated copies of documents prior to the eve of trial. It in fact indicated that these

documents were irrelevant to the case, yet seeks to present into evidence the same documents that it contended were irrelevant.

The Plaintiff refused to provide any documents which indicated sales of the note or mortgage from origination to the present other than an unauthenticated Pooling and Servicing Agreement copy. The Defendant had propounded Requests  7, 8, 11, 13,14, 15, 21, 29, 46, 47 and 48, all of which requested documents regarding the securitization of the mortgage loan, as indicated in this memorandum . Nothing was provided as indicated below.

**REQUEST NO. 7:** Any documents indicating that the Defendant's loan has ever been included in a pool of loans belonging to a securitized trust.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claims or defenses in this case. Further answering, please see the pooling and servicing agreement attached as *Exhibit C*.

**REQUEST NO. 8:** Produce all assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by Defendant to this obligation in this account from the inception of this account to the present date.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad, unduly burdensome, and irrelevant to any claim or defense of this case. Further answering, please see U.S. Bank, as Trustee's response to Requests No. 1-4 in addition to the exhibits attached to U.S. Bank, as Trustee's Amended Complaint as Exhibits 26-1, 26-2, 26-24, and 26-25.

**REQUEST NO. 11:** Produce all electronic transfers, assignments and sales of the note or asset, mortgage, deed of trust or other security instrument. If none, state "none".

**RESPONSE:** U.S. Bank, as Trustee objects to this request on grounds of vagueness, ambiguity and irrelevancy to the claims and defenses of this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 8.

**REQUEST NO. 13:** Copies of an executed copy of the Trust Agreement for any securitized trust which has ever held Defendant's loan, including the Loan schedules.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to the claim or defense in this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 7.

**REQUEST NO. 14:** Copies of an executed copy of any loan purchase agreement, including the Defendant's loan, executed by any entity including the loan schedules.

**RESPONSE:** U.S. Bank, as Trustee objects to the request as irrelevant to any claim or defense in this case.

**REQUEST NO. 15:** Any documents showing a chain of transfer of the note and mortgage and other mortgage documents from the Originator to the present owner of the note and mortgage.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad, unduly burdensome and irrelevant to any claim or defense in this case. Further answering, please see documents attached as *Exhibit F*.

**REQUEST NO. 21:** Any documents indicating the owner of the note and the mortgage on the following dates: December 15, 2008, July 15, 2011, February 22, 2013 and October 22, 2014.

**RESPONSE:** U.S. Bank, as Trustee objects to the request as overly broad and unduly burdensome. Further answering, U.S. Bank, as Trustee has appended all documents demonstrating ownership of the Defendant's mortgage loan as exhibits to the Amended Complaint.

**+REQUEST NO. 29:** A copy of all documents executed in regard to the securitization of the Defendant's loan.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claims or defenses in this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 7 and all documents concerning servicing of loan appended to U.S. Bank, as Trustee's Amended Complaint.

**REQUEST NO. 46:** Any and all documents indicating the date and location of endorsement and transfer of the Defendant's note from origination to the present of the original note, including any alonges or endorsements to the note.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 47:** Any documents indicating the owner of the note or the mortgage from origination to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 48:** Any documents indicating the sale of the note or the mortgage from origination to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

As indicated in the above failures to respond to the Request for Production, the Plaintiff absolutely refused to provide any documents which it now seeks to introduce into evidence.

These include the following Exhibits:

October 1, 2003 Assignment and Assumption Agreement between Lehman Brothers Bank, FSB and Lehman Brothers Holdings, Inc., *Exhibit G*.

October 1, 2003 Mortgage Loan Sale and Assignment Agreement, *Exhibit H*.

October 1, 2003 Trust Agreement, *Exhibit I*.

October 1 2003 Servicing Agreement, *Exhibit J*.

October 1, 2003 Mortgage Loan Schedule, *Exhibit K*.

April 30, 2008 American Home Mortgage Servicing, Inc. ("AHMSI") Purchase Agreement, *Exhibit L.*

June 30, 2009 Notices of Resignation and Appointment of Trustee, *Exhibit M.*

None of these documents were produced in June, 2021 when the Plaintiff made its belated and objection filled response to the Requests for Production. The Defendant was not afforded an opportunity to review the documents and as a result the Plaintiff has thrusted on the Court, documents never mentioned in its response to discovery. Rule 37 requires that Plaintiff not be allowed to introduce documents which it previously refused to provide, claiming that they were irrelevant to the issues of the case.

