UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

U.S. BANK N.A AS TRUSTEE
FOR THE REGISTERED HOLDERS
OF THE STRUCTURED ASSET
SECURITIES CORPORATION, STRUCTURED
ASSET INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2003-BC11

                VS                CA: 17-CV-394 WES

MASOUND SHAKOORI ET AL

### FIRST SET OF REQUEST FOR ADMISSIONS TO PLAINTIFF

Defendant Masoud Shakoori requests that Plaintiff, U.S. Bank, N.A. as Trustee ("US Bank") admit or deny the following statements. Pursuant to FRCP 36, said statements shall be deemed admitted unless denied or objected to within 30 days of service thereon.

### INSTRUCTIONS TO REQUESTS FOR ADMISSIONS

1. These requests for admissions are directed toward all information known or available to you, including information contained in the records and documents in your custody or control or available to you, upon reasonable inquiry. Your answer to each request for admission shall specifically deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter. Where requests for admissions cannot be answered fully, they shall be answered as completely as possible and incomplete answers shall be accompanied by a specification of the reasons for the

14

incompleteness of the answer and of whatever actual knowledge is possessed with respect to each unanswered request for admission.

2. Each request for an admission is to be deemed a continuing one. If, after serving an answer to any request for admission, an authorized officer for obtains or becomes aware of any further information pertaining to that request for admission, the authorized officer for US Bank is requested to serve a supplemental answer setting forth such information.

3. As to every request for an admission which an authorized officer for US Bank fails to answer in whole or in part, the subject matter of the admissions will be deemed confessed and stipulated as fact to the court.

.

## DEFINITIONS

A. The term "Document" means all writings of any kind, including the originals and all other non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to correspondence, memoranda, notes, diaries, desk or other calendars, statistics, letters, telegrams, minutes, business records, personal records, accountants' statements, account statements, contracts, reports, credit reports, studies, checks, statements, receipts, invoices, bills, return checks, summaries, pamphlets, books, inter-office and intra-office communications, notations of any sort of conversations or meetings, telephone call meetings or other communications, written agreements, bulletins, printed matter, computer printouts, teletypes, telefaxes, invoices, worksheets, all drafts, alterations, modifications, changes and amendments of any kind with respect to any of the foregoing, graphic or oral records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, electronic mail records, computer memory records such as hard disk drives and master back-up tapes, diskettes, or other devices such as zip drive records).

B. The term "act" as used herein includes acts of every kind and description.

C. The term "identify" or "describe" when used in reference to a "document" means to state:

  a. The type of document (e.g., letter, memorandum, report, electronic mail records, notes, etc.);

  b. The date of the document;

  c. The name of the parties or parties who originated the document, their past or present position with the respondents, their general duties and responsibilities, their current physical location with the company, and their e-mail, telephone number and telephone extension;

  d. The name and address of the current custodian of the document;

  e. The name and current address of each signatory thereon;

  f. The reason, in detail, for the preparation of the document;

  g. The subject or subjects covered by the document;

  h. The names, business addresses and titles of the persons to whom the document writing was directed; and

  i. The name and address and title of each person who originated read or received the document.

 D.  The term "identify" as used herein in connection with a "person" or "persons" means to state the names, titles, the present employer of such "person" or "persons," the relationship of such person or persons to the Plaintiffs, and such person's current business address and business telephone number.

 E.  The term "identify" as used herein with respect to or in connection with an "act" means to:

  a. Furnish the date and place of the act;

  b. Identify the person acting, the person for whom the act was performed, and the person against whom the act was directed; and

  c. Describe in detail the act.

16

F. The terms "describe" or "state" as used herein mean:

a. Describe or state fully by reference to underlying facts rather than by ultimate facts or conclusions of law;

b. Particularize as to the:

i. Time;

ii. Date;

iii. Manner; and

iv. Place.

G. The term "oral communication" as used herein means and includes any face-to-face conversation, meeting, conference, telephone conversation, cell-phone conversation, computer conversation with voice mail, or any one for more of these or related devices.

