

**HINSHAW & CULBERTSON LLP**
Attorneys at Law

56 Exchange Terrace
Providence, RI 02903

Jamal D. Burk
jburk@hinshawlaw.com

401-751-0842
401-751-0072 (fax)

www.hinshawlaw.com

June 25, 2021

**VIA EMAIL**

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920

  Re: U.S. Bank National Association as Trustee v. Masoud Shakoori-Naminy, et al.
    USDC District of Rhode Island, C.A. No. 1:17-cv-00394

Dear Mr. Ennis:

Enclosed please find the following in regard to the above-referenced matter:

1. U.S. Bank, N.A., as Trustee's Response to Defendant's First Request for Production.

Thank you for your attention to this matter.

           Very truly yours,

           HINSHAW & CULBERTSON LLP

           *Jamal D. Burk*

           Jamal D. Burk

JDB:mjt
Enclosure

  cc: Christopher M. Lefebvre, Esq. (*via email*)

1019463\308448420.v1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11,<br><br>Plaintiff,<br><br>v.<br><br>MASOUD SHAKOORI-NAMINY a/k/a MASOUD SHAKOORI, BRENDA SHAKOORI-NAMINY, WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE FOR BEAR STEARNS SECOND LIEN TRUST 2007-SV1, MORTGAGE-BACKED CERTIFICATES, SERIES 2007-SV1, HERITAGE CONCRETE CORP., THE FIREPLACE LLC, STEPHEN E. MOTTAU and HALLINAN CAPITAL CORPORATION,<br><br>Defendants. | C.A. No. 17-CV-00394-WES-LDA |

## U.S. BANK, N.A., AS TRUSTEE'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION

The Plaintiff, U.S. Bank, N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 ("U.S. Bank, N.A., as Trustee"), hereby responds to Defendant, Masoud Shakoori-Naminy a/k/a Masoud Shakoori ("Shakoori-Naminy" or "Defendant") Request for Production:

**REQUEST NO. 1:** Copies of the mortgage loan file and custodial file of the Defendant's loan.

**RESPONSE:** U.S. Bank, as Trustee is in possession of the collateral file, which is available to the Defendant for review and copy at Defendant's request.

**REQUEST NO. 2:** Copies of any documents of the tracking of the Defendant's loan file from origination to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to the request as overly broad, unduly burdensome and irrelevant to the claims and defenses of this case. Further answering, please see all documents attached as *Exhibit A*.

**REQUEST NO. 3:** Produce the original Promissory Note alleged to have been signed by Defendant to Option One.

**RESPONSE:** U.S. Bank, as Trustee has the original Promissory Note and it is available to the Defendant to review at his request.

**REQUEST NO. 4:** Produce any allonge or transfer of the note.

**RESPONSE:** U.S. Bank, as Trustee has the original Allonge to the Promissory Note and it is available for review at Defendant's request.

**REQUEST NO. 5:** Produce any power of attorney granted by LaSalle Bank, N.A. to Homeward Residential, Inc. to sign the purported Assignment of Mortgage dated February 22, 2013.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to the claims and defenses of this case. U.S. Bank, as Trustee is attempting to find the power of attorney granted by LaSalle Bank and will provide once obtained.

**REQUEST NO. 6:** Produce any Power of Attorney granted by US Bank, to Ocwen to sign the purported Assignment of Mortgage dated October 22, 2014.

2

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to the claims and defenses of this case. Further answering, please see documents attached hereto as *Exhibit B*.

**REQUEST NO. 7:** Any documents indicating that the Defendant's loan has ever been included in a pool of loans belonging to a securitized trust.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claims or defenses in this case. Further answering, please see the pooling and servicing agreement attached as *Exhibit C*.

**REQUEST NO. 8:** Produce all assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by Defendant to this obligation in this account from the inception of this account to the present date.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad, unduly burdensome, and irrelevant to any claim or defense of this case. Further answering, please see U.S. Bank, as Trustee's response to Requests No. 1-4 in addition to the exhibits attached to U.S. Bank, as Trustee's Amended Complaint as Exhibits 26-1, 26-2, 26-24, and 26-25.

**REQUEST NO. 9:** Produce all letters, statements and documents sent to Plaintiff by Ocwen or any other loan servicer acting on behalf of US Bank.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad, unduly burdensome and irrelevant to the claims and defenses of this case. Further answering, please see documents attached as *Exhibit D*.

