UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11,<br><br>         Plaintiff,<br><br>v.<br><br>MASOUD SHAKOORI-NAMINY a/k/a MASOUD SHAKOORI, BRENDA SHAKOORI-NAMINY, and SAND CANYON CORPORATION,<br><br>         Defendants. | C.A. No. 17-CV-00394-WES-LDA |

**PLAINTIFF'S RESPONSE TO MASOUD SHAKOORI-NAMINY'S MOTION IN LIMINE AND MOTION FOR DEFAULT JUDGMENT (ECF NO. 57)**

**INTRODUCTION**

Defendant, Masoud Shakoori-Naminy a/k/a Masoud Shakoori ("Shakoori" or "Defendant") pursues a discovery motion on the eve of trial that is riddled with falsities and omissions in an effort to avoid this lawsuit and the enforcement of a mortgage loan in default for over ten years. The actual facts and travel of discovery demonstrate that Shakoori was not precluded from receipt or review of any single piece of evidence that Plaintiff, U.S. Bank, N.A., as Trustee for the Register Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BV11's ("U.S. Bank, as Trustee" or "Plaintiff") intends to present at trial. Moreover, Shakoori's complaints over the admission of four assignments of mortgage, and the irrelevant documents he intends to produce that are subject of U.S. Bank, as Trustee's Motion in Limine (ECF No. 50)

misunderstand the very nature of this case: a complaint to establish the equitable assignment of mortgage when relief on title is unavailable. Reviewing the relief that U.S. Bank, as Trustee pursues in this lawsuit, and the discovery effort undertaken by U.S. Bank, as Trustee's current counsel demonstrate that the Court should deny Shakoori's motion.

## **LEGAL ARGUMENT**

<u>Shakoori Presents no Valid Basis under Fed. R. Civ. P. 37 to Sanction U.S. Bank, as Trustee</u>

Fed. R. Civ. P. 37 provides a mechanism for a party seeking discovery to obtain court order compelling production and pursuing further orders of sanctions in the event discovery is not received to the prejudice of that party's case. There is no decision in this district or the First Circuit that supports dismissal of suit on a motion to compel. As for the preclusion of evidence, this Court has previously concluded that disclosures or supplemental responses that are made much too close to trial may be precluded. *Bowling v. Hasbro, Inc.*, C.A. No. 05-2295, 2007 U.S. Dist. LEXIS 83882 at *6 (D.R.I. Nov. 2, 2007). The course of discovery in this case does not warrant the imposition of any sanction because Shakoori demonstrates no prejudice in the receipt of documents or information and instead pursues false and inflammatory claims that "Plaintiff essentially provided no discovery to Defendant."

Shakoori claims that "Plaintiff absolutely refused to provide documents which it now seeks to introduce into evidence" including the October 1, 2003 documents demonstrating the transfer of Shakoori's loan into the Trust for which U.S. Bank presently serves as trustee. (ECF No. 57 at p. 32.) First, any delay in the production of documents, responses to interrogatories or responses to requests for admission by undersigned counsel resulted from an ongoing effort to settle this case. The Court is well aware of the efforts pursued by U.S. Bank, as Trustee to resolve this case through a mediation with Berry Mitchell, that the case was referred to Dr. Mitchell on June 28, 2021, that Dr. Mitchell convened several mediation sessions but was unable

to resolve the dispute at which time the case returned to the trial calendar in November of 2021. Even before the Court referred the case to mediation, U.S. Bank, as Trustee undertook every effort to settle this case beginning with a loan modification offer presented August 5, 2019 and extending through a modification and discounted payoff offer made in January of 2021. U.S. Bank, as Trustee has clearly indicated to the Court and to Shakoori's counsel that every effort should and would be undertaken to resolve this case with a settlement, and those settlement efforts have occupied the parties' time for the better portion of this case.

