# EXHIBIT D

A3093\306083941.v1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

U.S. BANK N.A., AS TRUSTEE FOR THE
REGISTERED HOLDERS OF THE
STRUCTURED ASSET SECURITIES
CORPORATION, STRUCTURED ASSET
INVESTMENT LOAN TRUST, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES
2003-BC11,

        Plaintiff,

v.

MASOUD SHAKOORI-NAMINY a/k/a
MASOUD SHAKOORI, BRENDA SHAKOORI-
NAMINY, WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS SUCCESSOR TRUSTEE TO
CITIBANK, N.A. AS TRUSTEE FOR BEAR
STEARNS SECOND LIEN TRUST 2007-SV1,
MORTGAGE-BACKED CERTIFICATES,
SERIES 2007-SV1, HERITAGE CONCRETE
CORP., THE FIREPLACE LLC, STEPHEN E.
MOTTAU and HALLINAN CAPITAL
CORPORATION,

        Defendants.

C.A. No. 17-CV-00394-WES-LDA

## U.S. BANK, N.A., AS TRUSTEE'S SUPPLEMENTAL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

    The Plaintiff, U.S. Bank, N.A., as Trustee for the Registered Holders of the Structured

Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through

Certificates, Series 2003-BC11 ("U.S. Bank, as Trustee" or "Plaintiff"), provides the following

supplemental response to Defendant, Masoud Shakoori-Naminy a/k/a Masoud Shakoori's

("Shakoori-Naminy" or "Defendant") First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

    1.    Plaintiff objects to Defendant's Instructions, Definitions, and Interrogatories to

the extent they purport to impose obligations on Plaintiff beyond those required under the

Federal Rules of Civil Procedure, the local rules of the District of Rhode Island, the Court's orders, or any other applicable body of law.

2.     Plaintiff objects to Defendant's Instructions, Definitions, and Interrogatories to the extent they call for information that is protected from disclosure by the attorney-client privilege, work product doctrine, insurer-insured privilege, or any other applicable privilege or protection. Defendants do not intend to waive any claim of privilege or protection by providing material or information pursuant to the Interrogatories. In the event that Plaintiff inadvertently discloses any privileged or protected material or information, it is not intended, and shall not be deemed, to be a waiver by Plaintiff of any applicable privilege or protection.

3.     Plaintiff objects to Defendant's Instructions, Definitions, and Interrogatories to the extent that they seek confidential or proprietary business information.

4.     Plaintiff objects to each of Defendant's Interrogatories that seek "all" documents or information. In the course of discovery, Plaintiff has made a good-faith search for responsive and relevant documents and information within their possession, custody, or control in those places where such documents and information are reasonably likely to be found. That search is ongoing, and Defendants will supplement its answers if necessary in accordance with the Federal Rules of Civil Procedure.

5.     All responses below are subject to the foregoing general objections, and the foregoing general objections are not waived.

6.     Plaintiff reserves the right to supplement these responses and objections based on additional information acquired during the course of discovery.

## U.S. BANK, AS TRUSTEE'S RESPONSES

1.     Please identify and state the name, business address, employer, current employment status and business telephone number of each person who answered these

2

interrogatories and each person who assisted on the content of any answer to these interrogatories, and indicate their personal knowledge regarding each interrogatory to which they provided the answer.

**ANSWER**

Name: Howard Handville
Business Address: 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.
Employer: Ocwen Financial Corporation.
Occupation/Job Duties: Senior Loan Analyst.

I am answering these interrogatories as a Senior Loan Analyst employed by Ocwen Financial Corporation, whose wholly owned subsidiary is PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, the loan servicer and attorney-in-fact for U.S. Bank as Trustee ("PHH").

2.      Please identify all representatives, agents or employees of the Plaintiff with knowledge of the facts necessary to respond to each of the interrogatories contained herein and/or who assisted in the answering of these interrogatories.

**ANSWER**     No representative of U.S. Bank, as Trustee has personal knowledge of facts necessary to respond to these interrogatories.

**SUPPLEMENTAL ANSWER**     No representative, agent or employee has personal knowledge of facts necessary to respond to the interrogatories. All responses are provided based upon a review of business records maintained by U.S. Bank, as Trustee and its mortgage loan servicer PHH.

3.      Please state whether you claim to have ever possessed a legal interest, a beneficial interest, or no interest in the Note or Mortgage and identify all documents and clauses therein which gives you said interest.

