UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11,<br><br>Plaintiff,<br><br>v.<br><br>MASOUD SHAKOORI-NAMINY a/k/a MASOUD SHAKOORI, BRENDA SHAKOORI-NAMINY, and SAND CANYON CORPORATION,<br><br>Defendants. | C.A. No. 1:17-cv-00394-WES-LDA |

**PLAINTIFF'S SUPPLEMENTAL TRIAL MEMORANDUM**

In accordance with the Court's April 19, 2002 order, the Plaintiff, U.S. Bank, N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-B11's ("U.S. Bank, as Trustee"), submits the following Supplemental Trial Brief in support of their request for equitable assignment of mortgage. Defendant, Masoud Shakoori-Naminy (the "Defendant"), provided trial testimony that supports U.S. Bank, as Trustee's proof of ownership of the mortgage, possession of the original promissory note, and overall demand for equitable relief.

TRANSFER OF THE MORTGAGE LOAN'S OWNERSHIP AND SERVICING

The Court has already admitted documentary evidence demonstrating that the July 16, 2003 mortgage loan Defendant obtained from Option One Mortgage Corporation (the "Mortgage Loan") was deposited into the Structured Asset Investment Loan Trust, Mortgage Pass Through Certificates Series 2003-BC11 (the "Trust"), including the Pooling and Servicing Agreement

establishing the Trust and the Mortgage Loan Schedule that identifies the Mortgage Loan as one of the 12,000 loans deposited into Trust in October of 2003. Documentary evidence further demonstrates the transfer of servicing on the Mortgage Loan from Option One Mortgage Corporation ("Option One") to American Home Mortgage Servicing, Inc. ("AHMSI") in 2008. Finally, documentary evidence demonstrates that U.S. Bank's predecessor trustee to the Trust was LaSalle Bank, N.A. The Defendant's trial testimony corroborates this documentary evidence.

While testifying regarding his 2008 loan modification agreement, the Defendant admits that American Home Mortgage Servicing, Inc. ("AHMSI") serviced the Mortgage Loan.

> Q. Okay. So your recollection, as you sit here today, is that American Home Servicing, Inc., was the mortgage loan servicer?
>
> A. For Option One, correct, that's what I was told.
>
> Q. Okay. And so when you were talking earlier about the agreement you entered into with Option One, it was actually an agreement that you entered into with American Mortgage Servicing as loan servicer for Option One?
>
> A. Correct.
>
> Q. Okay. So you will agree with me that in December of 2008, American Home Mortgage Servicing, Inc. was your mortgage loan servicer?
>
> A. Yes.
>
> ….
>
> Q. Okay. And following execution of the modification agreement you made payments to American Home Mortgage Servicing, Inc., on the modified mortgage loan, correct?
>
> A. Yes.
>
> Q. And you sent those payments directly to American Home Mortgage Servicing, Inc.; is that right?
>
> A. Actually, I have some of it to my attorney. He sent it in.
>
> Q. But the payments that you sent in, to the best of your recollection, those payments were sent to American Home Mortgage Servicing, Inc., right?

>   A. I guess, yes.

(Shakoori Trial Testimony, *Exhibit A* at pp. 58-59; 63-64.) The Defendant's own testimony provides an admission of the mortgage loan servicer, AHMSI, that acquired servicing rights on his Mortgage Loan from Option One.

The Defendant's testimony concerning his bankruptcy filings provides further admission concerning the the Trust's acquisition of the Mortgage Loan as well as servicer transfer to AHMSI. The Defendant confirmed that he listed AHMSI as a creditor in his 2012 bankruptcy because AHMSI was the mortgage loan servicer, and that he listed LaSalle Bank, N.A., as his creditor on the advice of counsel.

