Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA    Document 90-3    Filed 12/14/22    Page 1 of 9 PageID #: 3442

STATE OF RHODE ISLAND                    SUPERIOR COURT
KENT, SC

THOMAS HAGGERTY
SUSANNAH BLOOD
    Vs

US BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR STRUCTURED ASSET INVESTMENT
LOAN TRUST MORTGAGE PASS THROUGH
CERTIFIEDS, SERIES 2005-4
PHH MORTGAGE CORPORATION

### AFFIDAVIT OF THOMAS HAGGERTY AND SUSANNAH BLOOD IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

Thomas Haggerty and Susannah Blood, under oath, state the following under the pains and penalties of perjury:

1. We are the Plaintiffs in this case and reside at our home lcated. Plaintiffs are residents of the State of Rhode Island with an address of 7 Nichols Road, South Kingstown, Rhode Island. We own said real estate located at 7 Nichols Road, South Kingstown, Rhode Island.

2. Plaintiffs executed a promissory note to Option One Mortgage Corporation on December 30, 2004.

3. A copy of this note which came with the closing package our attorney received for the closing for this loan is attached as Exhibit A. This Adjustable Rate Note contained a a purported Allonge with a purported

1

Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA    Document 90-3    Filed 12/14/22    Page 2 of 9 PageID #: 3443

blank endorsement, which was executed prior to us signing the note and prior to the closing. This allonge was dated December 30, 2004 and was transmitted to our attorney Medicie and Sciacca with the closing documents we signed on December 30, 2004 in Johnston, Rhode Island.

4. This loan was a refinance of a prior mortgage for our personal residence and we were given a three business day right of recission with the mortgage recorded on January 6, 2005.

5. Interest began accruing on this loan on January 6, 2005.

6. As security for this note Plaintiffs executed a mortgage to Option One Mortgage Corporation on December 30, 2004. A copy is attached as Exhibit B.

7. Defendant, US Bank National Association as trustee for Structured Asset Investment Loan Trust. Mortgage Pass-Through Certificates, Series, 2005-4 ("US Bank") claims to own Plaintiffs' mortgage and note.

8. However this entity has never been assigned the mortgage.

9. On March 26, 2009, Patricia A. Davis purportedly on behalf of Sand Canyon Corporation, which was the former Option One Mortgage Corporation via a name change, signed a document referenced as an Assignment of Mortgage.

Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA    Document 90-3    Filed 12/14/22    Page 3 of 9 PageID #: 3444

10. A copy of this purported assignment is attached as Exhibit C.

11. However prior to this date, Sand Canyon Mortgage Corporation did not own Plaintiffs' mortgage and had nothing to assign.

12. Exhibit D is a copy of an affidavit signed by Dale Sugimoto, President of Sand Canyon Corporation on March 18, 2009.

13. In this affidavit, Dale Sugimoto testified under oath in the United States Bankruptcy Court for the Eastern District of Louisiana.

14. In this affidavit, Dale Sugimoto testified under oath that Sand Canyon Corporation f/k/a Option One Mortgage Corporation no longer owned any mortgages.

15. He also testified that effective April 30, 2008 that Sand Canyon Corporation no longer possessed any servicing rights as to mortgages.

16. As a result this purported mortgage assignment was void and did not convey the mortgage or note to American Home Mortgage Servicing, Inc.

17. Subsequently another purported assignment of mortgage was executed by Homeward Residential, Inc. to US Bank, dated September 7, 2012. A copy is attached as Exhibit E.

18. This document did not convey our mortgage because the so-called Sand Canyon assignment was void and it did not follow the statutory scheme for assignments.

Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA    Document 90-3    Filed 12/14/22    Page 4 of 9 PageID #: 3445

19. Sarah Hix did not sign this document and was not a Vice President of Homeward Residential, Inc. but was an employee of Security Connections, Inc.

21. PHH Mortgage Corporation ("PHH") is a Delaware Corporation.

22. PHH is a debt collector and asserts that it is the loan servicer for our mortgage.

23. The primary business of PHH is the collection of debts.

24. PHH regularly collects debts for mortgagees and other entities.

25. When PHH commenced servicing of this mortgage loan, the mortgage loan was delinquent.

26. When Ocwen Loan Servicing, LLC ("Ocwen") commenced servicing of Plaintiff's mortgage loan, the mortgage loan was delinquent, owing late fees and prior servicer fees.

