Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA    Document 90-4    Filed 12/14/22    Page 1 of 6 PageID #: 3451

Loan Number: 381018034          Servicing Number: 001505147-7          Date: 12/30/04

## ADJUSTABLE RATE NOTE
### (LIBOR Index - Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

7 NICHOLS RD, KINGSTON, RI 02881-1803
[Property Address]

1. **BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. $238,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
   Option One Mortgage Corporation, a California Corporation
   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
   Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest will be calculated on the basis of a 12-month year and a 30-day month. I will pay interest at a yearly rate of 7.400%. The interest rate I will pay may change in accordance with Section 4 of this Note.
   The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

3. **PAYMENTS**
   (A) Time and Place of Payments
   I will pay principal and interest by making payments every month.
   I will make my monthly payments on the first day of each month beginning on March 01, 2005
   I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on, February 01, 2035, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at Option One Mortgage Corporation P.O. BOX 92103 LOS ANGELES, CA 90009-2103
   or at a different place if required by the Note Holder.
   (B) Amount of My Initial Monthly Payments
   Each of my initial monthly payments will be in the amount of U.S. $1,647.86. This amount may change.
   (C) Monthly Payment Changes
   Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.
   (D) Application of Payments
   Payments received by the Note Holder will be applied in the following order: (i) prepayment charges due under this Note; (ii) amounts payable under paragraph 2 of the Security Instrument (defined below); (iii) interest due under this Note; (iv) principal due under this Note; and (v) late charges due under this Note.

4. **INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   (A) Change Dates
   The interest rate I will pay may change on the first day of February 01, 2007 and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."
   (B) The Index
   Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA   Document 90-4   Filed 12/14/22   Page 2 of 6 PageID #: 3452

Loan Number: 381018034      Servicing Number: 001505147-7      Date: 12/30/04

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.400% or less than 7.400%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than 13.400% or less than 7.400%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

5. **BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due, together with accrued interest. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

If within 12 Months from the date of execution of the Security Instrument I make a full prepayment or a partial prepayment, I will at the same time pay to the Note Holder a prepayment charge if authorized by state law. The prepayment charge will be equal to two percent (2%) of the balance due at date of such pay-off. In no event will such a charge be made if it violates state or federal law.

6. **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

7. **BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 6.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount, together with any other charges that I owe under this Note or the Security Instrument, except as otherwise required by applicable law.

**(C) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, whether or not a lawsuit is filed. Those expenses include, for example, reasonable attorneys' fees.

8. **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address

Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA    Document 90-4    Filed 12/14/22    Page 3 of 6 PageID #: 3453

Loan Number: 381018034        Servicing Number: 001505147-7        Date: 12/30/04

### 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 11. SECURED NOTE

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)         _____ (Seal)
SUSANNAH H BLOOD                       -Borrower                                              -Borrower

_____ (Seal)         _____ (Seal)
THOMAS P HAGGERTY                      -Borrower                                              -Borrower

_____ (Seal)         _____ (Seal)
                                       -Borrower                                              -Borrower

[Sign Original Only]

Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA     Document 90-4     Filed 12/14/22     Page 4 of 6 PageID #: 3454

Loan Number: 381018034    Servicing Number: 001505147-7    Date: 12/30/04

# ADJUSTABLE RATE RIDER
## (LIBOR Index - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made December 30, 2004 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to
  Option One Mortgage Corporation, a California Corporation
(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

7 NICHOLS RD, KINGSTON, RI 02881-1803

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

The Note provides for an initial interest rate of     7.400%    . The Note provides for changes in the interest rate and the monthly payments, as follows:

4.  INTEREST RATE AND MONTHLY PAYMENT CHANGES
    (A) Change Dates
    The interest rate I will pay may change on the first day of February 01 2007 and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

    (B) The Index
    Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market

Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA     Document 90-4     Filed 12/14/22     Page 5 of 6 PageID #: 3455

Loan Number: 381018034     Servicing Number: 001505147-7     Date: 12/30/04

be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 10.400% or less than 7.400%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than 13.400% or less than 7.400%

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Covenant 17 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and

Case Number: KC-2022-0402
Filed in Kent County Superior Court
Submitted: 6/2/2022 10:41 AM
Envelope: 3647359
Reviewer: Lindsay Z.

Case 1:17-cv-00394-WES-LDA    Document 90-4    Filed 12/14/22    Page 6 of 6 PageID #: 3456

Loan Number: 381018034    Servicing Number: 001505147-7    Date: 12/30/04

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____(Seal)        _____(Seal)
SUSANNAH H BLOOD                              THOMAS P HAGGERTY

_____(Seal)        _____(Seal)

_____(Seal)        _____(Seal)