UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS - SPRINGFIELD

================================
IN THE MATTER OF:                       .  Case #10-30175
                                        .
  LILIA SHAPOVAL                        .  Springfield, Massachusetts
                                        .  **August 5, 2010**
                         Debtor.        .  10:52:06 a.m. O'clock
================================

TRANSCRIPT OF HEARING ON:
(#32) MOTION OF WELLS FARGO BANK FOR RELIEF FROM STAY
(RE: 71-73 BEAUMONT STREET, SPRINGFIELD, MASS.)
BEFORE THE HONORABLE HENRY J. BOROFF, J.U.S.B.C.

**APPEARANCES**:

For the Debtor:                    LAIRD J. HEAL, ESQ.
                                   120 Chandler Street
                                   Worcester, MA 01609

For Wells Fargo Bank:              LAWSON WILLIAMS, ESQ.
                                   Korde & Associates
                                   321 Billerica Road
                                   Chelmsford, MA 01824-4100

Electronic Sound Recording Operator:  Laura Chambers

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Certified Transcription Service

---

GCI TRANSCRIPTION SERVICES
**210 Bayberry Avenue
Egg Harbor Township, NJ 08234-5901
1-609-927-0299     FAX 1-609-927-9768     1-800-471-0299**
e-mail - irwingloria@comcast.net

```
 1  (At 10:52:06 a.m.)
 2              MR. REYNOLDS:  Case #10-30175.  Lilia Shapoval.  A
 3  hearing on the motion of Wells Fargo Bank for relief from
 4  stay.
 5              MR. WILLIAMS:  Good morning, Your Honor.  Lawson
 6  Williams on behalf of Wells Fargo.
 7              MR. HEAL:  Good morning, Your Honor.  I'm Laird
 8  Heal for Lilia Shapoval, who is in the courtroom.
 9              MR. WILLIAMS:  Your Honor, as indicated in the
10  motion we have a debt of approximately $150,000 owed to my
11  client, together with the additional liens on the property.
12  The encumbrances total in excess of 155,000, with a valuation
13  of approximately $105,000.
14              Currently I have an arrearage, not including the
15  August payment, which is now due but not overdue, of
16  $3,713.63.  I've conferenced this matter with debtor's counsel
17  and the debtor in an effort to try to obtain a stipulation in
18  the usual terms of six months, which would end up, if I rolled
19  August into it, as basically a double payment for six months,
20  beginning sometime in September.
21              Apparently the debtor is unable to do that, and
22  based on that, Your Honor, we have no choice but to ask the
23  Court for relief from the automatic stay.
24              MR. HEAL:  Good morning, Your Honor.  And may it
25  please the Court.  The debtor right now is not receiving
```

Case 1:10-300394-WFS-48DA Filed 08/07/10 90 Entered 08/07/10 22:1:00:41 3 Desc 10 Main PageID
Document #: 3460 Page 3 of 10

Page 3

1  rental income, she's not receiving her child support; and
2  while she is inclined to pay this debt, without those she
3  doesn't have, you know, the cash flow.
4       During these pleadings the proof of claim was
5  submitted, and it was submitted with a note that bore no
6  evidence of an assignment.  After we raised the objection to
7  the claim, they had a response, and they discovered that there
8  was an allonge.  This allonge was not present in the debtor's
9  mortgage papers, so it's not clear what date this allonge
10 comes from, but it is clear that according to the ECF rules
11 it's a separate document.  You know, a -- by filing the note,
12 they represented that the note consisted of those pages.  And
13 under the UCC in order for an endorsement to be effective, the
14 allonge would have to be permanently and firmly affixed to the
15 rest of the document.
16      Among the pleadings, it says that they've taken
17 bailment of the original note, which could be inspected, but
18 considering that they have at least twice presented the note
19 and allonge as separate attachments to motions, I submit that
20 there is no adequate -- there is no effective endorsement of
21 that note -- at least not as of the petition date.
22      So the mortgage had been assigned from Option One to
23 Wells Fargo, but without the endorsement, the mortgage and the
24 note were bifurcated.  The note is the instrument of the debt.
25 The mortgage is a deed of trust to enforce the note, but if

**Page 4**

1 the owner of the mortgage does not own the note, they've got
2 no real interest to enforce; and thus, we have an unsecured
3 debt.