NO DOCUMENTS WERE PROVIDED REGARDING THE CUSTODIAN OR TRAVEL OF THE NOTE AND ALLONGE AND INDEXES TO THE COLLATERAL FILE

The next series of documents which were not provided related to the location of collateral file documents, indicating the promissory note and allonge and other documents, which would

shed light on when the so-called allonge was indorsed and placed in the collateral file.  This is an important issue, because pursuant to R.I.G.L.6A-3-204, an allonge is effective only if it is affixed to the executed promissory note at the time that a name is placed on an allonge.  Plaintiff refused to produce any documents requested in Request numbers  28, 31, 32, 33, 34, 35, 36. 37, 38, 39, 40, 41, 42, 43 and 44. These Requests asked for the custodial agreement, indicating the

**R**EQUEST NO. 30: Any and all documents indicating the identity of each person whom US Bank expects to call as an expert witness at trial along with any documents indicating the subject matter on which the expert is expected to testify and any and all documents indicating the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for such an opinion.

**RESPONSE:** U.S. Bank, as Trustee does not intend to call any expert witnesses at this time but reserves the right to amend the response as necessary.

**REQUEST NO. 28:** Any documents indicating the possession and location of the mortgage note from the date of the Defendant's closing to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request and irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time

**REQUEST NO. 31:** Any Custodial Agreement between US Bank and the Custodian of the collateral file.

**RESPONSE:** U.S. Bank, as Trustee objects to the request as irrelevant to any claim or defense to this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 32:** Any custodial agreement from the origination of the mortgage loan executed by any custodian of the collateral file for the mortgage loan.

**RESPONSE:** U.S. Bank, as Trustee objects to the request as irrelevant to any claim or defense to this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 33:** The electronic and paper log for the collateral file, including but not limited to any records indicating each time that the Defendant's note was removed from the collateral file and each time documents were added to the collateral file since origination.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 34:** Copies of any documents of the tracking of the Defendant's loan file from origination to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 35:** All documents indicating the Custodian of Defendant's loan documents from origination to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 36:** Any documents indicating the log in and log out record of the vault or any location where the Defendant's collateral file and Promissory Note has been located from origination to present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 37:** Copies of all requests for release of documents from the custodian to the entity receiving the mortgage loan file which includes proof of mailing.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 38:** Inventory and transaction logs of the mortgage loan file.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 39:** Printed and electronic inventory of collateral loan file from

Custodian.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 40:** Bar Code Chart for Defendant's loan with definitions.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 41:** All stored electronic data regarding the Bar Codes with all metadata.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 42:** Complete Collateral File tracking history from Custodian.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 43:** The electronic index to the custodian file.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 44:** The paper index for the custodian file.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

The documents sought in this  group of requests should have been provided as Defendant

has not been provided the custodian information or the documents in the collateral file and when

they were placed into the file with the indices. Plaintiff should not be rewarded. It has not amended its answers to interrogatories or provided the complete documents, which have missing exhibits. Evidence regarding the note should not be admitted without authentication regarding the allonge, its date of creation, the date it was signed and added to the collateral file. One document provided by Plaintiff is attached, which twice indicates that there were two separate documents provided, a note and allonge. Thus Defendant should have received these documents. The failure to provide these documents when combined with the failure of the Plaintiff to provide other documents renders the discovery practice of Plaintiff an abuse of discovery subject to sanctions.

### PLAINTIFF ESSENTIALLY PROVIDED NO DISCOVERY TO DEFENDANT

The remaining document requests below were constantly objected to by Plaintiff with it failing to provide any documents relating to the amount due on the loan and basically anything requested by Defendant. These are indicated below:

**REQUEST NO. 9:** Produce all letters, statements and documents sent to Plaintiff by Ocwen or any other loan servicer acting on behalf of US Bank.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad, unduly burdensome and irrelevant to the claims and defenses of this case. Further answering, please see documents attached as *Exhibit D*.

**REQUEST NO. 10:** Produce all letters, statements and documents contained in the account file of Defendant or imaged by Ocwen, any servicers or subservicers of this mortgage from the inception of this account to the present date. If none, state "none."

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad unduly burdensome and irrelevant to the claims and defenses of this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 9.

**REQUEST NO. 12:** Produce all copies of property inspection reports, appraisals, BPOS and reports done on the property of Defendant. If none, state "none".

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad, unduly burdensome and irrelevant to the claims and defenses of this case. Further answering, please see documents attached as *Exhibit E*.

**REQUEST NO. 22:** Any default letter sent to the Defendant pursuant to the terms of the mortgage.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad and unduly burdensome. Notwithstanding and without waiving objection, attached as *Exhibit G* please find November 2014 Notice of Default sent to Defendant.

**REQUEST NO. 23:** Any acceleration letter sent to the Defendant pursuant to the terms of the mortgage.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant and on grounds that the request assumes an acceleration letter is required under the terms of the mortgage. Further answering, attached as *Exhibit H* please find September 16, 2016 Notice of Acceleration.

**REQUEST NO. 24:** Any Notice of foreclosure sale sent to the Defendant pursuant to the terms of the mortgage.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad and unduly burdensome. Notwithstanding that objection, Attached as *Exhibit I* please find September 23, 2016 notice of foreclosure sale.