H. The term "person" or "persons" as used herein means and includes all natural persons, public and private corporations, associates,

wholly owned affiliates or subsidiary corporations or any other form of a business association, and any other type of entity and the agents, employees, officers, deputies and representatives thereof.

I. The terms "you" or "your" as used herein shall refer to the Plaintiff and any related or affiliated companies associated in any way therewith.

J. All requests shall be deemed to include any documents made by, held by, or maintained in the files of any predecessor, successor, employee, agent or assignee of either one or all of the respondents.

K. The term "the transaction" or "the transactions" or "account" or "accounts" when used herein without qualification means the transactions and accounts between or among the Defendant and the Plaintiff and all related activities and agents or assigns of either party.

L.     "You" and "your" include US Bank and any one acting on your behalf.

M.     Option One Mortgage Corporation ("Option One) was the originating lender of Defendant's loan.

N.     US Bank Claims ("US Bank") claims to own Defendant's loan.

O.     Wells Fargo Bank, N.A. ("Wells Fargo") is a loan servicer.

P.     American Home Mortgage Servicing, Inc.("AHMSI") was a loan servicer.

Q.     Homeward Residential, Inc. ("Homeward Residential") was a loan servicer.

R.     Ocwen Loan Servicing, LLC ("Ocwen") is a loan servicer.

S.     Whenever the term "and/or" is used herein, the information called for should be set forth both in the conjunctive and disjunctive and wherever the information is set out in the disjunctive; it should be given separately for each and every element sought.

T.     The term "you" means US Bank and its employees, agents, attorneys and any other persons acting on its behalf.  When a request for production identifies or describes a document to be produced, such request shall mean all original writings of any nature whatsoever and all non-identical copies thereof in your possession, custody or control regardless of where located and includes, but is not limited to, all papers, books, documents, records, checks, files, writings, drawings, memoranda, letters (sent or received), contracts
(including original documents), invoices, repair orders and/or tickets, purchase orders, photographs, discs, tape recordings of any sort and any log and/or transcript thereof, reports, studies, summaries, minutes, notes, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, faxes, electronic data, emails, computer files, and any other documents, including drafts and all copies thereof where applicable. In all cases where original and/or non-identical copies are not available, the request includes identical copies of original documents and copies of non-identical copies.

18

  U. The term "Trust" means Structured Asset Investment Loan Trust, 2003-BC11.

  V. The term "Property" refers to real estate located at 1541 Ted Rod Road, Exeter, Rhode Island.

  W. The term "Loan" refers to the loan made on or about July 16, 2003, by nominal lender, Option One to Defendant.

  X. The term "Plaintiff" refers to US Bank and it shall be construed to mean not only the party answering in his, her, their and its own right, but shall also mean his, her, their and its agents, principals, advisors, attorneys or other representatives and all other persons acting on behalf of the answering party.

  Y. The term "communication" means verbal, oral or written statements or comments, or correspondence, e-mails, or letters.

  Z. The definitions referenced in the Trust Agreement, attached to these interrogatories is incorporated by reference. These definitions are located at the following weblink of the Securities and Exchange Commission from page 10 to page 47 of the Trust agreement:

https://www.sec.gov/Archives/edgar/data/1269112/000116231803000493/m91749.htm

  aa. DocX, LLC ("DOCX")was a limited liability company located in Alpharetta, Georgia.

  bb. Security Connections, Inc. ("SCI") is an Idaho Corporation.

## REQUEST FOR ADMISSIONS

1. On December 15, 2008 , Option One was not owed any indebtedness under the Defendant's note.

2. On December 15, 2008 Option did not own Defendant's note.

3.  On December 15, 2008 Option One did not own Defendant's mortgage.

4.  On December 15, 2008, La Salle Bank National Association as Trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11("LaSalle as Trustee" did not purchase Defendant's Mortgage from any entity.

5.  On December 15, 2008, La Salle Bank as Trustee did not purchase Defendant's note from any entity.

6.  La Salle as Trustee did not provide any consideration to any entity on December 15, 2008.

7.  No entity with the name of Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11 has ever existed.

8.  La Salle Bank, National Association was never the trustee for Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC11.