**REQUEST NO. 10:** Produce all letters, statements and documents contained in the account file of Defendant or imaged by Ocwen, any servicers or subservicers of this mortgage from the inception of this account to the present date. If none, state "none."

1019463\307670077.v2

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad unduly burdensome and irrelevant to the claims and defenses of this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 9.

**REQUEST NO. 11:** Produce all electronic transfers, assignments and sales of the note or asset, mortgage, deed of trust or other security instrument. If none, state "none".

**RESPONSE:** U.S. Bank, as Trustee objects to this request on grounds of vagueness, ambiguity and irrelevancy to the claims and defenses of this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 8.

**REQUEST NO. 12:** Produce all copies of property inspection reports, appraisals, **BPO**s and reports done on the property of Defendant. If none, state "none".

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad, unduly burdensome and irrelevant to the claims and defenses of this case. Further answering, please see documents attached as *Exhibit E*.

**REQUEST NO. 13:** Copies of an executed copy of the Trust Agreement for any securitized trust which has ever held Defendant's loan, including the Loan schedules.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to the claim or defense in this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 7.

**REQUEST NO. 14:** Copies of an executed copy of any loan purchase agreement, including the Defendant's loan, executed by any entity including the loan schedules.

**RESPONSE:** U.S. Bank, as Trustee objects to the request as irrelevant to any claim or defense in this case.

4

**REQUEST NO. 15:** Any documents showing a chain of transfer of the note and mortgage and other mortgage documents from the Originator to the present owner of the note and mortgage.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad, unduly burdensome and irrelevant to any claim or defense in this case. Further answering, please see documents attached as *Exhibit F*.

**REQUEST NO. 21:** Any documents indicating the owner of the note and the mortgage on the following dates: December 15, 2008, July 15, 2011, February 22, 2013 and October 22, 2014.

**RESPONSE:** U.S. Bank, as Trustee objects to the request as overly broad and unduly burdensome. Further answering, U.S. Bank, as Trustee has appended all documents demonstrating ownership of the Defendant's mortgage loan as exhibits to the Amended Complaint.

**REQUEST NO. 22:** Any default letter sent to the Defendant pursuant to the terms of the mortgage.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad and unduly burdensome. Notwithstanding and without waiving objection, attached as *Exhibit G* please find November 2014 Notice of Default sent to Defendant.

**REQUEST NO. 23:** Any acceleration letter sent to the Defendant pursuant to the terms of the mortgage.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant and on grounds that the request assumes an acceleration letter is required under the terms of the mortgage. Further answering, attached as *Exhibit H* please find September 16, 2016 Notice of Acceleration.

**REQUEST NO. 24:** Any Notice of foreclosure sale sent to the Defendant pursuant to the terms of the mortgage.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad and unduly burdensome. Notwithstanding that objection, Attached as *Exhibit I* please find September 23, 2016 notice of foreclosure sale.

**REQUEST NO. 25:** Any notice sent to the Defendant pursuant to RIGL 34-27-3.1.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Notwithstanding, this objection U.S. Bank, as Trustee is attempting to locate the referenced documents and will provide at that time.

**REQUEST NO. 26:** Any and all documents that US Bank used to answer any interrogatories or the request for admissions in this case.

**RESPONSE:** All documents U.S. Bank, as Trustee relied upon to answer interrogatories and requests for admission are attached to this discovery response and/or appended as exhibits to U.S. Bank, as Trustee's Amended Complaint.

**REQUEST NO. 27:** Any documents upon which US Bank authorized Ocwen to send the Defendant a default letter.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claims or defenses in this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 7 and all documents concerning servicing of loan appended to U.S. Bank, as Trustee's Amended Complaint.

**REQUEST NO. 28:** Any documents indicating the possession and location of the mortgage note from the date of the Defendant's closing to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request and irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at

6

all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 29:** A copy of all documents executed in regard to the securitization of the Defendant's loan.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claims or defenses in this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 7 and all documents concerning servicing of loan appended to U.S. Bank, as Trustee's Amended Complaint.

**REQUEST NO. 30:** Any and all documents indicating the identity of each person whom US Bank expects to call as an expert witness at trial along with any documents indicating the subject matter on which the expert is expected to testify and any and all documents indicating the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for such an opinion.