Contrary to Shakoori's various assertions of U.S. Bank, as Trustee's refusal to produce documents, all discovery that is now submitted as an exhibit for trial was produced in a timely fashion that afforded Shakoori every opportunity for review in preparation for this trial:

Shakoori claims that he has been refused access to the trust documents. This claim simply is not true. On multiple occasions, Shakoori has received copies of the October 1, 2003 loan transaction documents. Excerpts from the Trust Agreement (*Exhibit J*) were attached to U.S. Bank, as Trustee's March 27, 2019 Amended Complaint as Exhibit 3. (ECF NO. 26-4.) Exhibit 3 to the Amended Complaint referred Shakoori to the U.S. Securities and Exchange Commission website (EDGAR) for purposes of locating all documents that the Trust submitted in regular reporting and listed the very same October 1, 2003 documents that U.S. Bank, as Trustee intends to submit as evidence in this case. (ECF No. 26-4 at pp. 2, 4-5.) In advance of the Court's December 20, 2021 calendar car, counsel for both parties conferenced to discuss discovery in this case.[1] In response to that discussion, U.S. Bank, as Trustee agreed to produce supplemental documents and produced documents piecemeal in supplement to discovery. (December 13, 2021 E-mail Correspondence, *Exhibit A*.) Following the conference, U.S. Bank, as Trustee produced

---

[1] U.S. Bank, as Trustee's counsel proposed the conference. Shakoori's counsel had not previously proposed a conference to discuss outstanding discovery.

series of documents that included, among other items: (1) Execution Copy of Pooling and Servicing Agreement; (2) Execution copy of Assignment Agreement Between Lehman Brothers Bank, FSB and Lehman Brothers Holdings, Inc.; and (3) Mortgage Loan Sale and Assignment Agreement between Lehman Brothers Holdings and Structured Asset Securities Corp. (*Id*.) U.S. Bank, as Trustee produced copy of the redacted transaction history by e-mail on January 18, 2022 (January 18, 2022 Email Correspondence, *Exhibit B*.)

The December 13, 2021 and January 18, 2022 delivery of documents are one of several supplements to production that U.S. Bank, as Trustee's counsel sent to Shakoori's counsel via e-mail in December of 2021 and in January of 2022 as part of U.S. Bank, as Trustee's ongoing and good faith effort to provide all documents in support of their case. These communications reject Shakoori's claim that U.S. Bank, as Trustee "refused to provide any documents which it now seeks to introduce." (ECF No. 57 at p. 32.) U.S. Bank, as Trustee, by and through undersigned counsel, have provided all of the documents they seek to introduce as exhibits at this trial, have worked with Shakoori's counsel to ensure that he had received all documents and that he had ample time to review the documents prior to trial. In truth, Shakoori's counsel has had years to review the trust documents available through EDGAR and nearly three months with the actual documents U.S. Bank, as Trustee seeks to introduce sitting in counsel's inbox.

Shakoori likewise claims that he has been denied access to the collateral file. (ECF No. 57 at p.  .) Once again, this claim relies on false assertions. Shakoori's counsel, and Shakoori's expert, Emily Will, reviewed the collateral file for the loan in question in person and at undersigned counsel's office on August 20, 2021. (August 20, 2021 E-mail Correspondence to Berry Mitchell, *Exhibit C*.) Despite a complete review of the collateral file, neither Shakoori nor his counsel followed up with U.S. Bank, as Trustee with any report or further requests on the

originating documents until filing the instant motion seeking to exclude the promissory note from admission into evidence. Instead, Shakoori and his counsel believe that there are custodial records and indices that demonstrate the transfer and possession of the note, as well as all other documents in the collateral file that U.S. Bank, as Trustee refuse to produce. U.S. Bank, as Trustee, however, has responded to all of these discovery requests that there are no custodial receipts for Shakoori's loan, and that the face of the Promissory Note and Allonge produced by copy to Shakoori and by original through review, indicates all dates and information applicable to the date the Note was indorsed and who indorsed the note. (U.S. Bank, as Trustee's Supplemental Response to Request for Production and Interrogatories, *Exhibit D*.) Shakoori's motion complains about documents that his counsel and expert have reviewed in addition to documents and information that simply do not exist.