**ANSWER**     U.S. Bank, as Trustee is the current holder of an Adjustable Rate Note that Defendant initialed and executed on July 16, 2003, which promised to repay a $315,400 loan with interest received from Option One Mortgage Corporation ("Option One"), which referenced property located at 1541 Ten Rod Road, Exeter, RI 02822-1910, and which Option One endorsed in blank by allonge. U.S. Bank, as Trustee is also the current holder of a July 16, 2003 Mortgage that the Defendant agreed to and executed in favor of Option One, which mortgage was recorded in the Land Evidence Records for the Town of Exeter at Book 0212, Page 1, and which was assigned to U.S. Bank, N.A., as Trustee by Assignment of Mortgage dated October 22, 2014 and recorded in the Land Evidence Records for the Town of Exeter at Book 464, Page 249.

**SUPPLEMENTAL ANSWER**     Pursuant to Fed. R. Civ. P. 33(d), U.S. Bank, as Trustee produces the following documents that further demonstrate U.S. Bank, as Trustee's possession of a legal interest in the mortgage loan: (1) Assignment and Assumption Agreement between Lehman Brothers Bank, FSB and Lehman Brothers Holdings, Inc. (Bates 000001-000210); (2) Mortgage Loan Sale and Assignment Agreement between Lehman Brothers Holdings, Inc. [seller] and Structured Asset Securities Corporation [purchaser] (Bates 000211-000241); (3) October 1, 2003 Trust Agreement for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates Series 2003-BC11 (Bates 00014-210); (4) LaSalle Bank, N.A.'s June 24, 2009 resignation as trustee (Bates 000442); (5) U.S. Bank N.A.'s appointment as trustee (Bates 000431-441); and (6) Schedule of Loans transferred into trust (Bates 000272-000277).[1]

4.     Please state the name and contact information of the person(s) or entity(ies) ("assignor") from whom you obtained the Note or Mortgage along with consideration paid and

---

[1] The Schedule of Loans produced is redacted so that only Defendant's loan is listed among all of the loans included in the trust.

identify any and all documents and clauses therein which gave legal effect to the transfer of the Note to you or the assignment of mortgage to you.

**ANSWER**     U.S. Bank, as Trustee objects to this Interrogatory on the grounds that Defendant's request for the consideration paid to obtain the Note and Mortgage is irrelevant to any party's claim or defense in this action. Without waiving the forgoing objection, and in accordance with Fed. R. Civ. P. 33(d), U.S. Bank, as Trustee refers Defendant to the Note and Assignments of Mortgage attached as exhibits to the Complaint and the Amended Complaint filed in this action.

**SUPPLEMENTAL ANSWER**     U.S. Bank, as Trustee also refers Defendant to their Supplemental Answer to Interrogatory No. 3.

5.     Please identify all documents which reference a sale of the Note or the Mortgage from the origination of the note to the present.

**ANSWER**     U.S. Bank, as Trustee objects to this Interrogatory on grounds that the information sought is irrelevant to any party's claim or defense in this action. Without waving the forgoing objection, and in accordance with Fed. R. Civ. P. 33(d), U.S. Bank, as Trustee refers Defendant to the allonge to the Note and the Assignments of Mortgage attached as exhibits to the to the Complaint and Amended Complaint filed in this action.

**SUPPLEMENTAL ANSWER**     U.S. Bank, as Trustee also refers Defendant to their Supplemental Answer to Interrogatory No. 3.

6.     Please state name and contact information of all parties or entities who have provided servicing or subservicing of the Note or Mortgage and the dates each servicing or subservicing arrangements and identify all documents and clauses therein which describe the authorization for and the servicing or subservicing of the Note.

1019463\309689527.v1

**ANSWER**   U.S. Bank, N.A., as Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant to any claims or defenses in this matter. Without waiving the forgoing objection, PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, has serviced the loan and operated as and attorney-in-fact for U.S. Bank as Trustee at all times since December 27, 2012. Prior to December 27, 2012, Homeward Residential, f/k/a American Home Mortgage Servicing, Inc. serviced the loan. Prior to October 1, 2003, Option One serviced Defendant's mortgage loan.

7.   Please state the factual basis upon which you base any allegations in your complaint.

**ANSWER**   U.S. Bank, N.A., as Trustee objects to this Interrogatory as overly broad and unduly burdensome. Without waiving the forgoing objection, U.S. Bank, N.A., as Trustee refers the Defendant to each of the exhibits appended to the Complaint and the Amended Complaint for all facts in support of U.S. Bank, as Trustee's allegations and claims.

8.   Identify each person you contend has knowledge regarding any of the facts based upon which you base your complaint, including their contact information and a short summary of what knowledge they possess that is relevant to this Action.