>   Q. You agreed to the name American under creditor number one because you knew that your mortgage loan servicer was American Home Mortgage Servicing, Inc., right?
>
>   A. What day is this? What year is this document?
>
>   Q. This is filed in connection with your 2012 bankruptcy.
>
>   A. Yes. They were the servicer.
>
>   Q. Okay. And you put in parentheses LaSalle Bank, N.A. because you knew that LaSalle Bank, N.A. as the holder of your mortgage correct?
>
>   >   MR. ENNIS: Objection, your Honor. That is asking him a legal question about the holder of the mortgage.
>   >
>   >   THE COURT: Overruled. He can answer if he knows the answer to the question. Go ahead. Answer the question.
>   >
>   >   THE WITNESS. Again, Sam – I apologize. I don't know your last name – you keep referring to the I put that in parentheses. I did not know. I'm not an attorney. I just followed by attorney's advice. So I gave the documents that they asked for, foreclosure paperwork, and this was the gentleman typed. And when I sent there, he says these are the names of who you owe money to and I signed the paperwork.
>
>   Q. Okay. So the advice of your bankruptcy counsel was to list LaSalle Bank N.A. as creditor in your bankruptcy case?
>
>   A. My attorney did that, correct.

> Q. And on his advice, you signed this schedule D?
>
> A. That's correct.
>
> Q. Under the penalties and pains of perjury?
>
> A. Yes.

(Shakoori Trial Testimony, Ex. A at pp. 72-74.)

The Defendant's testimony concerning his 2015 bankruptcy also confirmed that servicing of his Mortgage Loan changed from AHMSI to Ocwen Loan Servicing:

> Q. All right. Under creditor's name, you listed Ocwen Mortgage Company, right?
>
> A. Yes.
>
> Q. Now you listed Ocwen because Ocwen was your mortgage loan servicer, right?
>
> A. Yes. The attorney listed, not I.
>
> Q. But the attorney listed it based upon the information that you provided, right?
>
> A. That's correct.
>
> Q. And you signed this Schedule D under the penalties of perjury, right?
>
> A. That's correct.
>
> Q. So you knew at the time you signed this document that Ocwen Mortgage Servicing was your mortgage loan servicer, right?
>
> A. That's correct.
>
> ….
>
> Q. And there's no doubt in your mind that when you got the discharge order, that Ocwen Loan Servicing, Ocwen Mortgage Company, was your mortgage loan servicer?
>
> A. Yes.

(Shakoori Trial Testimony, Ex. A at pp. 95-96, 104.) In both the 2012 and 2015 bankruptcies, the Defendant signed pleadings that included information to show his mortgage lender (LaSalle Bank)

and that his mortgage loan servicer had changed from AHMSI to Ocwen. These admissions in testimony match the transfer of the Mortgage Loan and the loan's servicing.

While the Defendant attempts to argue that U.S. Bank, as Trustee cannot own the Mortgage Loan, the Defendant was unable to identify any other entity that might own this loan:

> Q. Have there been any other entities beyond the ones that we have discussed today that have attempted to collect this debt, this Option One mortgage, against you?
>
> A. Whatever letters I received, I brought it to my attorneys.
>
> Q. Okay. Let me ask it to you in a different way. You haven't received a collection letter or a demand letter from any entity, not lawyers, any entity other than the ones we've discussed today?
>
> A. No.
>
> Q. And you haven't received any foreclosure notices from any entity other than the ones we've discussed today?

(Shakoori Trial Testimony, Ex. A at pp. 106-108.) The Defendant could not identify any other entity beyond those discussed, LaSalle Bank, N.A., AHMSI and Ocwen, who had pursued him in default on the Mortgage Loan. Overall, the Defendant's own testimony demonstrates his knowledge, his awareness, and his admission under oath that the Mortgage Loan was sold and transferred into the Trust and that servicing on the Mortgage Loan transferred from Option One to AHMSI and then to Ocwen.

## POSSESSION OF THE PROMISSORY NOTE

At trial, the Defendant reviewed the original promissory note he signed at closing of the Mortgage Loan and confirmed his signature.