27. Ocwen merged with PHH so that PHH became the surviving entity, which serviced the Plaintiffs' loan.

28. Orlans PC ("Orlans") on April 13, 2022 scheduled a foreclosure sale for our home on June 3, 2022 at 2:00 PM, pursuant to R.I.G.L. 34-27-4.

29. A copy of this notice of sale is attached as Exhibit F.

30. This Notice claims that the foreclosure sale will occur pursuant to power of sale and by entry.

Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA    Document 90-3    Filed 12/14/22    Page 5 of 9 PageID #: 3446

31. No person signed this Notice on behalf of either Orlans or US Bank.

32. This Notice of Sale was not mailed by Certified Mail Return Receipt Requested as required by R.I.G.L. 34-27-4(b). Rather it was mailed by Regular mail and by Certified Mail Electronic Receipt which is a type of mail different from Certified Mail Return Receipt Requested.

33. Orlans mailed this Notice in this manner in order to save less than $1.00 on each mailing.

34. It regularly mails Notices of Sale by Certified Mail Electronic Receipt in order to save on the mailing costs of foreclosures.

35. R.I.G.L. 34-27-4(b) states:

(b) Provided, however, that **no notice shall be valid or effective unless the mortgagor has been mailed written notice of the time and place of sale by certified mail return receipt requested** at the address of the real estate and, if different, at the mortgagor's address listed with the tax assessor's office of the city or town where the real estate is located or any other address mortgagor designates by written notice to mortgagee at his, her, or its last known address, at least twenty (20) days for mortgagors other than individual consumer mortgagors, and at least thirty (30) days for individual consumer mortgagors, days prior to the first publication, including the day of mailing in the computation. The mortgagee shall include in the foreclosure deed an affidavit of compliance with this provision.

Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA   Document 90-3   Filed 12/14/22   Page 6 of 9 PageID #: 3447

36. Orlans on behalf of Us Bank mailed what purports to be an acceleration notice dated May 8, 2020.

37. A copy is attached as Exhibit G.

38. This is the only purported acceleration notice that we have received.

39. When PHH claims to have accelerated the note on May 8, 2020, US Bank and PHH's attorney, Orlans deceptively told us contrary to the terms of the mortgage, that:

You may have the right to reinstate the Mortgage Loan . .

Any right you may have to reinstate your Mortgage Loan

40. Our home has a value of close to $500,000.00 and we owe $270,000.00 on this loan.

41. We have applied to Rhode Island Housing for the Homeowner's Assistance Fund, which would pay the past due arrearage to PHH Mortgage if they would wait for Rhode Island Housing to finish processing the application, which was timely filed.

42. PHH Mortgage is aware of this program, which is available due to Covid funds provided to the State of Rhode Island.

43. The failure of US Bank to strictly comply with the terms of the note and mortgage and without having been assigned the mortgage and without

Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA    Document 90-3    Filed 12/14/22    Page 7 of 9 PageID #: 3448

an endorsed note from Option One renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, by not using certified mail return receipt requested without having the contractual or statutory ability to conduct this foreclosure.

44. We will be irreparably harmed if the foreclosure sale that is scheduled for June 3, 2022 occurs and causes the sale of our home.

45. We have a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

46. The failure of the Defendant to comply with RIGL 34-27-3.2, 3.1 and the terms of our mortgage renders any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability.

47. These facts demonstrate that we have a substantial likelihood of success. Likewise a foreclosure of our property by a party not entitled to foreclose on the property will cause us irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.

48. Such relief sought by us will not disserve the public interest if imposed.

Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA    Document 90-3    Filed 12/14/22    Page 8 of 9 PageID #: 3449

49. US Bank and PHH Mortgage will be unjustly enriched if this sale proceeds.

50. We will be irreparably harmed if a third party buys our home and seeks to evict us.

52. Our attorney on Friday May 28, 2022 mailed a Fair Debt Collection Practices Act letter to Orlans PC, prior to any advertising of the foreclosure sale requesting that this sale not be advertised due to defects in the process.

52   Orlans PC has refused to cancel this sale.

53. We are requesting that this Court issue a Temporary Restraining Order restraining and Enjoining US Bank and any entity acting on its behalf from conducting a foreclosure sale on June 3, 2022 and from adjourning or continuing this sale.

THOMAS HAGGERTY

SUSANNAH BLOOD

Subscribed and sworn under the pains and penalties of perjury on June 1, 2022.

NOTARY PUBLIC



8

Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.