4     I realize that in order to avoid an interest in
5 property -- you know, an adversary proceeding would have to be
6 filed, and, you know, if this Court rules as a matter of a
7 *prima facie* case of whether the movant has no cause for relief
8 from stay, we'll file that.

9     Along with it I have noted in my pleadings that, you
10 know, the classic scenario of only one copy of the Notice of
11 Right to Cancel is in the debtor's mortgage papers, and I've
12 had those papers in my office for several years -- you know,
13 well before there was an intention to file the bankruptcy.

14     So for that reason I don't think that they have
15 grounds for relief from stay, and, you know, we intend to file
16 a plan where the debtor is paying her available income, and
17 she will do that to the plan's termination for the benefit of
18 the unsecured creditors, which, as far as I'm concerned, is
19 Wells Fargo and the rest of the unsecured creditors.  Thank
20 you, Your Honor.

21     MR. WILLIAMS:  I believe, Your Honor, the argument
22 just presented is a bit inconsistent with the proposal that
23 had been part of the Chapter 13 submittal; however, I will add
24 that there had been an objection, and there had been a
25 response to it, and the Court has a copy of our response to

```
 1  the objection with respect to the -- relating to this --
 2           THE COURT:   I'm afraid I don't.  Do you have
 3  another copy of it?
 4           MR. WILLIAMS:   I certainly can provide you with
 5  that, Your Honor.  The date of the response is June the 16th,
 6  and this had been continued several times, so that the docket
 7  should reflect --
 8           THE COURT:   Well, I have an objection by the
 9  debtor, but I don't have a further response from your office,
10  so I'm not doubting it's there.  I'm just saying it wasn't
11  delivered to me.
12           MR. WILLIAMS:   It -- it should be --
13           THE COURT:   If you'll give me a moment.
14           MR. WILLIAMS:   Thank you, Your Honor.
15      (Pause)
16           THE COURT:   Oh, because this is a -- this isn't a
17  response to the debtor's objection.
18           MR. WILLIAMS:   Separate document, Your Honor.
19           THE COURT:   To the -- right.  This is the response
20  to the objection to the proof of claim.
21           MR. WILLIAMS:   Exactly.
22           THE COURT:   That's why I don't have it, but hold
23  on.  (Pause) So -- okay, so Wells Fargo says, "Well, it's a --
24  it was endorsed in blank."
25           MR. WILLIAMS:   Correct, Your Honor.
```

```
 1            THE COURT:   But it's actually saying that the
 2   allonge was endorsed in blank.  And now Mr. Heal says that --
 3   Laura, give this back to Mr. Williams.  Mr. Heal says, "Well,
 4   that allonge cannot be separated from the note."
 5            So I guess the first question, Mr. Heal, is where
 6   can I find that provision of the Uniform Commercial Code?
 7            MR. HEAL:  I'm sorry, Your Honor.  I don't have the
 8   citation directly in front of me.
 9            THE COURT:  Okay.
10            MR. HEAL:  If you'll give me a moment, I could
11   probably find it in my pleadings.
12            MR. WILLIAMS:  I would indicate to the Court that
13   just as we indicated in our response, my office is in
14   possession of the original collateral file.  I have the
15   original note in front of me.  I have the original allonge in
16   front of me, so we're relying on the provisions of the UCC, as
17   indicated in the response, and the case law cited there.
18            THE COURT:  Well, I have a citation, Mr. Heal, in
19   your objection, from Section 3-204 of the Uniform Commercial
20   Code that says, quote:
21            "For the purpose of determining whether a signature
22            is made on an instrument, a paper affixed to the
23            instrument is part of the instrument."
24   Well, I understand that.  But it doesn't say that they cannot
25   be in two separate papers.
```

```
 1              MR. HEAL:    If the Court would like me to submit a
 2  memorandum on that, I certainly will.  I've researched the
 3  subject.
 4              THE COURT:   And you have case law that says that
 5  they must be attached?
 6              MR. HEAL:    I'm recalling that there was a case in
 7  the Southern District of New York in the Bankruptcy Court that
 8  said just that.
 9              THE COURT:   All right.  What's the position of your
10  client in that respect?   Do you concede that those documents
11  must be attached to one another?
12              MR. WILLIAMS:   Well, in fact, they are, Your Honor.
13              THE COURT:   They *are*.
14              MR. WILLIAMS:   Yeah.  I have both of them right
15  here -- the originals -- in my file.
16              THE COURT:    Well, have -- were they on the
17  petition date?
18              MR. WILLIAMS:   They would be, Your Honor; yes.
19              THE COURT:   Or did somebody in your office staple
20  them together?
21              MR. WILLIAMS:   The assignment of the mortgage, Your
22  Honor, that allowed us to proceed was -- was quite some time
23  ago, so, I mean, we had -- we had a recorded assignment.
24  Again, the case law that I'm referring to and that -- and the
25  response indicates that the note follows the mortgage.
```

```
 1              THE COURT:   Right, but that doesn't answer the
 2   question that Mr. Heal raises as to whether the -- whether the
 3   note and the allonge were affixed to one another.
 4              MR. WILLIAMS:   Well, perhaps an affidavit?
 5              THE COURT:   Well, I'm going to set this for
 6   evidentiary hearing because I think the -- well, before I do
 7   that, I'm going to take this under advisement for a short
 8   period of time to simply see whether I can reach a conclusion
 9   as to the statement of law that -- that Mr. Heal is urging
10   upon me.
11              If, in fact, -- if, in fact, I conclude that he was
12   correct, then the next question is was the -- is the allonge
13   attached; and if it is attached, when was it attached?  So --
14   and for that I'll need an evidentiary hearing.  So I'm going
15   to take this under advisement for a short period of time, at
16   least to get to the first part of that.
17              MR. HEAL:   Your Honor, would it be helpful if I
18   submit a memorandum of my authorities?
19              THE COURT:   Yes.  I think --
20              MR. HEAL:   Thank you, Your Honor.  I'll do that
21   within --
22              THE COURT:   I think it would be.  So how long
23   will you need?
24              MR. HEAL:   No more than ten days, Your Honor.
25              THE COURT:   All right, so taken under advisement,
```