**REQUEST NO. 25:** Any notice sent to the Defendant pursuant to RIGL 34-27-3.1.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Notwithstanding, this objection U.S. Bank, as Trustee is attempting to locate the referenced documents and will provide at that time.

**REQUEST NO. 26:** Any and all documents that US Bank used to answer any interrogatories or the request for admissions in this case.

**RESPONSE:** All documents U.S. Bank, as Trustee relied upon to answer interrogatories and requests for admission are attached to this discovery response and/or appended as exhibits to U.S. Bank, as Trustee's Amended Complaint.

**REQUEST NO. 27:** Any documents upon which US Bank authorized Ocwen to send the Defendant a default letter.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claims or defenses in this case. Further answering, please see U.S. Bank, as Trustee's response to Request

No. 7 and all documents concerning servicing of loan appended to U.S. Bank, as Trustee's Amended Complaint.

.

**REQUEST NO. 45:** Any and all documents upon which you base any denials of any of Defendant's affirmative defenses.

**RESPONSE:** Please see all documents appended to U.S. Bank, as Trustee's Amended Complaint and all documents produced in response to Defendant's Interrogatories and these Requests for Production.

**REQUEST NO. 50:** An exact reproduction of the life of loan mortgage transactional history for this loan on the contractual system of record used by the servicer from origination of the loan to the date of this letter. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alphanumeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, please see document attached as *Exhibit J.*

These refusals to produce documents should be sanctioned by either dismissal of this case or at the least a refusal to allow evidence not provided previously to be introduced. A review of a recent decision of the First Circuit indicates the standard of review. In *Zamierollo-Rheinfeldt v. Ingersol-Rand de PR*, 999 F 3d 37 (First Cir., 2021) the    the Court analyzed sanctions for discovery abuse and reversed exclusion of evidence which the proponent sought to use to defend against Summary Judgment. The Court listed the factors:

Federal Rule of Civil Procedure 26 requires a party to disclose all documents that it may use to support its claims or defenses, and all evidence that it may present at trial, unless their purpose is "solely for impeachment." Fed. R. Civ. P. 47*47 26(a)(1)(A)(ii), (a)(3)(A). Further, the party must also "supplement or correct its disclosure or response [to an interrogatory, request for

production, or request for admission]. . . in a timely manner if the party learns that in some

material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P.

26(e)(1)(A).

Failure to properly disclose triggers Rule 37(c)(1): incomplete or late disclosures may preclude a party from using "that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[I]n the absence of harm to a party, a district court may not invoke the severe exclusionary penalty provided for by Rule 37(c)(1)." Cruz-Vázquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 58 n.1 (1st Cir. 2010). Furthermore, even when there is harm to a party, "[p]reclusion is not strictly required." Lawes v. CSA Architects & Eng'rs LLP, 963 F.3d 72, 91 (1st Cir. 2020). Instead, "[w]hen noncompliance occurs, the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Id. (quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)); see also Esposito, 590 F.3d at 78 ("[D]istrict courts have broad discretion in meting out [discovery] sanctions" and "may choose a less severe sanction." (first alteration in original) (citations omitted)).

When reviewing a district court's decision precluding evidence as a sanction, we consider an array of factors, including: the history of the litigation; the proponent's need for the precluded evidence; the justification (or lack of one) for the late disclosure; the opponent-party's ability to overcome the adverse effects of the late disclosure (surprise and prejudice); and the late disclosure's impact on the district court's docket. Esposito, 590 F.3d at 78 (citing Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003)). Because "district courts are generally in a better position to determine the propriety of a particular sanction," we review the district court's choice for abuse of discretion. Id. An "[a]buse of discretion `occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.'"

The Court in *Zampierollo* found that the proponent had met the standard for the escape

hatch to avoid preclusion of the evidence by showing that the omission was harmless or

substantially justified. There was also a suggestion that the evidence not provided was used for

impeachment only, unlike this case. Here there is no justification for the omission of every

document which Plaintiff sought to introduce. All it referenced were the exhibits to the

complaint and a pooling and servicing agreement.  There is no basis for this refusal to comply

with discovery, especially documents which it seeks to admit into evidence.

CONCLUSION

Plaintiff has ignored its discovery obligations, did not produce documents or answer interrogatories as to which it now seeks to present evidence. Its failure to respond in any manner precludes this evidence from being admitted into evidence. Aside from the foundational issues and hearsay problems with the securitization documents, which will be addressed in another motion, there is no basis for these documents to be admitted into evidence. The standard for imposing discovery sanctions has been met.

Masoud Shakoori

By his Attorney

March 10, 2022                           /s/ John B. Ennis

John B. Ennis, Esq. #2135

1200 Reservoir Avenue

Cranston RI 02920

Jbelaw75@gmail.com

CERTIFICATE OF SERVICE

I certify that I served the attorney for the Plaintiff on March 10, 2022 by electronic filing.

/s/ John B. Ennis