9.  The purported assignment referenced as Exhibit 5 to the complaint was not signed by Linda Green.

10. The purported witness to the purported assignment referenced as Exhibit 5 to the complaint was not signed by Tywanna Thomas.

11. The purported notarization to the purported assignment referenced as Exhibit 5 to the complaint was not signed by Bailey Kirchner.

12. Exhibit A is a genuine and authentic copy of a complaint filed by AHMSI against DocX, LLC and Lender

13. Lender Processing Services, Inc. ("LPS") was the parent company of DocX, LLC.

14. Linda Green was never an officer of AHMSI.

20

15.     Exhibit B is a genuine and authentic copy of a Consent Order of the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the Office of Comptroller of the Currency, the Office of Thrift Supervision, Lender Processing Services, Inc., DocX, LLC and LPS Default Solutions, Inc., dated April 13, 2011.

16.     Option One did not own Plaintiff's mortgage on July 15, 2011.

17.     On March 18, 2009, an affidavit was filed in the United States Bankruptcy Court for the Eastern District of Louisiana in case number 07-11862.

18.     Exhibit C is a genuine and authentic of the affidavit referenced in Request for Admission 17.

18.     The original of Exhibit C was signed by Dale Sugimoto.

19.     Dale Sugimoto on March 18, 2009 was the President of Sand Canyon.

20.     On March 18, 2009 Sand Canyon did not own any residential real estate mortgages.

21.     On July 15, 2011 Option One did not own any residential real estate mortgages.

22.     On December 15, 2008 Option One did not own any residential real estate mortgages.

23.     On July 15, 2011, Sand Canyon did not own any residential real estate mortgages.

24.     On December 15, 2008 Sand Canyon did not own Defendant's mortgage.

25.     On December 15, 2008 Sand Canyon did not own Defendant's note.

21

26. La Salle Bank as Trustee did not provide any consideration to Sand Canyon for Defendant's note on July 15, 2011.

27. La Salle Bank as Trustee did not provide any consideration to Sand Canyon for Defendant's mortgage on July 15, 2011.

28. La Salle Bank as Trustee never purchased Defendant's mortgage from Sand Canyon at any time.

29. La Salle Bank as Trustee never purchased Defendant's note from Sand Canyon at any time.

30. La Salle Bank as Trustee did not provide any consideration for Defendant's mortgage to Sand Canyon on July 15, 2011.

31. Exhibit 6 to the complaint was not signed by an officer of Sand Canyon.

32. Tonya Hopkins was not an officer of Sand Canyon on July 15, 2011.

33. Tonya Hopkins was an employee of AHMSI on July 15, 2011.

34. Tonya Hopkins did not sign the purported assignment dated July 15, 2011.

35. La Salle Bank National Association did not exist as an entity on February 22, 2013.

36. La Salle Bank National Association merged with Bank of America, N.A. on October 17, 2008.

37. On February 22, 2013, La Salle Bank National Association no longer existed as an entity.

38. On February 22, 2013 La Salle Bank as Trustee did not own Defendant's mortgage.

39. La Salle Bank as Trustee never granted a power of attorney to Homeward Residential, Inc., authorizing it to sign an assignment of mortgage

22

from La Salle Bank as Trustee to U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 on February 22, 2013.

40. U.S. Bank National Association was never a Trustee for an entity named Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11.

41. There is no such entity named Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC1.

42. Pamela Stoddard was not an officer of Homeward Residential on February 22, 2013.

43. Pamela Stoddard was never an officer of Homeward Residential on February 22, 2013.

44. Pamela Stoddard was an employee of Security Connections, Inc. on February 22, 2013.

45. Pamela Stoddard did not sign the purported assignment dated February 22, 2013.

             Masoud Shakoori

             By his Attorney

May 22, 2018

             /s/ John B. Ennis
             JOHN B. ENNIS, ESQ. #2135
             1200 Reservoir Avenue
             Cranston, RI 02920
             401-943-9230
             Jbelaw75@gmail.com

## CERTIFICATION

      I hereby certify that I forwarded a copy of the above Request for Admissions to Plaintiff to the following electronically on this 22nd day of May, 2018:

John McNicholas
Walter Porr

                                                /s/ John B. Ennis, Esq.

25