**RESPONSE:** U.S. Bank, as Trustee does not intend to call any expert witnesses at this time but reserves the right to amend the response as necessary.

**REQUEST NO. 31:** Any Custodial Agreement between US Bank and the Custodian of the collateral file.

**RESPONSE:** U.S. Bank, as Trustee objects to the request as irrelevant to any claim or defense to this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 32:** Any custodial agreement from the origination of the mortgage loan executed by any custodian of the collateral file for the mortgage loan.

7

**RESPONSE:** U.S. Bank, as Trustee objects to the request as irrelevant to any claim or defense to this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 33:** The electronic and paper log for the collateral file, including but not limited to any records indicating each time that the Defendant's note was removed from the collateral file and each time documents were added to the collateral file since origination.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 34:** Copies of any documents of the tracking of the Defendant's loan file from origination to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 35:** All documents indicating the Custodian of Defendant's loan documents from origination to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

8

Case 1:17-cv-03949-WFK-SDA Document 57 Filed 02/10/22 Page 10 of 15 PageID #: 1529

**REQUEST NO. 36:** Any documents indicating the log in and log out record of the vault or any location where the Defendant's collateral file and Promissory Note has been located from origination to present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 37:** Copies of all requests for release of documents from the custodian to the entity receiving the mortgage loan file which includes proof of mailing.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 38:** Inventory and transaction logs of the mortgage loan file.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 39:** Printed and electronic inventory of collateral loan file from Custodian.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at

9

all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 40:** Bar Code Chart for Defendant's loan with definitions.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 41:** All stored electronic data regarding the Bar Codes with all metadata.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 42:** Complete Collateral File tracking history from Custodian.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 43:** The electronic index to the custodian file.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 44:** The paper index for the custodian file.

10

1019463\307670077.v2

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 45:** Any and all documents upon which you base any denials of any of Defendant's affirmative defenses.

**RESPONSE:** Please see all documents appended to U.S. Bank, as Trustee's Amended Complaint and all documents produced in response to Defendant's Interrogatories and these Requests for Production.

**REQUEST NO. 46:** Any and all documents indicating the date and location of endorsement and transfer of the Defendant's note from origination to the present of the original note, including any allonges or endorsements to the note.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 47:** Any documents indicating the owner of the note or the mortgage from origination to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 48:** Any documents indicating the sale of the note or the mortgage from origination to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 49:** The written reports of any and all expert witnesses, retained for trial, including the following information:

a. a complete statement of all opinions the witness will express and the basis and reasons for them;

b. the facts or data considered by the witness in forming them;

c. any exhibits that will be used to summarize or support them;

d. the witness's qualifications, including a list of all publications authored in the previous 10 years;

e. a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

f. a statement of the compensation to be paid for the study and testimony in the case.

g. If an expert witness has been retained for trial, but has not submitted a report, the following documents are requested:

h. the subject matter on which the witness is expected to present evidence under Rule of Evidence 702, 703, or 705; and

i. a summary of the facts and opinions to which the witness is expected to testify.

**RESPONSE:** U.S. Bank, as Trustee has not determined whether it will call an expert to testify and reserves the right to supplement this response.

**REQUEST NO. 50:** An exact reproduction of the life of loan mortgage transactional history for this loan on the contractual system of record used by the servicer from origination of the loan to the date of this letter. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alphanumeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, please see document attached as *Exhibit J*.

> Respectfully submitted,
>
> U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11
>
> By: Its Attorney
>
> /s/ *Jamal D. Burk*
> Samuel C. Bodurtha, Bar No. 7075
> Jamal D. Burk, Bar No. 9550
> HINSHAW & CULBERTSON LLP
> 56 Exchange Terrace, 5th Floor
> Providence, RI 02903
> Tel: 401-751-0842/Fax: 401-751-0072
> Email: jburk@hinshawlaw.com

Dated: June 25, 2021

1019463\307670077.v2

## CERTIFICATE OF SERVICE

      I, Jamal D. Burk, hereby certify that on this 25th day of June 2021, I served the foregoing U.S. Bank, N.A. as Trustee's Response to Defendant's Request for Production to counsel of record by electronic mail as follows:

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920
jbelaw75@gmail.com

                                                        /s/ *Jamal D. Burk*
                                                        Jamal D. Burk, Bar #9550