No document that U.S. Bank, as Trustee intends to introduce as an exhibit at trial of this case has been withheld from Shakoori. Instead, U.S. Bank, as Trustee has provided copies of each and every document to Shakoori's counsel with ample time for review prior to the April 4 trial date (and prior to the original trial date of March 7, 2022). No grounds exist for this Court to dismiss the case. No grounds exist for the Court to provide Shakoori any relief under Rule 37 because Shakoori has not identified any prejudice in any delay on the production of documents or response to interrogatories. The course of pleadings and motions filed in this case demonstrate that Shakoori's counsel has waited until the very last minute to file any motions in this case, and this Court should not reward Shakoori's belated filings with any relief in this case.

<u>Shakoori's Claims regarding the Assignments of Mortgage Misinterpret U.S. Bank, as Trustee's Case and Pursuit of Equitable Relief</u>

Shakoori's Motion in Limine mistakenly presumes that U.S. Bank, as Trustee is pursuing a claim to enforce the mortgage by and through the assignments of mortgage recorded in the

chain of title. (Motion in Limine, ECF No. 57 at pp. 2-15.) U.S. Bank, as Trustee's Conclusions of Law and Findings of Fact demonstrate that plaintiff's case seeks to obtain an equitable assignment of mortgage in the absence of valid and enforceable assignments of mortgage. (Plaintiff's Proposed Findings of Fact, ECF No. 53.) Plaintiff's Proposed Findings of Fact demonstrates an effort to show "Attempts to Assign Mortgage Loan" and includes facts concerning the assignments of mortgage that Shakoori objects to and opposes. (*Id.* at pp. 6-7.) These facts are proposed not to prove up U.S. Bank, as Trustee's request for equitable assignment but instead to demonstrate the source and reason for U.S. Bank, as Trustee's request for equitable assignment. In Plaintiff's Proposed Conclusions of Law, U.S. Bank as Trustee details the legal requirements necessary to obtain equitable relief, to prove an equitable assignment of mortgage, to prove ownership of a mortgage beyond the assignments and to prove possession of a promissory note in support further support of ownership of the mortgage. (*Id*. at pp. 9-10.)

Shakoori continues to press objection to the assignments of mortgage in an effort to void U.S. Bank, as Trustee's mortgage interest by challenging execution and notarization of the assignment of mortgage. U.S. Bank, as Trustee previously moved to exclude the exhibits Shakoori intends to introduce in order to void the assignments because none of the documents are relevant to an assignment challenge. (Memorandum of Law in Support of U.S. Bank, as Trustee's Motion in Limine, ECF No. 51.) More importantly, U.S. Bank, as Trustee opposed admission of Shakoori's evidence because the documents are utilized in order to call into question the validity of record title on the actual assignments of mortgage, but U.S. Bank, as Trustee is requesting a court ordered assignment in equity based upon evidence of the actual

transfer of the mortgage loan from Option One Mortgage Corporation into the trust and the undisputed fact that U.S. Bank, as Trustee holds the Note. (*Id.*)

Shakoori is confused in believing that U.S. Bank, as Trustee is pursuing an order of this Court on the assignments of mortgage. No such relief is sought, the record title assignments of mortgage are not relevant to U.S. Bank, as Trustee's pursuit of equitable assignment of mortgage, and Shakoori raises no valid challenge on the objections to the recorded assignments. To the extent Sharkoori continues to insist that exclusion of the record title assignments is necessary, U.S. Bank, as Trustee will agree to withdraw the proposed findings of fact and proposed exhibits concerning the attempted assignments of mortgage.

## **CONCLUSION**

For the reasons stated above, U.S. Bank, as Trustee respectfully requests that this Court deny Shakoori's motion to dismiss this case and request to exclude evidence that was produced to Shakoori's counsel and is relevant to U.S. Bank, as Trustee's equitable assignment claim.

Respectfully submitted:

U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11

By: Its Attorney

/s/ *Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace, 5th Floor
Providence, RI  02903
Tel: 401-751-0842/Fax: 401-751-0072
Email: sbodurtha@hinshawlaw.com

Dated:     March 17, 2022

**CERTIFICATE OF SERVICE**

      I, Samuel C. Bodurtha, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 17, 2022.

                                                      /s/ *Samuel C. Bodurtha*
                                                     Samuel C. Bodurtha, Bar #7075

1019463\310301663.v1