**ANSWER**   No representative of U.S. Bank, as Trustee has personal knowledge regarding any of the facts in the Complaint and the Amended Complaint.

**SUPPLEMENTAL ANSWER**   No agent of U.S. Bank, as Trustee has personal knowledge regarding any of the facts in the Complaint and Amended Complaint. All allegations, claims, information and discovery responses in this litigation are provided based upon a review of business records maintained by U.S. Bank, as Trustee and its mortgage loan servicer PHH.

6

9.     If your response to any Request for Admission submitted by the Defendant is anything other than an unqualified admission, identify the complete factual basis for your response.

**ANSWER**     U.S. Bank, as Trustee objects to this Interrogatory as overly broad and unduly burdensome on the grounds that there were several Requests for Admission that were not answered with an unqualified admission. Without waving the forgoing objection, the factual basis for any response to discovery is contained within the Complaint, the Amended Complaint U.S. Bank, N.A. as Trustee filed in this action and all exhibits attached to both of these filings.

10.     Has Defendant's loan been securitized? If so, please state the name and address and file number of the securitized trust along with date of securitization and the consideration paid along with name, address and phone number of the Master Servicer and trustee for said Trust.

**ANSWER**     U.S. Bank, as Trustee objects to this Interrogatory on grounds that the information sought is irrelevant to any of the claims made in this case. Without waving the foregoing objection, please see the Pooling and Servicing Agreement produced in accordance with Fed. R. Civ. P. 33(d) and attached as *Exhibit A*.

**SUPPLEMENTAL ANSWER**     U.S. Bank, as Trustee also refers Defendant to their Supplemental Answer to Interrogatory No. 3.

11.     Please identify and describe each custodian for the Defendant's Note or Mortgage from origination to the present and the location of the Defendant's note from origination to the present.

**ANSWER**     U.S. Bank, N.A., as Trustee objects to this Interrogatory on grounds that the information sought is irrelevant to any of the claims made in this case. Without waving the

1019463\309689527.v1

foregoing objection, please see the Pooling and Servicing Agreement produced in accordance with Fed. R. Civ. P. 33(d) and attached as *Exhibit A*.

12.     Please identify and describe any custodial agreement between the owner of Defendant's note and mortgage any custodian of the Defendant's note and mortgage from origination to the present, specifying the location of the Defendant's note from origination to the present.

**ANSWER**     U.S. Bank, N.A., as Trustee objects to this Interrogatory on grounds that the information sought is irrelevant to any of the claims made in this case. Without waving the foregoing objection, please see the Pooling and Servicing Agreement produced in accordance with Fed. R. Civ. P. 33(d) and attached as *Exhibit A*.

**SUPPLEMENTAL ANSWER**     U.S. Bank, as Trustee does not have any custodial receipts in possession for the Defendant's loan.

13.     Please identify and describe all documents in the collateral file for the Defendant's loan identifying the document along with the date each document was placed in the collateral file.

**ANSWER**     U.S. Bank, as Trustee objects to this Interrogatory on grounds that the request seeks information that is irrelevant to any claims made in this case. Without waving the forgoing objection, U.S. Bank, as Trustee has made the collateral file available to Defendant's counsel for review and copy at a mutually agreeable time and provided a scanned copy of the original promissory note to Defendant's counsel by e-mail on May 11, 2021.

**SUPPLEMENTAL ANSWER**     Please see a complete copy of the collateral file previously produced in accordance with Fed. R. Civ. P. 33(d).

1019463\309689527.v1

14.     Please state each date that the note signed by the Defendant was indorsed by any person or persons along with the name, employer, job title, home and business address and telephone number of each indorser.

**ANSWER**     U.S. Bank, as Trustee objects to Interrogatory on grounds that the request seeks information that is irrelevant to any claims made in this case. Without waving the forgoing objection, U.S. Bank, as Trustee refers Defendant to the Note produced in accordance with Fed. R. Civ. P. 33(d).

**SUPPLEMENTAL ANSWER**     The face of the Note produced to Defendant identifies and indicates all dates and information applicable to the date the Note was indorsed and who indorsed the Note.

15.     Identify each person whom you expect to call as an expert witness at trial. With respect to each such expert, state the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

**ANSWER**     U.S. Bank, as Trustee objects to this request as it seeks premature disclosure of expert opinion in violation of Fed. R. Civ. P. 26. Without waiving the aforementioned objection, U.S. Bank as Trustee has not decided which, if any, expert witnesses may be called at trial; insofar as this request seeks to ascertain the identity, writings and opinions of U.S. Bank as Trustee's experts who have been retained or utilized to date solely as an advisor or consultant, the request impermissibly seeks documents or information protected by the work-product privilege.