> Q. Okay. Do you have any reason to doubt that the document you're holding is the original promissory note that you signed?
>
>   MR. ENNIS: Objection, your Honor. How can he establish the original nature of a document? He can ask him is that your signature, but they're trying to authenticate the note through my client, including the allonge.

   THE COURT: I understand your objection. It's overruled. He can testify, and he has testified that the documents are identical. I don't know that he can do more than that.

   MR. BODURTHA: My question was whether Mr. Shakoori has any reason to doubt that that's the original promissory note he signed in 2003.

   THE COURT: All right. So the objection is noted and overruled. You may answer that question.

   THE WITNESS: The last page, allonge to note. I have never seen that.

Q. Okay.

A. This is the first time.

A. Okay. So you didn't see that when you signed the promissory note?

A. Correct.

Q. Okay.

A. I have not.

Q. How about the tree pages that precede the allonge? Are those – do you have any reason to doubt that hose are the original document pages that you initialed and you signed when you obtained the loan from Option One?

A. It appears, except the original looks like it was copied.

The Defendant's affirmation of his signature on the original promissory note leaves no doubt the that U.S. Bank, as Trustee holds the original promissory note for which repayment is secured by the mortgage that U.S. Bank, as Trustee seeks equitable assignment in this case.

EQUITABLE FACTORS

Throughout trial, the Court has noted that the nature of this proceeding to determine whether U.S. Bank, as Trustee should receive an assignment of mortgage so that U.S. Bank, as Trustee can proceed with a foreclosure is equitable. As a result, U.S. Bank, as Trustee's claim is determined by a balance of the equities; weighing the hardships to either side and with relief only granted in the absence of and adequate legal remedy. *Chavers v. Fleet Bank (RI), N.A.*, 844 A.2d

666, 679 (R.I. 2004). The Defendant's own testimony demonstrates the need for equitable relief in the assignment of the Mortgage Loan to U.S. Bank, as Trustee. First, while the Defendant has objected to the assignment of mortgage and transfer of the Mortgage Loan, the Defendant admits that he has not made a mortgage loan payment in more than ten years:

> Q. Is it fair to say that you've lived at the property located at Ten Rod Road for over ten years without making a monthly mortgage loan payment?
>
> A. The answer is yes.
>
> Q. And you would concede that during the entirety of that time you have had a mortgage on the property securing repayment of the loan that you obtained in 2003, correct?
>
> A. Answer is yes; not to the amount that you claim.
>
> Q. Okay. But you're agreeing with me that you owe money on a mortgage loan that you haven't paid in over ten years, right?
>
> A. I though I just answered that question.
>
>> THE COURT: Well, you can answer it again. There's no harm.
>>
>> THE WITNESS: So yes.

(Shakoori Trial Testimony, Ex. A at pp. 66-67.)

Second, the Defendant admits that he *has* only disputed and *is* only disputing the amount he owes on the Mortgage Loan. First, in in response to testimony concerning his 2012 bankruptcy filing, the Defendant explained that he did not object and was not disputing LaSalle Bank, N.A.'s ownership of the Mortgage Loan:

> Q. In between the column "Amount of Claim Without Deducting Value of Collateral" and the column "Date Claim was Incurred," there are three small narrow columns. You see those right?
>
> A. Okay.
>
> Q. And one column is listed as "Contingent," another one is "Unliquidated" and another is "Disputed." Do you see those?
>
> A. Yes.