Case 1:10-cv-00354-WES-LDA Document 48 Filed 08/07/19 Entered 08/07/19 10:41 Page 9 of 10 PageID #: 3466
Case 1:10-cv-00354-WES-LDA Document 48 Filed 08/07/19 Page 9 of 10

Page 9

```
 1  briefs to be filed within ten days.
 2           MR. WILLIAMS:   Clarifying that, Your Honor?
 3           THE COURT:    Do you need a longer period of time?
 4           MR. WILLIAMS:   Well, I guess -- I guess the
 5  question is, are we responding to the brief that he's
 6  submitting?
 7           THE COURT:   How long would you need to respond?
 8           MR. WILLIAMS:   Well, that's my question.  Are
 9  briefs being submitted simultaneously, or are we responding?
10           THE COURT:   Well, it seems to me that there's
11  really no need to respond.  The question is, what does
12  Massachusetts law say about whether the allonge needs to be
13  attached?   So --
14           MR. WILLIAMS:   We can submit that to the Court
15  simultaneously then.
16           THE COURT:   Within ten days.
17           MR. WILLIAMS:   That would be fine.
18           THE COURT:    I'm sorry?
19           MR. WILLIAMS:   Simultaneously with --
20           THE COURT:   Fine.  Right.  Briefs to be filed
21  within ten days.  So what's going to happen here is that if I
22  decide that Mr. Heal is incorrect, I'm going to grant relief
23  from the stay.  If I find that Mr. Heal is correct, I'm going
24  to set this for evidentiary hearing.  Okay?
25           MR. WILLIAMS:   All right, Thank you, Your Honor.
```

```
1        THE COURT:   Thank you.
2        MR. WILLIAMS:   Thank you, Your Honor.
3        THE COURT:   All right.  Take a short recess.
4  (End at 11:06:38 a.m.)
5              * * * * * * * * * * *
6        I certify that the foregoing is a true and accurate
7  transcript from the digitally sound recorded record of the
8  proceedings.
```

/s/ *Gloria C. Irwin*                                          8/7/2010

**GLORIA C. IRWIN**
**Certified Transcriber NJ AOC200**                            **Date**
     **Federal  CERT #122**
**GCI TRANSCRIPTION SERVICES**
**210 Bayberry Avenue**
**Egg Harbor Township, NJ  08234-5901**
**609-927-0299  1-800-471-0299**
   **FAX  609-927-9768**
**e-mail  irwingloria@comcast.net**
✔

#10-30175                                                      8-5-2010