16.     Please identify any documents upon which you base any defenses to the Defendant's affirmative defenses.

9

**ANSWER**    U.S. Bank, as Trustee objects to this Interrogatory as overly broad and unduly burdensome. Without waiving the aforementioned objection, U.S. Bank, N.A. as Trustee relies upon all of the documents included as exhibits to the complaint filed in this matter.

### SUPPLEMENTAL ANSWER

**First Affirmative Defense:** Defendant does not specificy any particular defense.

**Second Affirmative Defense:** The October 1, 2003 Pooling and Servicing Agreement, the Assignments of Mortgage, and all documents within the collateral file previously produced or made available to Defendant for review.

**Third Affirmative Defense:** The October 1, 2003 Pooling and Servicing Agreement, the Assignments of Mortgage, and all documents within the collateral file previously produced or made available to Defendant for review.

**Fourth Affirmative Defense:** The promissory note with allonge included in the collateral file, copy of which was previously produced to Defendant and the original note that was provided to Defendant's counsel for review.

**Fifth Affirmative Defense:** The promissory note with allonge included in the collateral file, copy of which was previously produced to Defendant and the original note that was provided to Defendant's counsel for review.

**Sixth Affirmative Defense:** No documents are available because "personal knowledge of matters or information" is not required to sign a verification. Instead, a verification can be signed based upon review of records kept in the ordinary course of business.

**Seventh Affirmative Defense:** The October 1, 2003 Pooling and Servicing Agreement, the Assignments of Mortgage, and all documents within the collateral file previously produced or made available to Defendant for review.

1019463\309689527.v1

**Eighth Affirmative Defense:** The October 1, 2003 Pooling and Servicing Agreement, and all Assignments of Mortgage.

**Ninth Affirmative Defense:** The Mortgage and Promissory Note.

**Tenth Affirmative Defense:** This statement does not appear to be a defense to the case and instead an allegation to which there are no documents U.S. Bank, as Trustee would produce in response.

**Eleventh Affirmative Defense:** See U.S. Bank, as Trustee's response to the Fourth Affirmative Defenses.

**Twelfth Affirmative Defense:** The October 1, 2003 Pooling and Servicing Agreement, the Assignments of Mortgage, and all documents within the collateral file previously produced or made available to Defendant for review.

**Thirteenth Affirmative Defense:** There are no documents in response to this defense that raises a legal issue over the demand for fees and costs incurred following a bankruptcy discharge.

**Fourteen Affirmative Defense:** There are no documents in response to this defense that raises a legal issue over U.S. Bank, as Trustee's request for relief.

17.     Please indicate the owner of the mortgage note on December 15, 2008, July 15, 2011, February 22, 2013 and October 22, 2014 and identify all documents on which you base this answer.

**ANSWER**     U.S. Bank, as Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant to any party's claim or defense in this action. Without waiving the aforementioned objection, U.S. Bank, N.A., as Trustee has possessed the Note at all

11

times during which U.S. Bank, N.A., as Trustee has owned the loan and sought to enforce the terms of the agreement following Defendant's default.

18.     Please identify any power of attorney granted by LaSalle Bank, N.A. to Homeward Residential, Inc. to sign the purported Assignment of Mortgage dated February 22, 2013.

**ANSWER**     U.S. Bank, as Trustee objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense in this action. Without waiving the aforementioned objection, U.S. Bank, as Trustee is attempting to locate the power of attorney and will provide once located.

**SUPPLEMENTAL ANSWER**     U.S. Bank as Trustee is unable to locate the Power of Attorney information requested in this interrogatory.

19.     Please identify any power of attorney granted by US Bank, to Ocwen to sign the purported Assignment of Mortgage dated October 22, 2014.

**ANSWER**     U.S. Bank, as Trustee objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense in this action. Without waiving the aforementioned objection produces the POAs in accordance with Fed. R. Civ. P. 33(d) attached as *Exhibit B*.

20.     Please identify each payment made by the Defendant on the mortgage loan account along with the amount of each payment and the date it was received by the loan servicer for the mortgage loan from origination to the present.

**ANSWER**     In accordance with Fed. R. Civ. P. 33(d), attached as *Exhibit C* please find loan payment history.

12

**SUPPLEMENTAL ANSWER**    In accordance with Fed. R. Civ. P. 33(d), U.S. Bank as Trustee produces all account histories for the Defendant's loan (Bates 000242-000261).