> Q. Okay. You didn't check the box for "Disputed," did you?
>
> A. I don't know the law. My attorney prepare this.
>
> Q. Your attorney prepared it and you signed it, sir –
>
> A. Correct.
>
> Q. –but you didn't check the box for "Disputed" on this loan?
>
> A. Okay.
>
> Q. That's true, right?
>
> A. Yes. I don't see a check there.
>
> …
>
> Q. Okay. So you weren't disputing the identification of creditor number one as American and in parentheses LaSalle Bank N.A.?
>
>> MR. ENNIS: Your Honor, another objection. My brother knows that Bank of America took over LaSalle Bank N.A. in October of 2007 and that LaSalle Bank N.A. was no longer the trustee of this trust after that date. That is five years later.
>>
>> THE COURT: Okay. That may all be true, but that has really nothing to do with what he put on the form as his recitation of what his debts were. So that may or may not be relevant. I don't think it is, but if that's an objection, it's overrule.
>>
>> MR. BODURTHA: Is there a question pending?
>>
>> (Record read)
>
> Q. Mr. Shakoori?
>
> A. No.

(Shakoori Trial Testimony, Ex. A at pp. 76-77.) The Defendant confirmed that he never filed any objection to the holder of the Mortgage Loan in his 2012 bankruptcy:

> Q. Mr. Shakoori, to the best of your knowledge, you never filed an objection in the 2012 bankruptcy proceeding to the holder of mortgage?
>
> A. I was under the impression my lawyer was handling that sir.
>
> Q. Okay, sir. But you've never seen, and to the best of your knowledge, no objection to the holder of the mortgage that was filed in connection with your 2021 bankruptcy proceeding?

A. I have never seen paperwork, if that's what you're asking me.

(Shakoori Testimony, Ex. A at p. 91.)

While testifying concerning his 2015 bankruptcy, the Defendant explained the reason for disputing the Proof of Claim:

Q. Now, unlike the 2012 bankruptcy, in this one, your lawyer checked the box "Disputed." Do you see that?

A. Yes.

Q. Do you have an understanding of why that "Disputed" box was checked?

> MR. ENNIS: Objection. Your Honor.
>
> THE COURT: Overruled. He can answer.
>
> THE WITNESS: Can you clarify your question, please.

Q. Sure. Do you have an understanding, as you sit here today, as to why your lawyer checked the box "Disputed"?

> MR. ENNIS: Your Honor, to the extent –
>
> THE COURT: Overruled. No more speaking. I want him to answer the question.
>
> THE WITNESS: I explained all my problems to him so he put it disputed. I'm disputing with that figure.

Q. You're disputing the amount?

A. All this argument is dispute – about how much I owe the mortgage company.

Q. Okay. So you weren't disputing who was holding your mortgage loan?

A. All my fight, as far as I know, has been Option One and whoever else was handling their servicing after they filed bankruptcy.

Q. Okay. But the question I'm asking you. I'm trying to isolate what the dispute was over, you're testifying that your dispute was the amount you owed.?

A. Correct.

1019463\310592891.v1

(Shakoori Trial Testimony, Ex. A at pp. 97-99.) Finally, while testifying concerning his present defense to this case, the Defendant confirmed that his dispute over the Mortgage Loan arose from the amount he owes, and not based upon who owns the Mortgage Loan:

> Q. So as you sit here today, the source of your dispute is the amount of money that you owe on the mortgage?
>
> A. Yes.
>
> Q. And the dispute can be resolved by providing you with an accounting of the loan, right?
>
> A. With a proper accounting of the note, yes.
>
> Q. A proper accounting of the loan?
>
> A. Correct.

(Shakoori Deposition, Ex. A at p. 104)

According to the Defendant's own testimony, he has not and does not even dispute the owner of the Mortgage Loan. He also admits to a default on the Mortgage Loan for more than 10 years. These facts are not in dispute, at least according to the Defendant's own testimony, and demand relief in the form of an equitable assignment of mortgage in favor of U.S. Bank, as Trustee.

Respectfully submitted,

U.S. BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11

By: Its Attorney

/s/ *Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
401-751-0842
401-751-0072  (facsimile)

Dated: May 6, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Samuel C. Bodurtha*
Samuel C. Bodurtha #7075

1019463\310592891.v1