21.    Please identify each payment missed by the Defendant on the mortgage loan account along with the amount of each missed payment from origination to the present.

**ANSWER**    Please see U.S. Bank, as Trustee's response to Interrogatory No. 20.

22.    Please identify the exact name of the Trust, which claims to own the Defendant's mortgage.

**ANSWER**    U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11

23.    Has the promissory note ever been lost? If so please state the date it was lost and all actions taken in order to locate the note, pursuant to the provisions of R.I.G.L. 6A-3-309.

**ANSWER**    No.

1019463\309689527.v1

As to objections:

> Respectfully submitted,
>
> U.S. BANK N.A., AS TRUSTEE FOR THE
> REGISTERED HOLDERS OF THE
> STRUCTURED ASSET SECURITIES
> CORPORATION, STRUCTURED ASSET
> INVESTMENT LOAN TRUST, MORTGAGE
> PASS-THROUGH CERTIFICATES, SERIES
> 2003-BC11
>
> By: Its Attorney
>
> /s/ *Samuel C. Bodurtha*
> Samuel C. Bodurtha, Bar No. 7075
> HINSHAW & CULBERTSON LLP
> 56 Exchange Terrace, 5th Floor
> Providence, RI 02903
> Tel: 401-751-0842/Fax: 401-751-0072
> Email: sbodurtha@hinshawlaw.com

Dated:      February 2, 2022

14

1019463\309689527.v1

AS TO RESPONSES:

## **VERIFICATION**

The foregoing interrogatory answers are true and accurate to the best of my knowledge and belief and were made from the regularly kept business records of Ocwen Financial Corporation, whose wholly owned subsidiary is PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, the loan servicer and attorney-in-fact for U.S. Bank as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-B11

By: _____
Name: Howard R. Handville


State of Florida           )
                           ): ss
County of Broward          )

BEFORE ME, the undersigned authority, personally appeared Howard R, Handville, Senior Loan Analyst of Ocwen Financial Corporation, who, being first duly sworn, under oath, deposes and says that the attached Answers to Interrogatories propounded on the 31st day of January, 2022, are true and correct to the best of his knowledge, and belief and that he has read the Answers and knows the contents thereof. He has produced a valid Florida Driver's License as identification.

WITNESS my hand and official seal this 31st day of January, 2022.

_____
Print Name: Jelani Williams
Notary Public, State of Florida
My Commission Expires: 6/30/2025



JELANI WILLIAMS
Commission # HH 147487
Expires June 30, 2025
Bonded Thru Budget Notary Services

15

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that this document was served on all counsel this case via e-mail and U.S. Mail on February 2, 2022.

/s/ *Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar #7075

16

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

U.S. BANK N.A., AS TRUSTEE FOR THE
REGISTERED HOLDERS OF THE
STRUCTURED ASSET SECURITIES
CORPORATION, STRUCTURED ASSET
INVESTMENT LOAN TRUST, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES
2003-BC11,

        Plaintiff,

v.

MASOUD SHAKOORI-NAMINY a/k/a
MASOUD SHAKOORI, BRENDA SHAKOORI-
NAMINY, WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS SUCCESSOR TRUSTEE
TO CITIBANK, N.A. AS TRUSTEE FOR BEAR
STEARNS SECOND LIEN TRUST 2007-SV1,
MORTGAGE-BACKED CERTIFICATES,
SERIES 2007-SV1, HERITAGE CONCRETE
CORP., THE FIREPLACE LLC, STEPHEN E.
MOTTAU and HALLINAN CAPITAL
CORPORATION,

        Defendants.

C.A. No. 17-CV-00394-WES-LDA

### U.S. BANK, N.A., AS TRUSTEE'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION

The Plaintiff, U.S. Bank, N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 ("U.S. Bank, N.A., as Trustee"), provides the following supplemental response to Defendant, Masoud Shakoori-Naminy a/k/a Masoud Shakoori's ("Shakoori-Naminy" or "Defendant") Request for Production:

**REQUEST NO. 1:**   Copies of the mortgage loan file and custodial file of the Defendant's loan.

**RESPONSE:** U.S. Bank, as Trustee is in possession of the collateral file, which is available to the Defendant for review and copy at Defendant's request.

**REQUEST NO. 2:**    Copies of any documents of the tracking of the Defendant's loan file from origination to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to the request as overly broad, unduly burdensome and irrelevant to the claims and defenses of this case. Further answering, please see all documents attached as *Exhibit A.*

**REQUEST NO. 3:**    Produce the original Promissory Note alleged to have been signed by Defendant to Option One.

**RESPONSE:** U.S. Bank, as Trustee has the original Promissory Note and it is available to the Defendant to review at his request.

**REQUEST NO. 4:**    Produce any allonge or transfer of the note.

**RESPONSE:** U.S. Bank, as Trustee has the original Allonge to the Promissory Note and it is available for review at Defendant's request.

**REQUEST NO. 5:**    Produce any power of attorney granted by LaSalle Bank, N.A. to Homeward Residential, Inc. to sign the purported Assignment of Mortgage dated February 22, 2013.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to the claims and defenses of this case. U.S. Bank, as Trustee is attempting to find the power of attorney granted by LaSalle Bank and will provide once obtained.

**SUPPLEMENTAL RESPONSE:** Upon further review, U.S. Bank, as Trustee is unable to locate the power of attorney in question.

1019463\309939587.v1

**REQUEST NO. 6:**   Produce any Power of Attorney granted by US Bank, to Ocwen to sign the purported Assignment of Mortgage dated October 22, 2014.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to the claims and defenses of this case. Further answering, please see documents attached hereto as *Exhibit B*.

**REQUEST NO. 7:**   Any documents indicating that the Defendant's loan has ever been included in a pool of loans belonging to a securitized trust.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claims or defenses in this case. Further answering, please see the pooling and servicing agreement attached as *Exhibit C*.

**SUPPLEMENTAL RESPONSE:** Please see the following produced documents (1) Assignment and Assumption Agreement between Lehman Brothers Bank, FSB and Lehman Brothers Holdings, Inc. (Bates 000001-000210); (2) Mortgage Loan Sale and Assignment Agreement between Lehman Brothers Holdings, Inc. [seller] and Structured Asset Securities Corporation [purchaser] (Bates 000211-000241); (3) October 1, 2003 Trust Agreement for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates Series 2003-BC11 (Bates 00014-210); (4) LaSalle Bank, N.A.'s June 24, 2009 resignation as trustee (Bates 000442); (5) U.S. Bank N.A.'s appointment as trustee (Bates 000431-441); and (6) Schedule of Loans transferred into trust (Bates 000272-000277).[1]

**REQUEST NO. 8:**   Produce all assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or

---

[1] The Schedule of Loans produced is redacted so that only Defendant's loan is listed among all of the loans included in the trust.

3

other document that secures payment by Defendant to this obligation in this account from the inception of this account to the present date.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad, unduly burdensome, and irrelevant to any claim or defense of this case. Further answering, please see U.S. Bank, as Trustee's response to Requests No. 1-4 in addition to the exhibits attached to U.S. Bank, as Trustee's Amended Complaint as Exhibits 26-1, 26-2, 26-24, and 26-25.

**SUPPLEMENTAL RESPONSE:** Please see U.S. Bank, as Trustee's Supplemental Response to Request No. 7.

**REQUEST NO. 9:**   Produce all letters, statements and documents sent to Plaintiff by Ocwen or any other loan servicer acting on behalf of US Bank.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad, unduly burdensome and irrelevant to the claims and defenses of this case. Further answering, please see documents attached as *Exhibit D*.

**REQUEST NO. 10:** Produce all letters, statements and documents contained in the account file of Defendant or imaged by Ocwen, any servicers or subservicers of this mortgage from the inception of this account to the present date. If none, state "none."

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad unduly burdensome and irrelevant to the claims and defenses of this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 9.

**REQUEST NO. 11:** Produce all electronic transfers, assignments and sales of the note or asset, mortgage, deed of trust or other security instrument. If none, state "none".

1019463\309939587.v1

**RESPONSE:** U.S. Bank, as Trustee objects to this request on grounds of vagueness, ambiguity and irrelevancy to the claims and defenses of this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 8.

**REQUEST NO. 12:** Produce all copies of property inspection reports, appraisals, **BPO** s and reports done on the property of Defendant. If none, state "none".

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad, unduly burdensome and irrelevant to the claims and defenses of this case. Further answering, please see documents attached as *Exhibit E*.

**REQUEST NO. 13:** Copies of an executed copy of the Trust Agreement for any securitized trust which has ever held Defendant's loan, including the Loan schedules.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to the claim or defense in this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 7.

**SUPPLEMENTAL RESPONSE:** Please see U.S. Bank, as Trustee's Supplemental Response to Request No. 7.

**REQUEST NO. 14:** Copies of an executed copy of any loan purchase agreement, including the Defendant's loan, executed by any entity including the loan schedules.

**RESPONSE:** U.S. Bank, as Trustee objects to the request as irrelevant to any claim or defense in this case.

**SUPPLEMENTAL RESPONSE:** Please see U.S. Bank, as Trustee's Supplemental Response to Request No. 7.

**REQUEST NO. 15:** Any documents showing a chain of transfer of the note and mortgage and other mortgage documents from the Originator to the present owner of the note and mortgage.

1019463\309939587.v1

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad, unduly burdensome and irrelevant to any claim or defense in this case. Further answering, please see documents attached as *Exhibit F*.

**REQUEST NO. 21:**  Any documents indicating the owner of the note and the mortgage on the following dates: December 15, 2008, July 15, 2011, February 22, 2013 and October 22, 2014.

**RESPONSE:** U.S. Bank, as Trustee objects to the request as overly broad and unduly burdensome. Further answering, U.S. Bank, as Trustee has appended all documents demonstrating ownership of the Defendant's mortgage loan as exhibits to the Amended Complaint.

**SUPPLEMENTAL RESPONSE:** Please see U.S. Bank, as Trustee's Supplemental Response to Request No. 7.

**REQUEST NO. 22:**  Any default letter sent to the Defendant pursuant to the terms of the mortgage.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad and unduly burdensome. Notwithstanding and without waiving objection, attached as *Exhibit G* please find November 2014 Notice of Default sent to Defendant.

**REQUEST NO. 23:**  Any acceleration letter sent to the Defendant pursuant to the terms of the mortgage.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant and on grounds that the request assumes an acceleration letter is required under the terms of the mortgage. Further answering, attached as *Exhibit H* please find September 16, 2016 Notice of Acceleration.

**REQUEST NO. 24:**  Any Notice of foreclosure sale sent to the Defendant pursuant to the terms of the mortgage.

1019463\309939587.v1

**RESPONSE:** U.S. Bank, as Trustee objects to this request as overly broad and unduly burdensome. Notwithstanding that objection, Attached as *Exhibit I* please find September 23, 2016 notice of foreclosure sale.

**REQUEST NO. 25:** Any notice sent to the Defendant pursuant to RIGL 34-27-3.1.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Notwithstanding, this objection U.S. Bank, as Trustee is attempting to locate the referenced documents and will provide at that time.

**SUPPLEMENTAL RESPONSE:** U.S. Bank, as Trustee has not initiated a foreclosure sale at this point such this request is irrelevant.

**REQUEST NO. 26:** Any and all documents that US Bank used to answer any interrogatories or the request for admissions in this case.

**RESPONSE:** All documents U.S. Bank, as Trustee relied upon to answer interrogatories and requests for admission are attached to this discovery response and/or appended as exhibits to U.S. Bank, as Trustee's Amended Complaint.

**SUPPLEMENTAL RESPONSE:** Please sell all documents attached hereto as 000001-000448.

**REQUEST NO. 27:** Any documents upon which US Bank authorized Ocwen to send the Defendant a default letter.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claims or defenses in this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 7 and all documents concerning servicing of loan appended to U.S. Bank, as Trustee's Amended Complaint.

**REQUEST NO. 28:** Any documents indicating the possession and location of the mortgage note from the date of the Defendant's closing to the present.

1019463\309939587.v1

**RESPONSE:** U.S. Bank, as Trustee objects to this request and irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 29:** A copy of all documents executed in regard to the securitization of the Defendant's loan.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claims or defenses in this case. Further answering, please see U.S. Bank, as Trustee's response to Request No. 7 and all documents concerning servicing of loan appended to U.S. Bank, as Trustee's Amended Complaint.

**SUPPLEMENTAL RESPONSE:** Please see U.S. Bank, as Trustee's Supplemental Response to Request No. 7.

**REQUEST NO. 30:** Any and all documents indicating the identity of each person whom US Bank expects to call as an expert witness at trial along with any documents indicating the subject matter on which the expert is expected to testify and any and all documents indicating the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for such an opinion.

**RESPONSE:** U.S. Bank, as Trustee does not intend to call any expert witnesses at this time but reserves the right to amend the response as necessary.

**REQUEST NO. 31:** Any Custodial Agreement between US Bank and the Custodian of the collateral file.

**RESPONSE:** U.S. Bank, as Trustee objects to the request as irrelevant to any claim or defense to this case. Further answering, U.S. Bank, as Trustee has possessed the original note at

1019463\309939587.v1

all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 32:**  Any custodial agreement from the origination of the mortgage loan executed by any custodian of the collateral file for the mortgage loan.

**RESPONSE:** U.S. Bank, as Trustee objects to the request as irrelevant to any claim or defense to this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 33:**  The electronic and paper log for the collateral file, including but not limited to any records indicating each time that the Defendant's note was removed from the collateral file and each time documents were added to the collateral file since origination.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 34:**  Copies of any documents of the tracking of the Defendant's loan file from origination to the present.

**RESPONSE:**  U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 35:** All documents indicating the Custodian of Defendant's loan documents from origination to the present.

1019463\309939587.v1

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 36:** Any documents indicating the log in and log out record of the vault or any location where the Defendant's collateral file and Promissory Note has been located from origination to present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 37:** Copies of all requests for release of documents from the custodian to the entity receiving the mortgage loan file which includes proof of mailing.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 38:** Inventory and transaction logs of the mortgage loan file.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

1019463\309939587.v1

**REQUEST NO. 39:** Printed and electronic inventory of collateral loan file from Custodian.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 40:** Bar Code Chart for Defendant's loan with definitions.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 41:** All stored electronic data regarding the Bar Codes with all metadata.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 42:** Complete Collateral File tracking history from Custodian.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 43:** The electronic index to the custodian file.

1019463\309939587.v1

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 44:** The paper index for the custodian file.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**REQUEST NO. 45:** Any and all documents upon which you base any denials of any of Defendant's affirmative defenses.

**RESPONSE:** Please see all documents appended to U.S. Bank, as Trustee's Amended Complaint and all documents produced in response to Defendant's Interrogatories and these Requests for Production.

**SUPPLEMENTAL RESPONSE:** Please sell all documents attached hereto as 000001-000448.

**REQUEST NO. 46:** Any and all documents indicating the date and location of endorsement and transfer of the Defendant's note from origination to the present of the original note, including any allonges or endorsements to the note.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

1019463\309939587.v1

**REQUEST NO. 47:**  Any documents indicating the owner of the note or the mortgage from origination to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**SUPPLEMENTAL RESPONSE:** Please see U.S. Bank, as Trustee's Supplemental Response to Request No. 7.

**REQUEST NO. 48:**  Any documents indicating the sale of the note or the mortgage from origination to the present.

**RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, U.S. Bank, as Trustee has possessed the original note at all times, continues to possess the original note and will provide the Defendant access to that note at any time.

**SUPPLEMENTAL RESPONSE:** Please see U.S. Bank, as Trustee's Supplemental Response to Request No. 7.

**REQUEST NO. 49:**  The written reports of any and all expert witnesses, retained for trial, including the following information:

a. a complete statement of all opinions the witness will express and the basis and reasons for them;

b. the facts or data considered by the witness in forming them;

c. any exhibits that will be used to summarize or support them;

d. the witness's qualifications, including a list of all publications authored in the previous 10 years;

1019463\309939587.v1

e. a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

f. a statement of the compensation to be paid for the study and testimony in the case.

g. If an expert witness has been retained for trial, but has not submitted a report, the following documents are requested:

h. the subject matter on which the witness is expected to present evidence under Rule of Evidence 702, 703, or 705; and

i. a summary of the facts and opinions to which the witness is expected to testify.

   **RESPONSE:** U.S. Bank, as Trustee has not determined whether it will call an expert to testify and reserves the right to supplement this response.

   **REQUEST NO. 50:** An exact reproduction of the life of loan mortgage transactional history for this loan on the contractual system of record used by the servicer from origination of the loan to the date of this letter. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alphanumeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

   **RESPONSE:** U.S. Bank, as Trustee objects to this request as irrelevant to any claim or defense in this case. Further answering, please see document attached as *Exhibit J*.

1019463\309939587.v1

**SUPPLEMENTAL RESPONSE:** Please see the attached documents produced under 000242-000261.

Respectfully submitted,

U.S. BANK N.A., AS TRUSTEE FOR THE
REGISTERED HOLDERS OF THE
STRUCTURED ASSET SECURITIES
CORPORATION, STRUCTURED ASSET
INVESTMENT LOAN TRUST,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2003-BC11

By: Its Attorney

/s/ *Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace, 5th Floor
Providence, RI  02903
Tel: 401-751-0842/Fax: 401-751-0072
Email: sbodurtha@hinshawlaw.com

Dated:   February 2, 2022

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that on this 2nd day of February 2022, I served the foregoing U.S. Bank, N.A. as Trustee's Supplemental Response to Defendant's Request for Production to counsel of record by electronic mail and US Mail as follows:

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920
*jbelaw75@gmail.com*

/s/ *Samuel C. Bodurtha*
Samuel C. Bodurtha